IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KLAMATH IRRIGATION DISTRICT et al., | |
| Plaintiffs, | No. 01-591L |
| v. | Judge Diane Gilbert Sypolt |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**PLAINTIFFS' OPPOSITION TO JOINT MOTION OF *AMICI* AND APPLICANTS-FOR-INTERVENTION FOR LEAVE TO PRESENT ORAL ARGUMENT**

Plaintiffs oppose the motion of *amici curiae*, the Natural Resources Defense Council (NRDC) and Pacific Coast Federation of Fishermen's Association, Institute for Fisheries Resources, the Wilderness Society, the Klamath Forest Alliance, the Oregon Natural Resources Council, WaterWatch of Oregon, the Northcoast Environmental Center, and the Sierra Club (PCFFA) to present oral argument at the upcoming December 8, 2004 hearing on the parties' pending cross-motions for summary judgment. Plaintiffs oppose this motion because: (1) *amici* have presented no extraordinary reasons for participating in oral argument on the pending motions; (2) *amici* have had ample opportunity to present their views on the pending motions through both *amici curiae* briefs and response briefs; (3) granting the motion would prejudice the parties by focusing the Court on extraneous issues and taking argument time away from the parties; and (4) *amici*'s legitimate interests will be well represented by Defendant.

There is no right in this Court to file a brief *amici curiae*, much less to present oral argument as *amici curiae*. Although neither the Rules of this Court nor the Federal

Rules of Civil Procedure contemplate participation by *amici curiae*, the rules of the predecessor to this Court, the Court of Claims, did. Those rules provided that an *amicus curiae* brief could only be filed upon motion for leave or by consent of all the parties and an *amicus curiae* could not participate in oral argument except by leave of court, and then, only after giving "extraordinary reasons therefor." *Id*. at 548 n.1 (quoting Court of Claims Rule 145(c), 189 Ct.Cl. 85 (1969)). Similarly, the Federal Rules of Appellate Procedure, Rule 29, allow for the filing of an *amicus curiae* brief upon motion for leave or consent of the parties, but prohibit the filing of a reply brief or an *amicus curiae*'s participation at oral argument without special permission from the Court. Fed. R. App. P. 29. The advisory committee notes to Federal Rule of Appellate Procedure 29 state:

> **Subdivision (f).** This subdivision generally prohibits the filing of a reply brief by an amicus curiae. Sup. Ct. R. 37 and local rules of the D.C., Ninth, and Federal Circuits state that an amicus may not file a reply brief. The role of an amicus should not require the use of a reply brief.
>
> **Subdivision (g).** The language of this subdivision stating that an amicus will be granted permission to participate in oral argument "only for extraordinary reasons" has been deleted. The change is made to reflect more accurately the current practice in which it is not unusual for a court to permit an amicus to argue when a party is willing to share its argument time with the amicus. The Committee does not intend, however, to suggest that in other instances an amicus will be permitted to argue absent extraordinary circumstances.

Advisory Committee Notes, Fed. R. App. P. 29(f),(g); *see also* Charles Alan Wright & Arthur Miller, 16A *Federal Practice and Procedure, Jurisdiction and Related Matters* § 3975.1 (1999 & Supp. 2004) ("Rule 29(g) says that an amicus curiae may participate in the oral argument only with the court's permission. That is in contrast to the right of an intervenor to participate in the oral argument without seeking leave of court. . . . The amicus curiae, in short, does not become a party to the appeal. It has no rights other than the conditional right to file 'a brief' in accordance with Rule 29.").

*Amici* have not shown any "extraordinary reasons" for participating in oral argument on the pending motions for summary judgment. The *amici* have already briefed their positions in their *amici curiae* briefs in support of Defendants' motion for summary judgment, which the Court allowed them to file by leave on November 6, 2003. Not only that, but *amici* had a second opportunity to advise their Court of their positions by filing response briefs to the pending motions for summary judgment on March 1, 2004 and March 4, 2004.

Thus, *amici curiae* NRDC and PCFFA have had ample opportunity to present their views on the pending cross-motions in this case. To allow the *amici* to also participate in oral argument on the motions would be to grant them the status of a litigating party in the case, otherwise known as "litigating *amici*," a status disfavored by the courts. *See American Satellite*, 22 Cl. Ct. at 549 ("[C]ourts have frowned on participation which simply allows the amicus to litigate its own views, *New England Patriots Football Club, Inc. v. University of Colorado*, 592 F.2d 1196, 1198 n.3 (1st Cir.1979) (an amicus should not be partisan), or to simply present its version of the facts, *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir.1970)."). Indeed, PCFFA has already sought such rights through its motion to intervene in this case, which the Court has yet to rule upon. *See* PCFFA Mot. to Intervene (Mar. 6, 2002). Until this Court decides to grant PCFFA or the NRDC *amici* the right to intervene in this case, their participation should be limited to the traditional role of *amici curiae* – of filing a brief.

Further, granting the *amici*'s motion to present oral argument would prejudice the parties, who have a limited time in which to adequately present their arguments in favor of the two separate sets of cross-motions for summary judgment pending before the

Court: the parties' cross-motions on the nature of the property right and the parties' cross-motions on the status of individual plaintiffs as third-party beneficiaries to district's water delivery contracts. Finally, the motion is unnecessary since the interests of NRDC and PCFFA would be adequately addressed by the Defendant in its oral argument at the hearing.

**Conclusion**

Accordingly, Plaintiffs urge this Court to deny *amici curiae*'s motion to present oral argument. Alternatively, should the Court grant *amici*'s motion to present oral argument, Plaintiffs request that *amici* be ordered to share part of Defendant's allotted time for oral argument.

Respectfully submitted,

s/ Nancie G. Marzulla
Roger J. Marzulla
Nancie G. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Ave., N.W.
Suite 410
Washington, DC 20036
202-822-6760
202-822-6774 (facsimile)

Counsel for Plaintiffs

December 3, 2004

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 3rd of December 2004, a true and correct copy of Plaintiffs' Opposition to Joint Motion of Amici and Applicants-for-Intervention for Leave to Present Oral Argument, by placing the same in the United States mail, postage prepaid, addressed to the following counsel:

Kristine S. Tardiff, Esq.
Attorney of Record for Defendant
United States Department of Justice
Environment and Natural Resources Division
55 Pleasant St., 4th Floor
Concord, NH 03301

John D. Echeverria
Georgetown Environmental Law and Policy Institute
600 New Jersey Avenue, N.W.
Washington, DC 20001-2075

Todd D. True
Earthjustice
705 Second Avenue
Suite 203
Seattle, WA 98104

Robert B. Wiygul
Waltzer & Associates
178 Main Street
Suite 103
Biloxi, MS 39503

Brenda Colella
Brenda Colella