# In The United States Court of Federal Claims

No. 01-591 L

(Filed: December 17, 2004)

KLAMATH IRRIGATION DISTRICT, *et al.*,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

**ORDER**

Pursuant to RCFC 40.1(c), the instant case was transferred to this judge on December 9, 2004.[1] While this court is aware that this case was scheduled for oral argument on December 8, 2004, to resolve one of the outstanding summary judgment motions, a review of the docket suggests that there are a number of motions pending before the court, among them:

1. Plaintiff's motion to certify individual water users as a class, filed on October 12, 2001;

2. A motion to intervene as defendants, filed by various parties[2] on March 7, 2002;

3. Defendant's motion for partial dismissal, filed on May 6, 2002;

[1] Previously, on December 3, 2004, the instant case was transferred from Judge Diane Gilbert Sypolt to Chief Judge Edward J. Damich pursuant to RCFC 40.1(c).

[2] This motion was filed on behalf of Pacific Coast Federation of Fishermen's Associations, Institute for Fisheries Resources, The Wilderness Society, Klamath Forest Alliance, Oregon Natural Resources Council, Waterwatch of Oregon, Northcoast Environmental Center, and Sierra Club.

4. Defendant's cross-motion for partial summary judgement on the question whether plaintiffs' beneficial interests in Klamath Project water is a vested property right under Oregon law, protected by the Fifth Amendment, or whether it is a contractual right, created under federal reclamation law and defined by contracts between certain plaintiffs and the United States, filed October 2, 2003;

5. Plaintiff's cross-motion for summary judgment to establish liability of the defendant under the takings claim, filed on January 27, 2004, and held in abeyance by court order of March 23, 2004;

6. Plaintiff's cross-motion for partial summary judgment on the status of individual plaintiffs as third-party beneficiaries, filed on March 31, 2004; and

7. Defendant's cross-motion for partial summary judgment on the question whether the individual plaintiffs have standing to bring contract claims as intended third party beneficiaries, filed on April 26, 2004.

Also potentially affecting this case is the future course of *Tulare Lake Basin, et. al. v. United States*, No. 98-00101, before Judge Weiss, where an opinion on liability and damages has been issued, but final judgment has not been entered. *See Tulare Lake Basin Water Storage District, et. al. v. United States*, 61 Fed. Cl. 624 (2004); *Tulare Lake Basin*, 59 Fed. Cl. 246 (2003); *Tulare Lake Basin*, 49 Fed. Cl. 313 (2001). In addition, the court is aware that the Supreme Court has granted certiorari in a case, *Orff v. United States*, that potentially could impact the resolution of this case, and that oral argument in that case has been scheduled for February 23, 2005. *See Orff v. United States*, 125 S. Ct. 309 (2004). Finally, another issue pending before this court is how to deal systematically with various requests for *amicus curiae* participation herein.

In light of these issues, on or before January 28, 2005, each party shall file a status report indicating how this case should proceed, commenting, in particular, upon the pending motions and developments listed above. On or before this date, the applicants for intervention and *amicus curiae* status also may file such a status report. Along with addressing the above issues, the parties, as well as any others filing a status report, shall indicate, in summary fashion, whether their views on any of the pending motions have changed since their prior filings. The status reports shall also advise the court of any other matters not listed above (*e.g.*, lawsuits pending in other courts) that may affect how this case should proceed. The parties and other potential participants in this litigation are encouraged to consult in advance of the filing of these status reports and may file such reports jointly to the extent appropriate.

A status conference to discuss these matters and to establish a schedule for further proceedings shall be held on Monday, February 14, 2005, at 10:00 a.m. (EST), in the United States Court of Federal Claims, National Courts Building, 717 Madison Place, N.W., Washington, D.C. The courtroom location will be posted in the lobby of the courthouse on the day of the hearing. Applicants for intervention and *amicus curiae* will be given the opportunity to be heard at this status conference, and shall indicate in their status report whether they wish to take advantage of that opportunity.

Finally, the Clerk is directed to issue notice of this order to counsel for the applicants for intervention, Pacific Coast Federation of Fishermen's Associations, Institute for Fisheries Resources, The Wilderness Society, Klamath Forest Alliance, Oregon Natural Resources Council, Waterwatch of Oregon, Northcoast Environmental Center, and Sierra Club, and to counsel for *amicus curiae*, the State of Oregon, Yurok Tribe, Klamath Tribes, and Natural Resources Defense Council.

**IT IS SO ORDERED.**

s/Francis M. Allegra
Francis M. Allegra
Judge