UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KLAMATH IRRIGATION DISTRICT, et al., | No. 01-591 L |
| Plaintiffs, | Judge Francis M. Allegra |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant, | |
| and | |
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, INSTITUTE FOR FISHERIES RESOURCES, THE WILDERNESS SOCIETY, KLAMATH FOREST ALLIANCE, OREGON NATURAL RESOURCES COUNCIL, WATERWATCH OF OREGON, NORTHCOAST ENVIRONMENTAL CENTER, and SIERRA CLUB, | |
| Defendant-Intervenor-Applicants. | |

PCFFA ET AL.'S STATUS REPORT

MAY IT PLEASE THE COURT:

The Pacific Coast Federation of Fishermen's Associations and the other applicants for intervention in this case [hereinafter collectively "PCFFA"] file the following status report to address the questions raised by the Court in its December 17, 2004 order.



*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

# I. PENDING MOTIONS

## A. MOTION TO CERTIFY INDIVIDUAL WATER USERS AS A CLASS

PCFFA did not brief this issue, and adopts the arguments of the federal defendants with respect to the motion.

## B. MOTION TO INTERVENE

As the Court notes, PCFFA's motion for intervention has been pending without action for almost three years. The reasons PCFFA should be permitted to intervene as a defendant are set out in full in the original briefing on that issue, and remain valid today. However, several events since the filing of that motion underscore the interlinked nature of this action and the interests in the water and endangered species of the Klamath Basin that PCFFA seeks to protect.

The applicants for intervention in this case are fishermen, scientists, recreationists, and others who have a direct interest in, use, and rely on the waters of the Klamath and the creatures those waters support for their livelihoods and quality of life. For example, the majority of the members of PCFFA are salmon fishermen, and the value of their business assets – boats, equipment, docking space, and the like – are directly tied to the health of the salmon runs of the Klamath Basin. Those salmon runs, in turn, rely upon the same water to which the Water Users in this matter claim title, either as absolute owners or as third-party beneficiaries of water delivery contracts.

The reliance of the threatened salmon runs of the Klamath on that water was graphically illustrated in late September 2002, when over 60,000 chinook and coho salmon died as a direct consequence of a federal decision to divert excessive amounts of water from the Klamath project to the Water Users and other irrigators, at the expense of critical instream flows. See, U.S. Fish and Wildlife Service, Klamath River Fish Die-Off September 2002 – Causative Factors of



*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

Mortality (November 17, 2003) (concluding that low flows resulting from diversion of irrigation water in the Klamath Basin were a primary cause of the fish kill). There is little doubt that the consequences of payment of compensation to the Water Users in this case – and certainly compensation on the order of the billion dollars they claim (even though PCFFA does not believe such a result is legally appropriate) – could lead to a governmental response that minimizes the potential for future takings claims through allocating less water to endangered fish. The events of September 2002 demonstrate that such a consequence will have real impacts on the fish – and real and direct impacts on PCFFA.

As set out in PCFFA's original motion for intervention, the changes in water deliveries during the drought year of 2001 which precipitated this billion dollar claim were brought about by a biological opinion which in turn was the direct result of litigation brought by PCFFA to enforce species protection laws. Pacific Coast Federation of Fishermen's Associations v. Bureau of Reclamation, 138 F. Supp.2d 1228 (N.D. Cal. 2001). In the nearly three years since the filing of the motion for intervention, PCFFA and many of the other applicants for intervention here have also continued to pursue protection of their interests in the Klamath through challenges in other fora. In particular, PCFFA challenged the biological opinion for the water allocation plan that had resulted in the September 2002 fish kill and that will control water deliveries through 2012. In a July 2003 ruling, the United States District Court for the Northern District of California found that some elements of biological opinion (and hence the management plan) violated the Endangered Species Act, although it upheld other elements. PCFFA v. Bureau of Reclamation, No. 02-2006-SBA, Order on Summary Judgment (N.D. Cal. July 15, 2003). PCFFA has appealed the aspects of the district court decision adverse to its interests to the Ninth Circuit and that appeal is briefed and set for argument in February 2005. PCFFA v. Bureau of



*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

Reclamation, Ninth Circuit Nos. 03-16718 and 03-16863.

It bears noting that, as in all the previous actions by PCFFA relating to the Klamath and its waters, various of the Water Users in the present case have intervened as defendants in the challenge to the biological opinion. By these and similar actions in prior cases, the plaintiffs plainly understand and acknowledge the direct link between this litigation and the cases pending in other courts dealing with the same underlying facts and interests. The outcome of this case bids fair to have as much or more impact on water management policy in the Klamath, and the corresponding health of salmon and other endangered species, as any other case. PCFFA and the other interests directly affected should be represented, just as the Water Users are represented in the related cases.

In short, for ten years PCFFA has participated in every public policy forum, from the legislative to the executive to the judicial, and at every level from the local to the federal, to ensure that its interests in the Klamath Basin, its fish, and the water on which those fish depend, are protected. The resolution of the legal issues raised by the Water Users, and the practical impact of any compensation award here, will directly affect the interests of PCFFA and the other applicants for intervention, and confirms that intervention should be permitted.

## C. MOTION TO DISMISS AND CROSS-MOTIONS FOR SUMMARY JUDGMENT

PCFFA's substantive position on these motions remains that reflected in the briefing already submitted in this case. However, in light of the Supreme Court's grant of certiorari in Orff v. United States, 125 S. Ct. 309 (2004), PCFFA submits that consideration of the cross-motions for summary judgment should be stayed until the Supreme Court issues its decision in that case. The reasons a stay is appropriate are set out below.



*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

## II. THE EFFECT OF ORFF V. UNITED STATES AND TULARE LAKE

### A. THE GRANT OF CERTIORARI IN ORFF V. UNITED STATES COUNSELS THAT A STAY IS APPROPRIATE

Orff involves claims to third-party beneficiary status under Reclamation water contracts by a group of farmers in the Central Valley of California. Like the parties claiming to be third-party beneficiaries in this case, the petitioners in Orff have no contract with the government, but rather contract with a water district for delivery of Reclamation project water. The issue presented in the Orff briefing is substantially similar to the issue raised by the claimants to third-party beneficiary status in this case – *i.e.*, whether irrigators who have contracted only with a water district are intended third-party beneficiaries of the district's water contracts with the Bureau of Reclamation. Orff v. United States, S.Ct. No. 03-1566, Petitioner's Brief on the Merits, 2004 WL 2758215 at (i). A stay of the pending third-party claims in light of Orff seems very likely to conserve the resources of all parties and the Court.

The issues raised by the briefing in Orff, however, go considerably beyond the bare issue of whether irrigators are intended or incidental contract beneficiaries. The Orff petitioners and the *amici curiae* supporting them – including a number of the plaintiffs in this case – espouse a broad inquiry in which they request that the Supreme Court address fundamental issues relating to the nature of the interests held by recipients of irrigation water under Reclamation contracts. The petitioners in Orff explicitly seek to have the Supreme Court recognize that "[t]hey own an equitable property right in the water sold by the Bureau [of Reclamation] to the [Westlands Water] District." Orff, Petitioner's Brief, 2004 WL 2758215 at 41. Recognition or rejection of such an "equitable property right," depending on the contours of the Supreme Court's decision, could directly impact the question, raised in the pending cross-motions for summary judgment, whether the Water User's claims are for a taking of a property interest or simply a breach of



*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

contract.

Likewise, *amici curiae* such as the Klamath Basin Improvement District, a plaintiff here, argue in their *amicus* filing that "[how the Supreme Court] defines intended third-party beneficiary status could have a profound effect on the rights and obligations of all Reclamation Act project contract holders . . ." Orff, Brief *Amici Curiae* of Central San Joaquin Water District, et al. in Support of Petitioner, 2004 WL 2758216 at 2 (emphasis supplied) An *amicus curiae* brief filed by the Pacific Legal Foundation in support of the petitioners in Orff urges the Supreme Court to recognize that the United States holds "at most mere title or a nominal interest in the water, and that 'ownership' is dependent upon the water being delivered to Westlands and ultimately to the farmers for beneficial use." Brief *Amicus Curiae* of Pacific Legal Foundation, et al., at 19. The petitioners and their supporting *amici curiae* in Orff base these claims on cases relied upon by the Water Users here: Ickes v. Fox, 300 U.S. 82 (1937), Nebraska v. Wyoming, 325 U.S. 589 (1945), and Nevada v. United States, 463 U.S. 110 (1983).

While PCFFA does not necessarily agree that resolution of the issues presented in Orff requires such sweeping pronouncements on the nature of rights under all Reclamation contracts, the possibility that Orff could provide some guidance on the nature of rights under such contracts counsels that all claims in this case should be stayed until such time as the Supreme Court acts. This is particularly so in that the decision in Orff should be handed down by the end of the term on July 1, 2005, and there are various other matters – including the motion for class certification and motion for intervention – which could be dealt with in the interim.

B. TULARE LAKE WAS WRONGLY DECIDED AND IS NOT RELEVANT TO THIS CASE

PCFFA continues to believe that the liability decision in Tulare Lake Basin Water Storage District v. United States, 61 Fed. Cl. 624 2004), has no persuasive or other value for the



*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

present case. For the reasons set out in the briefing on the cross-motions for summary judgment, the liability decision in Tulare Lake dealt with facts readily distinguishable from the present case. In addition, as fully set out in the status report being filed in this case by *amici* Natural Resources Defense Council, et al., Tulare Lake was wrongly decided and should not be followed. The argument made in the NRDC *amicus* filing is adopted and incorporated here by reference.

Finally, as the Court is aware, since its December 17, 2004, Order was entered in this case, the claims in Tulare Lake have been settled. The fact that the case has been settled rather than having the merits of the liability opinion tested on appeal further undercuts any persuasive value the opinion might otherwise have had.

## III. OTHER MATTERS REQUIRING THE COURT"S ATTENTION

PCFFA requests that at the status conference the Court address the issue of service of filings on the applicants for intervention and *amici*. In the past the question whether filings or notice of filings should be served on PCFFA was never answered very clearly, and as a consequence service on PCFFA could probably be best characterized as sporadic. However, now that the Court has implemented an electronic case management system it should entail no additional burden on any party to simply add counsel for PCFFA to the electronic distribution list for pleadings.

## IV. CONCLUSION

In sum, PCFFA and the other applicants for intervention request that after hearing all parties, applicants for intervention and the *amici*, the Court:

1. Grant PCFFA's motion to intervene as a defendant;

2. Stay the pending dispositive motions until the Supreme Court's decision in Orff v. United States, and



*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

3. Order that counsel for PCFFA and *amici* be added to the distribution list for electronic service of documents.

Respectfully submitted this 27th day of January, 2005.

/s/ Todd D. True
TODD D. TRUE (WSB #12864)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104
(206) 343-7340
(206) 343-1526 *[FAX]*
ttrue@earthjustice.org

ROBERT B. WIYGUL (LA BAR #17411)
Waltzer & Associates
1025 Division Street, Suite C
Biloxi, MS 39530
(228) 374-0700
(228) 374-0725 *[FAX]*
robert@waltzerlaw.com

*Attorneys for Defendant-Intervenor-Applicants*

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and a resident of the State of Washington. I am over 18 years of age and not a party to this action. My business address is 705 Second Avenue, Suite 203, Seattle, Washington 98104.

On January 27, 2005, I served a true and correct copy of the following documents on the parties listed below:

1. PCFFA Et Al.'s Status Report.

| | |
|---|---|
| Roger J. Marzulla<br>Nancie G. Marzulla<br>Marzulla & Marzulla<br>1350 Connecticut Avenue, N.W., Suite 410<br>Washington, D.C. 20036<br>Phone: 202-822-6760<br>Fax No. 202-822-6774<br>*Attorneys for Plaintiffs* | ☐ via facsimile<br>☐ via overnight courier<br>☐ via first-class U.S. mail<br>☐ via hand delivery<br>☐ via e-mail<br>☒ via electronic service by the Clerk |
| Kris Tardiff<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>c/o U.S. Attorney's Office<br>55 Pleasant Street, Suite 352<br>Concord, NH 03301<br>Phone: 603-225-1562<br>Fax No. 603-225-1577<br>*Attorneys for Federal Defendant* | ☐ via facsimile<br>☐ via overnight courier<br>☐ via first-class U.S. mail<br>☐ via hand delivery<br>☐ via e-mail<br>☒ via electronic service by the Clerk |
| Robin L. Rivett<br>Andrew T. Lloyd<br>Pacific Legal Foundation<br>10360 Old Pacerville Road, Suite 100<br>Sacramento, CA 95827<br>Phone: 916-362-2833<br>Fax No. 916-362-2932<br>*Attorneys for Amicus Curiae Pacific Legal Foundation* | ☐ via facsimile<br>☐ via overnight courier<br>☒ via first-class U.S. mail<br>☐ via hand delivery<br>☐ via e-mail<br>☐ via electronic service by the Clerk |



*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

Curtis G. Berkey
Alexander, Berkey, Williams & Weathers, LLP
2000 Center Street, Suite 308
Berkeley, CA 94704
Phone: 510-548-7070
Fax No. 510-548-7080
*Attorney for Amicus Curiae*

☐ via facsimile
☐ via overnight courier
☒ via first-class U.S. mail
☐ via hand delivery
☐ via e-mail
☐ via electronic service by the Clerk

John D. Echeverria
Georgetown Environmental Law and Policy Institute
600 New Jersey Avenue, N.W.
Washington, D.C. 20001-2075
Phone: 202-662-9863
Fax No. 202-662-9005
*Attorney for Amicus Curiae Natural Resources Defense Council*

☐ via facsimile
☐ via overnight courier
☒ via first-class U.S. mail
☐ via hand delivery
☐ via e-mail
☐ via electronic service by the Clerk

Richard Whitman
David E. Leith
Assistant Attorneys General
Oregon Attorney General's Office
Oregon Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096
Phone: 503-378-6313
Fax No. 503-378-3465
*Attorneys for Amicus Curiae State of Oregon*

☐ via facsimile
☐ via overnight courier
☒ via first-class U.S. mail
☐ via hand delivery
☐ via e-mail
☐ via electronic service by the Clerk

I, Catherine Hamborg, declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of January, 2005, at Seattle, Washington.

Catherine Hamborg



*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*