# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KLAMATH IRRIGATION DISTRICT, *et .al.*, | |
| Plaintiffs, | No. 01-591 L |
| v. | |
| | Judge Francis M. Allegra |
| UNITED STATES OF AMERICA, | |
| | Status Conf. Date: Feb. 14, 2005 |
| Defendant. | Time: 10:00 a.m. (EST) |

## STATUS REPORT OF TRIBAL AMICI

Pursuant to this Court's Order of December 17, 2004, *amici* the Yurok Tribe and Klamath Tribes submit this status report. Tribal *amici* address the following issues: 1) the Tribes' position on the pending motions; 2) the status of the Tribes as *amicus curiae* and the scope of their participation; 3) the effect of *Tulare Lake Basin v. United States* and *Orff v. United States* on the resolution of the issues in this case; and 4) tribal *amici* participation in the status conference. Counsel for tribal *amici* have consulted with counsel for the United States regarding the matters set forth in this Court's Order.

1. Pending Motions.

We address the motions in the order in which they appear in the Court's Order of December 17, 2004. In general, tribal *amici* have not taken positions on the resolution of these motions. Rather we have submitted information and analyses to the Court about tribal reserved water rights, which we believe will assist the Court in gaining a complete understanding of the

legal principles that govern water allocation decisions in the Klamath Irrigation Project germane to the issues before the Court. Tribal *amici* intend to continue to take that approach throughout this litigation. The Tribes' views on the pending motions have not changed since our prior filings.

a. Plaintiff's Motion to Certify Class of Water Users.

Tribal *amici* have not previously briefed this issue, and thus take no position on the merits of the motion, nor the timing of its resolution.

b. Motions to Intervene.

Although tribal *amici* have not previously briefed the issues in this motion, we support intervention by the proposed defendant-intervenors, and urge that the motion be decided expeditiously.

c. Defendant's Motion for Dismissal of Claims Based on Alleged Takings in Future Years.

Tribal *amici* have not previously briefed this issue, and do not request that opportunity here, but we note our agreement with Defendant that any such claims for compensation are speculative and are not, therefore, ripe for review. We note further that Plaintiffs' claim for compensation for possible curtailments of water deliveries in future years would be extremely difficult to evaluate, because it is not possible to know now the role that senior tribal water rights will play in requiring such curtailments.

d. Defendant's Cross-Motion for Partial Summary Judgment on Property Rights Issue.

Tribal *amici* moved for leave to file an amicus brief on the issue of "the precise scope and nature of the property rights plaintiffs allege to have been taken by the government." Order of

March 23, 2004. To the best of our knowledge, that motion has not been decided. The brief explained the legal basis of the Yurok and Klamath Tribes' senior reserved water rights in the Klamath Basin and described the effect of such rights on the water allocation decisions affecting the Klamath Irrigation Project. Tribal *amici* did not take a position on the resolution of the cross-motions, but rather asked the Court to consider information and analyses that the parties had either ignored or addressed incompletely. The purpose of our brief is to ensure that the Court has a full and complete understanding of the legal regime that governs water rights in the Klamath Basin.

e. Plaintiff's Cross-Motion for Summary Judgment on Liability.

Tribal *amici* agree with the Court and the Defendant that it is appropriate to hold this motion in abeyance until the question of the existence of a property right is resolved.

f. Plaintiff's Cross-Motion for Summary Judgment on Third-Party Beneficiary Status.

Tribal *amici* have not briefed this issue and do not request an opportunity to do so here. We note, however, that even if certain plaintiffs are determined to have third-party beneficiary status under water delivery contracts, their rights would nevertheless be junior to the water rights of the Yurok Tribe and the Klamath Tribes.

g. Defendant's Cross-Motion for Partial Summary Judgment on Standing to Bring Contract Claims as Third-Party Beneficiaries.

Tribal *amici* have not briefed this issue and do not request the opportunity to do so here. We note, however, that even if the plaintiffs are determined to have such status, whatever rights they may have would be junior to the reserved water rights of the Yurok Tribe and Klamath Tribes.

2. Tribal *Amici* Participation.

The Yurok Tribe and Klamath Tribes have made two motions for leave to file *amicus* briefs. The first brief, filed on September 26, 2003, addressed legal deficiencies in the Plaintiff's argument regarding the effect of the Klamath Basin Adjudication on the present action. By Order of November 6, 2003, Judge Sypolt granted the motion, noting that the documentary evidence attached to the brief would not be relied upon "without first giving the parties an opportunity to comment." The second brief, filed on May 6, 2004, addressed the nature and scope of tribal water rights in the Klamath Basin, as relevant to the Court's determination on cross-motions for summary judgment, of whether Plaintiff has a property right in the water it receives from the Klamath Irrigation Project.[1] As noted above in paragraph 1.d, the Tribe's motion for leave to file that brief is still pending.

The Tribes respectfully request this Court to grant the motion for leave to file before ruling on the cross-motions for summary judgment on the issue of the existence of a property right owned by the Plaintiff. The Tribes' memorandum sets forth information and analyses that will be useful to this Court in understanding the nature of Plaintiff's asserted rights and the legal regime that governs water management and allocation decisions by the Klamath Irrigation Project. The Tribes provided information and perspectives that no other party has offered.

---

[1] The Tribes believed that the Order of November 6, 2003, granted *amici* status for all phases of this case, so no motion for leave to file accompanied the May6, 2004, brief. Judge Sypolt, however, by Order of May 13, 2004, directed the clerk to return the brief because it was unaccompanied by a motion for leave to file, as required by the Court's order of March 5, 2004. Counsel for the Tribes had not been served with the March 5 Order. The Tribes subsequently filed a motion for leave to file and the accompanying *amicus* brief.

Further, the Tribes request this Court to grant them *amici* status for all phases of this case, in order to obviate the need to file a motion for leave to file on every occasion the Tribes wish to be heard. In our previous filings, the Tribes demonstrated that they have perspectives and information that no other party can provide, and that the submissions of the Tribes are essential for this Court to have a full and complete understanding of the law that governs the questions of the existence of a property right and the asserted liability of the United States for its taking. Having met the requirement for *amicus* participation in earlier rounds of motions briefing, the Tribes suggest that this showing should be sufficient to meet the interest requirement for the litigation phases to come. In any event, the Tribes do not expect to address each and every issue that is raised by the parties, but rather will submit briefs where they believe the tribal perspective will be helpful to the Court.

3. Relevance of *Tulare Lake Basin* and *Orff* Cases.

The Tribes note that neither of these cases involve the presence of senior tribal water rights. As a result, the rulings there do not offer guidance on the significance of such rights to the questions in this case. The Tribes take no position on whether the pending motions should be held in abeyance until the U.S. Supreme Court decides the *Orff* case. The Tribe is not aware of any other pending lawsuit that would affect how this case should proceed.

4. Tribal *Amici* Participation in Status Conference.

Counsel for the Tribe wish to participate in the status conference, but limited resources prohibit them from traveling to Washington, D.C. to participate in the courtroom. We request that counsel be allowed to participate by telephone, if the Court has facilities to arrange

participation in that format. We are authorized to state that Defendant United States does not object to our participation.

Date: January 27, 2005

Respectfully submitted,

ALEXANDER, BERKEY, WILLIAMS
& WEATHERS LLP

By: s/Curtis G. Berkey

Curtis G. Berkey
Scott W. Williams
2000 Center Street, Suite 308
Berkeley, California 94704
Tel: 510/548-7070
Fax: 510/548-7080

*Attorneys for Amicus Yurok Tribe*

By: s/Carl Ullman

Carl Ullman
P.O. Box 436
Chiloquin, Oregon 97624
Tel: 541/783-3081
Fax: 541/783-2609

*Attorney for Amicus Klamath Tribes*

# DECLARATION OF SERVICE BY U.S. MAIL

I, the undersigned, declare as follows:

I am a citizen of the United States of America, over the age of 18 years, and not a party to the above-entitled action. My business address is 2000 Center St., Suite 308, Berkeley, California, 94704.

On January 27, 2005, I caused to be served the following document(s) in Klamath Irrigation District, et al. v United States of America, No. 01-591 L:

**1) STATUS REPORT OF TRIBAL AMICI**

by depositing a copy in the United States mail at Berkeley, California, in an envelope with first class postage fully paid, addressed as follows:

Kristine S. Tardiff
Environment & Natural Resources Division
U.S. Attorney's Office
55 Pleasant Street, Suite 352
Concord, NH 03301

Roger J. Marzulla
Nancie G. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Ave., N.W.
Suite 410
Washington, D.C. 20036

John D. Echeverria
Georgetown Environmental Law & Policy Institute
Georgetown University Law Center
600 New Jersey Avenue, N.W.
Washington, D.C. 20001

Todd D. True
Earthjustice Legal Defense Fund
705 Second Avenue, Suite 203
Seattle, WA 98104

Robert B. Wiygul
Waltzer & Associates
1025 Division Street, Suite C
Biloxi, MS 39530

Carl Ullman
Klamath Tribe Legal Office
P.O. Box 957
Chiloquin, OR 97624

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on January 27, 2005, at Berkeley, California.

s/Martha Morales
Martha Morales