**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TULARE LAKE BASIN WATER STORAGE DISTRICT, et al., | ) | |
| Plaintiffs, | ) | C.A. No. 98-101L |
| v. | ) | Judge John P. Wiese |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**SETTLEMENT AGREEMENT**

Plaintiffs TULARE LAKE BASIN WATER STORAGE DISTRICT, a California water storage district, HANSEN RANCHES, a general partnership, the KERN COUNTY WATER AGENCY, a political subdivision of the State of California, LOST HILLS WATER DISTRICT, a California water district, H.P. ANDERSON & SONS, a general partnership, WHEELER RIDGE-MARICOPA WATER STORAGE DISTRICT, a California water storage district, THE JOSEPHSON FAMILY LIVING TRUST dated July 12, 1991, THE BROWN FAMILY LIVING TRUST dated September 26, 1991, and M-J-B FARMING CO., a general partnership, ("Plaintiffs") and Defendant UNITED STATES OF AMERICA, by and through their attorneys of record, and hereby agree as follows:

1. Plaintiffs and Defendant have engaged in good faith settlement negotiations to avoid further litigation.

2. By way of compromise and settlement, the UNITED STATES shall pay to Plaintiffs the sum of Sixteen Million Seven Hundred Thousand Dollars ($16,700,000.00), as full

and final payment of all claims arising out this action, including those by Plaintiffs and interests, if any, derivative of Plaintiffs. The payment shall be made by wire transfer in the amount of $16,700,000.00 to the account of WHEELER RIDGE-MARICOPA WATER STORAGE DISTRICT at Wells Fargo Bank, ABA 12/000248, FFC Kern County Treasurer, Acct 4160101358. The distribution of that payment as among the Plaintiffs (and interests, if any, derivative of Plaintiffs' claims) and as between Plaintiffs and their counsel in this dispute shall be a matter left to Plaintiffs and their counsel.

3. The parties shall enter into a voluntary dismissal of this action with prejudice pursuant to Rule 41(a)(1) of the Rules of the Court of Federal Claims.

4. Plaintiffs agree to accept this payment as full, complete and final resolution of all claims, including, but not limited to, all claims that Plaintiffs did assert or could have asserted in their complaint (and amendments, if any, thereto) in this or any other action for just compensation, interest, attorneys' fees and other litigation expenses, or for any other form of relief arising from the facts pled in the complaint on file herein (and amendments, if any, thereto).

5. This agreement is the result of compromise and settlement, and shall not be construed as an admission by Defendant of any legal or specific monetary liability as to any or all of Plaintiffs' claims for just compensation, interest, attorneys' fees and other litigation expenses, or any other kind of legal or equitable relief, nor shall this settlement be interpreted to constitute a precedent or argument in this or any other case.

6. The parties agree to execute any and all documents necessary to consummate this settlement, including but not limited to signed authorizations from each of the Plaintiffs

expressing approval of this Settlement Agreement and such authorizations as will express the approval of interests, if any, derivative of Plaintiffs. Such authorizations must be provided by Plaintiffs and received by the United States prior to the distribution of funds and the dismissal of Plaintiffs' complaint.

Dated: December 20, 2004

MARZULLA & MARZULLA

By Roger Marzulla
Roger J. Marzulla, Counsel for
the Plaintiffs

UNITED STATES OF AMERICA

By Fred R. Disheroon
Fred R. Disheroon, Counsel for
the United States