IN THE UNITED STATES COURT OF FEDERAL CLAIMS

KLAMATH IRRIGATION DISTRICT, an Oregon irrigation district; TULELAKE IRRIGATION DISTRICT, a California irrigation district; KLAMATH DRAINAGE DISTRICT, an Oregon drainage district, POE VALLEY IMPROVEMENT DISTRICT, an Oregon improvement district; SUNNYSIDE IRRIGATION DISTRICT, an Oregon irrigation district; KLAMATH BASIN IMPROVEMENT DISTRICT, an Oregon improvement district; KLAMATH HILLS DISTRICT IMPROVEMENT CO., an Oregon corporation for use or control of water; MIDLAND DISTRICT IMPROVEMENT CO., an Oregon corporation for use or control of water; MALIN IRRIGATION DISTRICT, an Oregon irrigation district; ENTERPRISE IRRIGATION DISTRICT, an Oregon irrigation district; PINE GROVE IRRIGATION DISTRICT, an Oregon irrigation district, WESTSIDE IMPROVEMENT DISTRICT NO. 4, a California improvement district, SHASTA VIEW IRRIGATION DISTRICT, an Oregon irrigation district, VAN BRIMMER DITCH CO., an Oregon corporation for use or control of water, FRED A. ROBISON, ALBERT J. ROBISON, LONNY E. BALEY, MARK R. TROTMAN, BALEY TROTMAN FARMS, a partnership, JAMES L. MOORE, CHERYL L. MOORE, DANIEL G. CHIN, DELORIS D. CHIN, WONG POTATOES, INC., an Oregon corporation, MICHAEL J. BYRNE, DANIEL W. BYRNE, and BYRNE BROTHERS, a partnership,

Plaintiffs,

vs.

UNITED STATES OF AMERICA,

Defendant.

No. 01-591 L

Judge Francis M. Allegra

**SECOND AMENDED COMPLAINT FOR JUST COMPENSATION AND DAMAGES**

**Parties**

1. Plaintiff KLAMATH IRRIGATION DISTRICT ("KID") is now, and at all times mentioned herein has been, an Oregon irrigation district organized and existing under Oregon Revised Statutes, ch. 545. KID is located in Klamath County, Oregon. KID operates and maintains irrigation and drainage facilities which convey irrigation water for beneficial use to water users on approximately 40,000 acres of high-value agricultural land within the boundaries of KID and to water users on an additional 35,000 acres of high-value agricultural land outside the district. Under Oregon law, KID was established by and represents all landowners within its boundaries. KID brings this action on its own behalf and as a representative of all landowners who are entitled to receive specific quantities of irrigation water through the facilities operated by KID.

2. Plaintiff TULELAKE IRRIGATION DISTRICT ("TID") is now, and at all times mentioned herein has been, a California irrigation district formed and existing under the California Irrigation District Law, California Water Code, §§ 20510-29978. TID is located in Modoc County and Siskiyou County, California. TID operates an maintains irrigation and drainage facilities which convey irrigation water for beneficial use to water users on approximately 61,443 acres of high-value agricultural land within the boundaries of TID and approximately 1,190 acres of high-quality agricultural land located within the boundaries of Plaintiff Westside Improvement District in Siskiyou County. Under California law, TID was established by and represents all landowners and water users within its boundaries. TID brings this action on its own behalf and as a representative of all landowners who are entitled to receive specific quantities of irrigation water through the facilities operated by TID.

3. Plaintiff KLAMATH DRAINAGE DISTRICT ("KDD") is now, and at all times mentioned herein has been, an Oregon drainage district organized and existing under Oregon Revised Statutes, ch. 547. KDD is located in Klamath County, Oregon. KDD operates and maintains irrigation and drainage facilities which convey irrigation water for beneficial use to water users on approximately 27,900 acres of high-value agricultural land within the boundaries of KDD. In addition, KDD possesses a water right granted by the State of Oregon for the diversion of irrigation water from the Klamath River. Under Oregon law, KDD was established by and represents all landowners within its boundaries. KDD brings this action on its own behalf and as a representative of all water users who are entitled to receive specific quantities of irrigation water through the facilities operated by KDD.

4. Plaintiff POE VALLEY IMPROVEMENT DISTRICT ("PVID") is now, and at all times mentioned herein has been, an Oregon improvement district organized and existing under Oregon Revised Statutes, ch. 552. PVID is located in Klamath County, Oregon. PVID operates and maintains irrigation and drainage facilities which convey irrigation water for beneficial use to water users on approximately 2,860 acres of high-value agricultural land within the boundaries of PVID. Under Oregon law, PVID was established by and represents all landowners within its boundaries. PVID brings this action on its own behalf and as a representative of all landowners who are entitled to receive specific quantities of irrigation water through the facilities operated by PVID.

5. Plaintiff SUNNYSIDE IRRIGATION DISTRICT ("SID") is now, and at all times mentioned herein has been, an Oregon irrigation district organized and existing under Oregon Revised Statutes, ch. 545. SID is located in Klamath County, Oregon. SID operates and maintains irrigation and drainage facilities which convey irrigation water for beneficial use to

water users on approximately 675 acres of high-value agricultural land within the boundaries of SID. Under Oregon law, SID was established by and represents all landowners within its boundaries. SID brings this action on its own behalf and as a representative of all water users who are entitled to receive specific quantities of irrigation water through the facilities operated by SID.

6. Plaintiff KLAMATH BASIN IMPROVEMENT DISTRICT ("KBID") is now, and at all times mentioned herein has been, an Oregon improvement district organized and existing under Oregon Revised Statutes, ch. 552. KBID is located in Klamath County, Oregon. KBID receives water from facilities operated and maintained by other irrigation districts named herein which convey irrigation water for beneficial use to water users on approximately 10,595 acres of high-value agricultural land within the boundaries of KBID. Under Oregon law, KBID was established by and represents all landowners within its boundaries. KBID brings this action on its own behalf and as a representative of all landowners who are entitled to receive specific quantities of irrigation water through the facilities operated for KBID by other plaintiffs.

7. Plaintiff KLAMATH HILLS DISTRICT IMPROVEMENT CO. ("Klamath Hills") is now, and at all times mentioned herein has been, an Oregon corporation for use or control of water, organized and existing under Oregon Revised Statutes, ch. 554. Klamath Hills is located in Klamath County, Oregon. Klamath Hills operates and maintains irrigation and drainage facilities which convey irrigation water to water users on approximately 955.74 acres of high-value agricultural land served by the corporation. Under Oregon law, Klamath Hills was established by and represents all landowners within its boundaries. Klamath Hills brings this action on its own behalf and as a representative of all water users who are entitled to receive specific quantities of irrigation water through the facilities operated by Klamath Hills.

8. Plaintiff MIDLAND DISTRICT IMPROVEMENT CO. ("Midland"), is now, and at all times mentioned herein has been, an Oregon corporation for use or control of water organized and existing under Oregon Revised Statutes, ch. 554. Midland is located in Klamath County, Oregon. Midland operates and maintains irrigation and drainage facilities which convey irrigation water for beneficial use to water users on approximately 565 acres of high-value agricultural land served by the corporation. Under Oregon law, Midland was established by and represents all landowners within its boundaries. Midland brings this action on its own behalf and as a representative of all water users who are entitled to receive specific quantities of irrigation water through the facilities operated by Midland.

9. Plaintiff MALIN IRRIGATION DISTRICT ("MID") is now, and at all times mentioned herein has been, an Oregon irrigation district organized and existing under Oregon Revised Statutes, ch. 545. MID is located in Klamath County, Oregon. MID operates and maintains irrigation and drainage facilities which convey irrigation water for beneficial use to water users on approximately 3,190 acres of high-value agricultural land within the boundaries of MID. Under Oregon law, MID was established by and represents all landowners within its boundaries. MID brings this action on its own behalf and as a representative of all water users who are entitled to receive specific quantities of irrigation water through the facilities operated by MID.

10. Plaintiff ENTERPRISE IRRIGATION DISTRICT ("EID") is now, and at all times mentioned herein has been, an Oregon irrigation district organized and existing under Oregon Revised Statutes, ch. 545. EID is located in Klamath County, Oregon. EID operates and maintains irrigation and drainage facilities which convey irrigation water for beneficial use to water users on approximately 1,835 acres of high-value agricultural land within the boundaries

of EID. Under Oregon law, EID was established by and represents all landowners within its boundaries. EID brings this action on its own behalf and as a representative of all water users who are entitled to receive specific quantities of irrigation water through the facilities operated by EID.

11. Plaintiff PINE GROVE IRRIGATION DISTRICT ("PGID") is now, and at all times mentioned herein has been, an Oregon irrigation district organized and existing under Oregon Revised Statutes, ch. 545. PGID is located in Klamath County, Oregon. PGID operates and maintains irrigation and drainage facilities which convey irrigation water for beneficial use to water users on approximately 925 acres of high-value agricultural land within the boundaries of PGID. Under Oregon law, PGID was established by and represents all landowners within its boundaries. PGID brings this action on its own behalf and as a representative of all water users who are entitled to receive specific quantities of irrigation water through the facilities operated by PGID.

12. Plaintiff WESTSIDE IMPROVEMENT DISTRICT NO. 4 ("Westside") is now, and at all times mentioned herein has been, a California improvement district organized and existing under California Water Code § 23647. Westside is located in Siskiyou County, California. Westside receives water from facilities operated and maintained by Plaintiff TID, which conveys irrigation water for beneficial use to water users on approximately 1,190 acres of high-value agricultural land within the boundaries of Westside. Under California law, Westside was established by and represents all landowners within its boundaries. Westside brings this action on its own behalf and as a representative of a class of all water users who are entitled to receive specific quantities of irrigation water through the facilities operated for Westside by Plaintiff TID.

13. Plaintiff SHASTA VIEW IRRIGATION DISTRICT ("SVID") is now, and at all times mentioned herein has been, an Oregon irrigation district organized and existing under Oregon Revised Statutes, ch. 545. SVID is located in Klamath County, Oregon. SVID owns, operates and maintains irrigation and drainage facilities which convey irrigation water to approximately 4,100 acres of high-value agricultural land within the boundaries of SVID. Under Oregon law, SVID was established by and represents all landowners within its boundaries. SVID brings this action on its own behalf and as a representative of all water users who are entitled to receive specific quantities of irrigation water through the facilities operated by SVID.

14. Plaintiff VAN BRIMMER DITCH CO. ("Van Brimmer") is now, and at all times mentioned herein has been, an Oregon corporation for use or control of water organized and existing under Oregon Revised Statutes, ch. 554. Van Brimmer is located in Klamath County, Oregon. Van Brimmer operates and maintains irrigation and drainage facilities which convey irrigation water for beneficial use to water users on approximately 5,050 acres of high-value agricultural land served by the corporation. Under Oregon law, Van Brimmer was established by and represents all landowners within its boundaries. Van Brimmer brings this action on its own behalf and as a representative of all water users who are entitled to receive specific quantities of irrigation water through the facilities operated by Van Brimmer.

15. Plaintiff FRED A. ROBISON is now, and at all times mentioned herein has been, an individual who owns 94 acres of high-value agricultural land with appurtenant water rights located in Modoc County, California. Mr. Fred Robison also jointly owns with Plaintiff ALBERT J. ROBISON 70 acres of high-value agricultural land with appurtenant water rights in Modoc County, California. Fred and Albert Robison are entitled to receive irrigation water through the facilities operated by Plaintiff TID. Fred and Albert Robison bring this action on

their own behalf and as representatives of the class of all landowners who are entitled to receive specific quantities of irrigation water in the Klamath Basin.

16. Plaintiff LONNY E. BALEY is now, and at all times mentioned herein has been, an individual who owns, 56 acres of high-value agricultural land with appurtenant water rights located in Siskiyou County, California. Plaintiff MARK R. TROTMAN, is now, and at all times mentioned herein has been, an individual who owns, 56 acres of high-value agricultural land with appurtenant water rights located in Siskiyou County, California. Plaintiffs Lonny Baley and Mark Trotman do business together as Plaintiff BALEY TROTMAN FARMS, a partnership, on the 112 acres that comprise their two parcels of land. Lonny Baley and Mark Trotman are entitled to receive as much irrigation water as they can put to beneficial use through the facilities operated by Plaintiff TID. Lonny Baley, Mark Trotman and Baley Trotman Farms bring this action on their own behalf and as representatives of the class of all landowners who are entitled to receive specific quantities of irrigation water in the Klamath Basin.

17. Plaintiffs JAMES L. MOORE and CHERYL L. MOORE are now, and at all times mentioned herein have been, individuals who jointly own 140 acres of high-value agricultural land with appurtenant water rights located in Klamath County, Oregon. James and Cheryl Moore are entitled to receive as much irrigation water as they can put to beneficial use through the facilities operated by Plaintiff Van Brimmer. James and Cheryl Moore bring this action on their own behalf and as representatives of the class of all landowners who are entitled to receive specific quantities of irrigation water in the Klamath Basin.

18. Plaintiffs DANIEL G. CHIN and DELORIS D. CHIN are now, and at all times mentioned herein have been, individuals who jointly own 381.3 acres of high-value agricultural land with appurtenant water rights located in Klamath County, Oregon. Daniel and Deloris Chin

are entitled to receive irrigation water through the facilities operated by Plaintiff KID. Daniel and Deloris Chin bring this action on their own behalf and as representatives of the class of all landowners who are entitled to receive specific quantities of irrigation water in the Klamath Basin.

19. Plaintiff WONG POTATOES, INC., is now, and at all times mentioned herein has been, a corporation organized and doing business in Oregon which owns 507.9 acres of high-value agricultural land with appurtenant water rights located in Klamath County, Oregon. Plaintiffs Daniel and Deloris Chin are the sole shareholders and officers of Wong Potatoes, Inc. Wong Potatoes, Inc. is entitled to receive irrigation water through the facilities operated by Plaintiffs KID and KBID. Wong Potatoes, Inc. brings this action on its own behalf and as a representative of the class of all landowners who are entitled to receive specific quantities of irrigation water in the Klamath Basin.

20. Plaintiffs MICHAEL J. BYRNE and DANIEL W. BYRNE now, and at all times mentioned herein, are individuals who jointly own 99.5 acres of high-value agricultural land with appurtenant water rights in Modoc County, California. Michael and Daniel Byrne do business together as Plaintiff BYRNE BROTHERS, a partnership, on their 99.5 acres of land. Michael and Daniel Byrne are entitled to receive as much irrigation water as they can put to beneficial use through the facilities operated by Plaintiff TID. Michael and Daniel Byrne and Byrne Brothers bring this action on their own behalf and as representatives of the class of all landowners who are entitled to receive specific quantities of irrigation water in the Klamath Basin.

21. Defendant UNITED STATES OF AMERICA is a republic formed pursuant to the Constitution of the United States, and exercising the powers described therein subject to certain limitations, including the Fifth Amendment to the United States Constitution.

22. Each of the plaintiffs is either a landowner or a legal representative of landowners who possess appurtenant water rights, and who receive their irrigation water from Upper Klamath Lake through the Link River Dam. The joinder of these landowners as plaintiffs is impracticable due to the size of the class, which number in the thousands, and the disposition of their claims in this action rather than in individual actions will foster judicial economy. The pursuit of separate actions is also unlikely due to the small amount of many of the claims of the individual landowners. Each claim in this action has a common basis with every other claim in this action, namely the taking of appurtenant water rights by defendant's impoundment and diversion of plaintiffs' water in Upper Klamath Lake.

## **Jurisdiction**

23. This Court has jurisdiction of this case under 28 U.S.C. § 1491 (the Tucker Act) as a "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . ."

## **Operative Facts**

24. The portion of the Klamath Basin represented by plaintiffs is located on the Oregon-California border in Oregon's Klamath County and California's Modoc County and Siskiyou County, and contains approximately 232,000 acres of productive farmland. The principal crops grown in the area are horseradish, cereal grains, onions, potatoes, sugarbeets, alfalfa hay, grass seed, and irrigated pastures for beef cattle. The area is also noted for the production of malting barley. With excellent rail connections to San Francisco and Portland, both within a distance of 400 miles from the project area, the principal markets for agricultural products are in Oregon, California, and adjoining states.

25. However, because precipitation in the Klamath Basin averages only about 14 inches per year, irrigation water is necessary to produce these crops. The irrigation water for plaintiffs' lands is stored in Upper Klamath Lake and downstream in Lake Ewauna and Tulelake, and is distributed throughout the irrigation season as needed.

26. Release of the waters of Upper Klamath Lake is controlled by Link River Dam, a concrete structure located at the head of the Klamath River. Operation of the Link River Dam head gates is controlled by Defendant United States, acting by and through the Department of the Interior, Bureau of Reclamation ("Bureau").

27. On April 5, 2001, Defendant United States, acting by and through the Department of the Interior, Fish and Wildlife Service ("FWS"), issued a biological opinion concluding that the proposed 2001 Operation Plan for Upper Klamath Lake, Link River Dam, Tulelake and the related irrigation delivery facilities jeopardized the continued existence of the Shortnose and Lost River Sucker fish, a fish species living in Upper Klamath Lake which is listed under the federal Endangered Species Act. *See* Biological/Conference Opinion Regarding the Effects of Operation of the Bureau of Reclamation's Klamath Project On the Endangered Lost River Sucker, Endangered Shortnose Sucker, Threatened Bald Eagle, and Proposed Critical Habitat for the Lost River/Shortnose Suckers, Klamath Falls Fish & Wildlife Office 2 (Fish and Wildlife Service Apr. 5, 2001).

28. On April 6, 2001, Defendant United States, acting by and through the Department of Commerce, National Marine Fisheries Service ("NMFS"), issued a biological opinion concluding that the proposed 2001 Operation Plan for Upper Klamath Lake, Link River Dam, Tulelake and the related irrigation delivery facilities jeopardized the continued existence of the Coho salmon, a fish species living in the lower Klamath River which is listed under the

Endangered Species Act. *See* Biological Opinion, Ongoing Klamath Project Operations (National Marine Fisheries Service Apr. 6, 2001).

29. In direct response to these biological opinions, on April 6, 2001, defendant, acting by and through its agent, the Bureau, issued its revised 2001 Operation Plan for the Upper Klamath Lake, Link River Dam, Tulelake and the related irrigation delivery facilities. Under that Plan, plaintiffs would receive no irrigation water from Upper Klamath Lake, the Klamath River, Lake Ewauna, Tulelake and the related irrigation facilities in 2001.

## FIRST CLAIM FOR RELIEF
## TAKING OF WATER RIGHTS WITHOUT JUST COMPENSATION

30. Plaintiffs reallege and incorporate by this reference all of the preceding allegations, and further allege as follows:

31. All of the water rights described herein are appurtenant to land, and are recognized as property under the laws of the states of Oregon and California, respectively. Such property rights may not be taken for public use without payment of just compensation.

32. By reason of the acts of Defendant United States as herein alleged, the water rights of plaintiffs or the landowners they represent have been taken for public use.

33. Defendant has failed and refused, and continues to fail and refuse, to pay to plaintiffs just compensation for the taking of their water rights, all in violation of the Fifth Amendment to the United States Constitution which provides, in part: "[N]or shall private property be taken for public use, without just compensation." U.S. CONST. AMEND. V.

34. As a direct and proximate result of the acts of defendant, plaintiffs or the landowners they represent have been damaged in an amount as yet unascertained, but estimated to be in the range of $100 million. Plaintiffs will seek leave of court to amend this complaint to conform to proof of such damages at trial.

35. As a direct and proximate result of the taking of their water rights without just compensation, plaintiffs have been required to and have retained the services of counsel to prosecute this action. Plaintiffs have and will incur attorney's fees, expert witness fees, and costs and expenses of litigation in an amount as yet unascertained. Plaintiffs will seek leave of this Court to amend this complaint to conform to proof of such amounts at trial.

36. As a direct and proximate result of the acts of defendant, plaintiffs or the landowners they represent have been severely damaged in their ability to conduct their farming businesses; therefore, they are entitled to recover compound interest from the date of the taking to the date of final payment of just compensation.

## SECOND CLAIM FOR RELIEF
## IMPAIRMENT OF WATER RIGHTS (KLAMATH BASIN COMPACT)

37. Plaintiffs reallege and incorporate by this reference all of the preceding allegations, and further allege as follows:

38. In 1957, the States of California and Oregon adopted, and the United States ratified, the Klamath Basin Compact. Under the Compact, Defendant United States agreed not to impair, without payment of just compensation, water rights for domestic or irrigation uses issued in the Upper Klamath River Basin. *See* Klamath River Basin Compact Art. XIII(B)(2) (1957).

39. The actions of defendant as herein alleged have impaired the irrigation water rights of plaintiffs or the landowners they represent. Accordingly, plaintiffs are entitled to just compensation for the water rights so impaired. To date, defendant has not paid such just compensation to plaintiffs.

40. As a direct and proximate result of the acts of defendant, plaintiffs and the landowners they represent have been damaged in an amount as yet unascertained, but is

estimated to be in the range of $100 million. Plaintiffs will seek leave of court to amend this complaint to conform to proof of such damages at trial.

41. As a direct and proximate result of the impairment of their water rights, without just compensation, plaintiffs have been required to and have retained the services of counsel to prosecute this action. Plaintiffs have and will incur attorney's fees, expert witness fees, and costs and expenses of litigation in an amount as yet unascertained. Plaintiffs will seek leave of this Court to amend this complaint to conform to proof of such amounts at trial.

42. As a direct and proximate result of the acts of defendant, plaintiffs and the landowners they represent have been severely damaged in their ability to conduct their farming businesses, therefore, they are entitled to recover compound interest from the date of the taking to the date of final payment of just compensation.

**THIRD CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

43. Plaintiffs reallege and incorporate by this reference all of the preceding allegations, and further allege as follows:

44. On the dates set forth below plaintiff, irrigation districts and the United States Bureau of Reclamation entered into written contracts for delivery of water to lands within their districts from the Klamath Project for the benefit of individual water users, pursuant to the Federal Reclamation laws and acts amendatory and supplementary thereto. In making this claim plaintiffs rely upon the entirety of their contracts with the Bureau, which must be read as a whole, and particularly rely upon the following provisions thereof: Klamath Irrigation District (formerly Klamath Water Users Assoc.), November 6, 1905, ¶¶1, 2, 3, 4, 5, 9, 10, 11; July 6, 1918, Art. 1, Art. 2, Art. 3, Art. 6, Art. 7, Art. 9; November 29, 1954, ¶¶2, 3, 4, 5, 6, 7, 8, 9, 12,

13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24; Ex. 1; Tulelake Irrigation District, September 10, 1956, ¶¶2,3, 4, 5, 6, 7, 9, 10, 11, 12, 15, 17, 18, 19, 21, 22, 23, 33, and exhibit 1, Ex. 2; Klamath Drainage District, November 30, 1917, ¶¶1,2, 3, 4, 5, 6, 7; August 24, 1921, ¶¶5, 6, 7, 8; April 28, 1943, ¶¶10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 25, 26, 27, 28, Ex. 3; Poe Valley Improvement District, July 20, 1953, Art. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 14; July 1, 1969, Art.1, 7, Ex. 4 & Ex. 14; Sunnyside Irrigation District, October 24, 1922, ¶¶5, 6, 7, 8, 11, 12, 13, 14, 15, 16, 17, Ex. 5; Klamath Basin Improvement District, April 25, 1962, Arts. 2, 3, 5, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, Ex. 6; Midland District Improvement Company, February 2, 1952, ¶¶1, 2, 3, 4, 6, 7, 8, 9, 10, Ex. 7; Malin Irrigation District, September 9, 1922, ¶¶5, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19. Ex. 8; Enterprise Irrigation District, October 5, 1920, ¶¶1, 2, 3, 4, 5, 6, 7, 8, 9, Ex. 9; Pine Grove Irrigation District, December 21, 1918, Arts. 1, 2, 3, 4, 5, 6, 7, 8, 9, April 12, 1920, ¶¶ 2, 3, 4, 5, 6, Ex. 10; Westside Improvement District No. 4 (Colonial Realty Company), October 20, 1936, ¶¶4, 6, 7, 8, 9, 10, 12, Ex. 11; Shasta View Irrigation District, October 6, 1922, Arts.5, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, August 20, 1948, Arts. 13, 14, 15, 16, 17,20, 21, 22, 23, 25, 26, 27, 29, 30, April 24, 1972, Arts. 2, 3, 4, 6, 7, 8, 9, 10, 11, 14, 15, 16, 21, 22, Ex. 12; and Van Brimmer Ditch Company, November 6, 1909, ¶¶ 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 14, 15, February 3, 1943, ¶¶ 15, 16, 17, 18, 19, 20, 21, Ex. 13.

45. Plaintiffs, Klamath Irrigation District, Tulelake Irrigation District, Klamath Drainage District, Poe Valley Improvement District, Sunnyside Irrigation District, Klamath Basin Improvement District, Midland District Improvement Company, Malin Irrigation District, Enterprise Irrigation District, Pine Grove Irrigation District, Westside Improvement District No. 4, Shasta View Irrigation District, and Van Brimmer Ditch Company bring this breach of contract claim on their own behalf, in a representative capacity on behalf of all water users

within the district in 2001, and as representatives of the class of all water users within the Klamath Project who would have received water in 2001, pursuant to RCFC 23. The joinder of all of these water users as plaintiffs is impracticable due to the size of the class, which number in the thousands, and the disposition of their claims in this action rather than in individual actions will foster judicial economy. The pursuit of separate actions is also unlikely due to the small amount of many of the claims of the individual water users. Each claim in this action has a common basis with every other claim in this action, namely defendant's failure to deliver water to plaintiffs and the class they represent, in violation of their water delivery contracts.

46. Plaintiffs, Fred A. Robinson, Albert J. Robinson, Lonny E. Baley, Mark R. Trotman, Trotman Farms, James L. Moore, Cheryl L. Moore, Daniel G. Chin, Deloris D. Chin, Wong Potatoes, Inc., Michael J. Byrne, Daniel W. Byrne, Bryne Brothers bring this breach of contract claim on their own behalf as intended third party beneficiaries of the contracts described in paragraph 45, and as representatives of the class of all water users within the Klamath Project who would have received water in 2001, pursuant to RCFC 23. The joinder of all of these water users as plaintiffs is impracticable due to the size of the class, which number in the thousands, and the disposition of their claims in this action rather than in individual actions will foster judicial economy. The pursuit of separate actions is also unlikely due to the small amount of many of the claims of the individual water users. Each claim in this action has a common basis with every other claim in this action, namely defendant's failure to deliver water to plaintiffs and the class of third party beneficiaries whom they represent, in violation of their water delivery contracts.

47. Beginning on or about April 10, 2001, and continuing through the remainder

of water year 2001, defendant breached these contracts by failing and refusing to deliver to plaintiffs, and to the water users whom they represent, the quantities of water required by their written contracts.

48. As a direct and proximate result of these acts of defendant, plaintiffs have been damaged in an amount as yet unascertained, but estimated to be approximately $100 million. Plaintiffs will seek leave of court to amend this complaint to conform to proof of such damages at trial.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for relief as follows:

1. A money judgment in an amount as yet unascertained, estimated at approximately $100 million, according to proof at trial;

2. Attorney's fees, expert witness fees, and other costs incurred herein; and,

3. Such other and further relief as this Court may deem just.

s/Nancie G. Marzulla
Roger J. Marzulla
Nancie G. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Avenue, N.W.
Suite 410
Washington, DC 20036
202-822-6760
202-822-6774 (fax)

Dated: January 31, 2005

Counsel for Plaintiffs