IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KLAMATH IRRIGATION DISTRICT, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 01-591 L |
| | ) | Judge Francis M. Allegra |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

ANSWER TO SECOND AMENDED COMPLAINT

Pursuant to RCFC 8, 10(c) and 15(a), Defendant responds to the numbered paragraphs of Plaintiffs' Second Amended Complaint as follows.

1. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 1 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint as set forth in its Answers to those Complaints, except that Defendant admits the allegations in the first and second sentences of paragraph 1 of Plaintiffs' Second Amended Complaint.

2. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 2 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint as set forth in its Answers to those Complaints, except that Defendant admits the allegations in the first and second sentences of paragraph 2 of Plaintiffs' Second Amended Complaint.

3. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 3 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint as set forth in its Answers to those Complaints, except that Defendant admits that Klamath Drainage District is organized under Oregon law and is located in Klamath County, Oregon.

4. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 4 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint as set forth in its Answers to those Complaints, except that Defendant admits that Poe Valley Improvement District is organized under Oregon law and is located in Klamath County, Oregon.

5. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 5 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint as set forth in its Answers to those Complaints, except that Defendant admits that Sunnyside Irrigation District is a public corporation organized under Oregon law, and that Sunnyside Irrigation District is located in Klamath County, Oregon.

6. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 6 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint as set forth in its Answers to those Complaints, except that Defendant admits the allegations in the first and second sentences of paragraph 6 of Plaintiffs' Second Amended Complaint.

7. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 7 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint as set forth in its Answers to those Complaints, except that Defendant admits the allegations in the first and second sentences of paragraph 7 of Plaintiffs' Second Amended Complaint.

8. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 8 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint as set forth in its Answers to those Complaints, except that Defendant admits that Midland District Improvement Co. is a corporation organized under Oregon law for irrigation and drainage purposes, and that Midland District Improvement Co. is located in Klamath County, Oregon.

9. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 9 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint as set forth in its Answers to those Complaints, except that Defendant admits the allegations in the first and second sentences of paragraph 9 of Plaintiffs' Second Amended Complaint.

10. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 10 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint as set forth in its Answers to those Complaints, except that Defendant admits the allegations in the first and second sentences of paragraph 10 of Plaintiffs' Second Amended Complaint.

11. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 11 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint as set forth in its Answers to those Complaints, except that Defendant admits the allegations in the first and second sentences of paragraph 11 of Plaintiffs' Second Amended Complaint.

12. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 12 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint as set forth in its Answers to those Complaints, except that Defendant admits that Westside Improvement District is organized under California law.

13. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 13 of Plaintiffs' Complaint as set forth in its Answer to that Complaint, except that Defendant admits the allegations in the first and second sentence of paragraph 13 of Plaintiffs' Second Amended Complaint.

14. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 14 of Plaintiffs' Complaint as set forth in its Answer to that Complaint, except that Defendant

admits that Van Brimmer Ditch Co. is a corporation organized under Oregon law, and that Van Brimmer is located in Klamath County, Oregon.

15. – 22. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraphs 15 through 22 of Plaintiffs' Complaint as set forth in its Answer to that Complaint.

23. – 29. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraphs 23 through 29 of Plaintiffs' Complaint as set forth in its Answer to that Complaint.

30. Paragraph 30 of Plaintiffs' Second Amended Complaint is identical to paragraph 31 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 31 of those prior Complaints as set forth in its Answers to those Complaints.

31. Paragraph 31 of Plaintiffs' Second Amended Complaint is identical to paragraph 32 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 32 of those prior Complaints as set forth in its Answers to those Complaints.

32. Paragraph 32 of Plaintiffs' Second Amended Complaint is identical to paragraph 33 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 33 of those prior Complaints as set forth in its Answers to those Complaints.

33. Paragraph 33 of Plaintiffs' Second Amended Complaint is identical to paragraph 34 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 34 of those prior Complaints as set forth in its Answers to those Complaints.

34. With the exception of the alleged damages figure, which has now been reduced from $1 billion to $100 million, paragraph 34 of Plaintiffs' Second Amended Complaint is identical to paragraph 35 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 35 of those prior Complaints as set forth in its Answers to those Complaints.

35. Paragraph 35 of Plaintiffs' Second Amended Complaint is identical to paragraph 36 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 36 of those prior Complaints as set forth in its Answers to those Complaints.

36. Paragraph 36 of Plaintiffs' Second Amended Complaint is identical to paragraph 37 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 37 of those prior Complaints as set forth in its Answers to those Complaints.

37. Paragraph 37 of Plaintiffs' Second Amended Complaint is identical to paragraph 38 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 38 of those prior Complaints as set forth in its Answers to those Complaints.

38. Paragraph 38 of Plaintiffs' Second Amended Complaint is identical to paragraph 39 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 39 of those prior Complaints as set forth in its Answers to those Complaints.

39. Paragraph 39 of Plaintiffs' Second Amended Complaint is identical to paragraph 40 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 40 of those prior Complaints as set forth in its Answers to those Complaints.

40. With the exception of the alleged damages figure, which has now been reduced from $1 billion to $100 million, paragraph 40 of Plaintiffs' Second Amended Complaint is identical to paragraph 41 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 41 of those prior Complaints as set forth in its Answers to those Complaints.

41. Paragraph 41 of Plaintiffs' Second Amended Complaint is identical to paragraph 42 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 42 of those prior Complaints as set forth in its Answers to those Complaints.

42. Paragraph 42 of Plaintiffs' Second Amended Complaint is identical to paragraph 43 of Plaintiffs' Complaint and Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 43 of those prior Complaints as set forth in its Answers to those Complaints.

43. Paragraph 43 of Plaintiffs' Second Amended Complaint is identical to paragraph 44 of Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 44 of Plaintiffs' (First) Amended Complaint as set forth in its Answer to that Complaint.

44. Paragraph 44 of Plaintiffs' Second Amended Complaint is identical to paragraph 45 of Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 45 of Plaintiffs' (First) Amended Complaint as set forth in its Answer to that Complaint.

45. Paragraph 45 of Plaintiffs' Second Amended Complaint is identical to paragraph 46 of Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 46 of Plaintiffs' (First) Amended Complaint as set forth in its Answer to that Complaint.

46. Paragraph 46 of Plaintiffs' Second Amended Complaint is identical to paragraph 47 of Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 47 of Plaintiffs' (First) Amended Complaint as set forth in its Answer to that Complaint.

47. Paragraph 47 of Plaintiffs' Second Amended Complaint is identical to paragraph 48 of Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 48 of Plaintiffs' (First) Amended Complaint as set forth in its Answer to that Complaint.

48. Paragraph 48 of Plaintiffs' Second Amended Complaint is identical to paragraph 49 of Plaintiffs' (First) Amended Complaint. Pursuant to RCFC 10(c), Defendant adopts by reference its response to paragraph 49 of Plaintiffs' (First) Amended Complaint as set forth in its Answer to that Complaint.

**PRAYER FOR RELIEF**

The allegations in these paragraphs constitute Plaintiffs' amended claims for relief, which do not require response. Defendant, however, denies that plaintiffs are entitled to compensation.

**GENERAL DENIAL**

All allegations of the Second Amended Complaint which have not been specifically admitted, denied or otherwise answered are hereby denied.

**AFFIRMATIVE DEFENSES**

Pursuant to RCFC10(c), Defendant hereby adopts by reference Affirmative Defenses Nos. 1-3 and No. 5, contained in Defendant's Answer to Complaint for Just Compensation and Damages filed on December 10, 2001, and Affirmative Defense No. 6, contained in Defendant's Answer to Plaintiffs' (First) Amended Complaint, filed on April 10, 2003. Defendant omits Affirmative Defense No. 4 (ripeness), as this affirmative defense has been rendered moot by Plaintiffs' Second Amended Complaint, which limits Plaintiffs' claims to the events of 2001, and eliminates all claims as to years other than 2001.

Therefore, the United States denies that Plaintiffs are entitled to the relief prayed for, or any relief whatsoever, and requests that this action be dismissed with prejudice, that judgment be entered for Defendant, and that it be allowed its costs and such other and further relief as the Court may allow.

Dated: February 17, 2005

Respectfully submitted,

THOMAS L. SANSONETTI
Assistant Attorney General
Environment & Natural Resources Division

s/Kristine S. Tardiff
KRISTINE S. TARDIFF
Attorney of Record for the Defendant
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
55 Pleasant Street, 4th Floor
Concord, NH 03301
Tel: (603) 230-2583
Fax: (603) 225-1577
E-Mail: kristine.tardiff@usdoj.gov

STEPHEN M. MACFARLANE
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
501 I Street, Suite 9-700
Sacramento, CA 95814-232
Tel: (916) 930-2204
Fax: (916) 930-2210

REGINALD T. BLADES, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 514-7300
Fax: (202) 307-0972