IN THE SUPREME COURT OF THE UNITED STATES

\- - - - - - - - - - - - - - - - - -X

FRANCIS A. ORFF, ET AL., :

Petitioners :

v. : No. 03-1566

UNITED STATES, ET AL. :

\- - - - - - - - - - - - - - - - - -X

Washington, D.C.

Wednesday, February 23, 2005

The above-entitled matter came on for oral argument before the Supreme Court of the United States at 10:04 a.m.

APPEARANCES:

WILLIAM M. SMILAND, ESQ., Los Angeles, California; on behalf of the Petitioners.

JEFFREY P. MINEAR, ESQ., Assistant to the Solicitor General, Department of Justice, Washington, D.C.; on behalf of Respondent United States.

STUART L. SOMACH, ESQ., Sacramento, California; on behalf of Respondent Westlands Water District.

EXHIBIT

tabbies

A



1

What's more, the contract does not provide that performance would be rendered to -- to the petitioners in this case. The contract is quite clear that performance is rendered to Westlands. This is a contract in which the United States furnishes a specified amount of water to Westlands and Westlands pays money for it. Westlands then has a separate obligation with regard to the farmers.

JUSTICE SCALIA: Separate from -- where does that -- that obligation come from?

MR. MINEAR: That arises from the regulations that the Westlands Water District has enacted that provides for the delivery of water from Westlands to the individual farmers. The United States' obligation --

JUSTICE SCALIA: That's a State -- a State-created obligation?

MR. MINEAR: That's right. That is -- and Westlands has the -- has the option of either engaging in contracts with the individual farmers or distributing the water through regulation, and it has opted for regulations.

Now, Westlands itself is a governmental unit. It is comprised of the -- of the very farmers here, among others, who have brought this suit. And it has the authority to act in a representative capacity on behalf of all its members. And that is why the United States enters