IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KLAMATH IRRIGATION DISTRICT et al., | ) | |
| Plaintiffs, | ) | No. 01-591L |
| v. | ) | Judge Diane Gilbert Sypolt |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Plaintiffs submit the following proposed findings of uncontroverted fact in support of their motion for partial summary judgment to establish the standing of plaintiff districts to bring claims on behalf of their water users. *See* RCFC 56(h).

1. Plaintiff, Klamath Irrigation District (KID), is an Oregon municipal corporation, located in Klamath County, Oregon, organized and existing under Oregon Revised Statutes, ch. 545. KID operates and maintains irrigation and drainage facilities that convey irrigation water from the Klamath Project to approximately 1,200 water users for beneficial use on roughly 43,000 acres of agricultural land within the boundaries of KID, and to water users on an additional 12,000 acres of agricultural land outside the district. Landowners within KID were homesteaders who received title to their land, along with appurtenant water rights, by patent from the United States, and private landowners prior to commencement of the Klamath Project. Prior to 2001, Second Decl. of Dave A. Solem Decl. at ¶¶ 2, 7, 8 (July 14, 2003), Pls. Ex. 8, App. 60;[1] *see also* Klamath Project Map (attached as Ex. 1).

[1] This declaration, as well as the other declarations cited in these Proposed Findings of Uncontroverted Fact, were previously filed on July 21, 2003, as exhibits to Plaintiffs' Motion for Partial Summary

2. Plaintiff, Tulelake Irrigation District (TID), is a California irrigation district formed and existing under the California Irrigation District Law, California Water Code, §§ 20510-29978. Under California law, TID was established by and represents landowners and water users on approximately 68,000 acres in Siskiyou and Modoc Counties, California. TID operates and maintains numerous facilities for the delivery of Klamath Project water and drainage of lands within TID. Some lands within TID were under irrigation prior to the authorization of the Klamath Project, which was served through a canal known as the Adams Canal. After authorization of the Klamath Project, the landowners entered into agreements with the United States, conveying various properties and rights of way in exchange for a perpetual delivery of water from the Klamath Project through the Adams Canal, which was incorporated into the Klamath Project as the D Canal. The majority of acres served by TID, in excess of 40,000 acres, are lands that were homesteaded, where landowners received patents, along with appurtenant water rights, from the United States. Declaration of Earl Danosky at ¶¶ 2, 3, 4 (July 16, 2003), Pls. Ex. 9, App. 67; *see also* Klamath Project Map (attached as Ex. 1).

3. Plaintiff, Klamath Drainage District (KDD), is an Oregon municipal corporation (a drainage district), located in Klamath County, Oregon, organized on March 6, 1915, and existing under Oregon Revised Statutes, ch. 547. Under Oregon law, KDD was established by and represents all landowners within its boundaries. KDD was organized for and engages in the distribution of Klamath Project water for irrigation purposes. There are approximately 27,000 acres of high-value agricultural land within KDD's borders. Prior to 1900, landowners were beneficially utilizing the natural

---

Judgment to establish liability of defendant for the unconstitutional taking of Plaintiffs' vested property rights without payment of just compensation. The cite to each declaration includes the corresponding exhibit number and appendix page number when filed with the Court on July 21, 2003.

irrigation that was provided by nature on the lands surrounding Lower Klamath Lake and presently within KDD. In 1978, KDD obtained a vested and determined water right from the State of Oregon (Klamath Drainage District Permit No. 43334). Second Decl. of Sam Henzel Decl. at ¶¶ 3, 6, 14 (July 16, 2003), Pls. Ex. 10, App. 71; *see also* Klamath Project Map (attached as Ex. 1).

4. Plaintiff, Enterprise Irrigation District (EID), is an Oregon municipal corporation, located in Klamath County, Oregon, organized on March 25, 1918, and existing under Oregon Revised Statutes, ch. 545. Under Oregon law, EID was established by and represents all landowners within its boundaries. EID was organized for and engages in the distribution of Klamath Project water for irrigation purposes. EID operates and maintains irrigation and drainage facilities which convey irrigation water for beneficial use to water users on approximately 1,835 acres of high-value agricultural land within the boundaries of EID. All of the lands presently within EID were in private ownership prior to commencement of the Klamath Project. Second Decl. of Bill Essig at ¶¶ 3, 4 (July 14, 2003), Pls. Ex. 11, App. 91; *see also* Klamath Project Map (attached as Ex. 1).

5. Plaintiff, Klamath Basin Improvement District (KBID), is an Oregon water improvement district, located in Klamath County Oregon, organized in July of 1961, and existing under Oregon Revised Statutes, ch. 552. Under Oregon law, KBID was established by and represents all landowners within its boundaries. KBID was organized for and engages in the distribution of Klamath Project water for irrigation purposes. KBID receives water from facilities operated by Klamath Irrigation District (KID), Enterprise Irrigation District, Pine Grove Irrigation District, Malin Irrigation District,

Shasta View Irrigation District, and the VANBRIMMER DITCH COMPANY that convey irrigation water for beneficial use to KBID water users on approximately 10,595 acres of high-value agricultural land within the boundaries of KBID. Decl. of Warren Haught at ¶¶ 2, 3 (July 16, 2003), Pls. Ex. 21, App. 147; *see also* Klamath Project Map (attached as Ex. 1).

6. Plaintiff, Klamath Hills District Improvement Company (Klamath Hills), is an Oregon corporation formed for the use or control of water, located in Klamath County, Oregon, was organized on September 10, 1981 and exists pursuant to Oregon Revised Statutes, ch. 554. Under Oregon law, Klamath Hills was established by and represents all landowners within its boundaries. Klamath Hills oversees irrigation facilities such as pumps, pipes, and distribution systems that convey water for beneficial use on high value agricultural land served by the corporation. Klamath Hills obtained vested and determined water rights to Klamath Project water from the State of Oregon to irrigate 732.65 acres. Second Decl. of S.T. Waldrip at ¶¶ 2, 3, 5 (July 16, 2003), Pls. Ex. 19, App. 117; *see also* Klamath Project Map (attached as Ex. 1).

7. Plaintiff, Malin Irrigation District (MID), is an Oregon municipal corporation, located in Klamath County Oregon, organized on April 12, 1919, and existing under Oregon Revised Statute Chapter 545. Under Oregon law, MID was established by and represents all landowners within its boundaries. MID was organized for and engages in the distribution of water for irrigation purposes. MID operates and maintains irrigation and drainage facilities that convey irrigation water to water users for beneficial use on approximately 3,190 acres of high-value agricultural land within the boundaries of MID. All of the land within MID was in private ownership prior to construction of the Klamath

Project, and was being provided water through local irrigation companies. Second Decl. of Harold Hartman at ¶¶ 2, 3, 5 (July 16, 2003), Pls. Ex. 12, App. 95; *see also* Klamath Project Map (attached as Ex. 1).

8. Plaintiff, Midland District Improvement Company (MDIC), is an Oregon corporation, located in Klamath County, Oregon, for use or control of water organized and existing under Oregon Revised Statutes, ch. 552. Under Oregon law, MDIC was established by and represents all landowners within its boundaries. MDIC was created on December 7, 1950. MDIC operates and maintains irrigation and drainage facilities that convey Klamath Project water for beneficial use to water users on approximately 565 acres of high-value agricultural land within the boundaries of MDIC. Second Decl. of Frank Anderson at ¶¶ 2, 3 (July 16, 2003), Pls. Ex. 13, App. 99; *see also* Klamath Project Map (attached as Ex. 1).

9. Plaintiff, Pine Grove Irrigation District (PGID), is an Oregon irrigation district, located in Klamath County, Oregon, organized in 1918, and existing under Oregon Revised Statutes, ch. 545. Under Oregon law, PGID was established by and represents all landowners within its boundaries. PGID was organized for and engages in the distribution of water for irrigation purposes. PGID operates and maintains irrigation and drainage facilities that convey Klamath Project irrigation water to water users for beneficial use on approximately 925 acres of high-value agricultural land in Klamath County, Oregon. All the land within PGID was in private ownership prior to commencement of the Klamath Project, and were being irrigated by local irrigation companies. Second Decl. of Aubrey Campbell at ¶¶ 2, 3, 4 (July 16, 2003), Pls. Ex. 14, App. 101; *see also* Klamath Project Map (attached as Ex. 1).

10. Plaintiff, Poe Valley Improvement District (PVID), is an Oregon corporation, organized on September 3, 1952, and existing under Oregon Revised Statutes, ch. 554. Under Oregon law, PVID was established by and represents all landowners within its boundaries. PVID was created on September 3, 1952. PVID was organized for and engages in the distribution of Klamath Project water for irrigation purposes to lands within the boundaries of PVID to water users for beneficial use on approximately 2,860 acres of high-value agricultural land within the boundaries of PVID. All the land within PVID was in private ownership prior to commencement of the Klamath Project, and were being irrigated by local irrigation companies. Second Decl. of William D. Kennedy at ¶¶ 2, 3, 5, 6 (July 16, 2003), Pls. Ex. 15, App. 105; *see also* Klamath Project Map (attached as Ex. 1).

11. Plaintiff, Shasta View Irrigation District (SVID), is an Oregon municipal corporation, located in Klamath County, Oregon irrigation district, organized on February 18, 1918, and existing under Oregon Revised Statutes, ch. 545. Under Oregon law, SVID was established by and represents all landowners within its boundaries. SVID was organized for and engages in the distribution of Klamath Project water for irrigation purposes. SVID operates and maintains irrigation and drainage facilities that conveys irrigation water to water users for beneficial use on approximately 4,100 acres of high-value agricultural land within the boundaries of SVID. Many of the landowners within SVID maintained consistent farming practices using natural irrigation that existed before 1904, and all of the land within SVID was in private ownership prior to the institution of the Klamath Project. Second Decl. of Claude Hagerty at ¶¶ 2, 3, 4 (July 14, 2003), Pls. Ex. 16, App. 108; *see also* Klamath Project Map (attached as Ex. 1).

12. Plaintiff, Sunnyside Irrigation District (SID), is an Oregon municipal corporation, located in Klamath County Oregon, organized on April 22, 1918, and existing under Oregon Revised Statutes, ch. 545. Under Oregon law, SID was established by and represents all landowners within its boundaries. SID was organized for and engages in the distribution of Klamath Project water for irrigation purposes. SID was created on April 22, 1918. SID operates and maintains irrigation facilities that convey irrigation water to water users for beneficial use on approximately 675 acres of high-value agricultural land within the boundaries of SID. Second Decl. of Bill Moore at ¶¶ 2, 3, 4 (July16, 2003), Pls. Ex. 17, App. 112; *see also* Klamath Project Map (attached as Ex. 1).

13. Plaintiff, VANBRIMMER DITCH COMPANY (VANBRIMMER), is an Oregon business corporation, organized under and Oregon Act of February 18, 1891. VANBRIMMER operates in accordance with Oregon Revised Statutes, ch. 554. VANBRIMMER represents all landowner shareholders within it boundaries. The facilities of VANBRIMMER are located in Klamath County, Oregon, and consist of a headgate on the C Canal, a main canal and lateral canals. These irrigation and drainage facilities convey Klamath Project irrigation water to water users for beneficial use on approximately 5,050 acres of high-value agricultural land. Prior to the Klamath Project, VANBRIMMER obtained its water rights (and ditches) from the VanBrimmer Brothers. However, in 1909, the United States proposed to change the water level of Lower Klamath Lake for purposes of the Klamath Project, which was anticipated to (and did) completely destroy VANBRIMMER'S source of water supply used for irrigation. Therefore, on November 6, 1909, VANBRIMMER executed a water delivery and

repayment contract with the United States under which the United States recognized VANBRIMMER'S vested right to the use of fifty second feet of water for irrigation purposes from the Lower Klamath Lake and agreed to deliver this amount to VANBRIMMER. Gary Orem Decl. at ¶¶ 2, 3, 6, 7 (July 16, 2003), Pls. Ex. 20, App. 135; *see also* Klamath Project Map (attached as Ex. 1).

14. Plaintiff, Westside Improvement District (Westside), is a California improvement district, which is located in Siskiyou County, California, organized in 1956, and existing under California Water Code § 23647. Westside was created to provide for the maintenance of the dike that separates the farm land, which lies that an elevation below that of Tule Lake, from Tule Lake. Westside also operates pumps which lift seepage and drain water from Westside land and returns it to Tule Lake. The 1,190 acres of high-value irrigated agricultural land within Westside's boundaries is used to grow grain, alfalfa, potatoes, and onions. Second Decl. of Steve Kandra at ¶¶ 2, 3 (July 18, 2003), Pls. Ex. 18, App. 115; *see also* Klamath Project Map (attached as Ex. 1).

15. The Klamath Reclamation Project (Klamath Project), which straddles the southern Oregon and northern California borders, supplies irrigation water for beneficial use on farms and ranches located in Klamath River Basin. The Klamath Project area includes 240,000 acres of irrigable lands. (There are also national wildlife refuge lands within the Klamath Project area.). 200,000 of the 240,000 total irrigable lands within the Klamath Project receive their water from the Klamath River system that is stored in the Upper Klamath Lake. The remaining 40,000 acres are irrigated with water stored in Clear Lake Reservoir and Gerber Reservoir, and delivered through the Lost River system. In 2001, water deliveries from Clear Lake and Gerber Reservoir were not curtailed, and are

not part of this lawsuit. The 176,000 privately owned acres of land in the western portion of the Klamath Project, which are irrigated with water from the Upper Klamath Lake, had their water withheld in 2001. *See* KLAMATH PROJECT HISTORIC OPERATION (HISTORIC OPERATION) at 1, 5,6 (Dept. of Interior Bureau of Reclamation Nov. 2000), *available at* http://www.usbr.gov/mp/kbao/docs/Historic%20Operation.pdf; *see also* MAP AND FACTUAL DATA ON THE KLAMATH PROJECT (Bureau of Reclamation Sept. 2000) (hereinafter "MAP AND FACTUAL DATA "), Pls. Ex. 3, App. 50.

16. Authorized in 1905, the Klamath Project was one of the first water projects constructed under the Reclamation Act of 1902. In the Reclamation Act, "Congress set forth on a massive program to construct and operate dams, reservoirs, and canals for the reclamation of the arid lands in 17 Western states." *California v. United States*, 438 U.S. 645, 650 (1978). As with other Reclamation Act projects, the Klamath Project was to be self-sufficient. A " revolving fund was established with moneys received from the sale of public lands, and the Secretary of Interior was directed to survey the west and located and construct irrigation projects, opening up the improved lands to settlement under the homestead laws . . . . Construction costs were to be repaid into the fund by the settlers and landowners in ten annual installments without interest." Frank J. Trelease, *Reclamation Water Rights*, 32 ROCKY MTN. L. REV. 464, 465 (1960), Pls. Ex. 7, App. 58.

17. In return for their payments, in compliance with the Reclamation Act, Klamath Project farmers were to receive water rights from the Reclamation Service (later the Bureau of Reclamation). "[T]he right to the use of water acquired under the

provisions of this Act shall be appurtenant to the land irrigated, and beneficial use shall be the basis, the measure, and the limit of the right." 43 U.S.C. §§ 372, 383 (2003).

18. The states of Oregon and California ceded some of their land (notably the former lake bottoms of Tule Lake and Lower Klamath Lake, which were to be drained by the Klamath project) to the United States.

19. To facilitate payment for their Klamath Project water rights, on May 22, 1903 the landowners formed the Klamath Water Users Association (Association), a corporation to which all water right applicants were required to subscribe. The Association entered into a contract with the United States to guarantee "the payments for the water rights to be issued to the shareholders . . ." The function of collecting money from the landowners and making payments to Reclamation was assumed by KID in 1918, and by other districts as additional units of the Klamath Project came on line. The cost of Klamath Project facilities have long since been paid off, and the plaintiff districts have performed all obligations of their contracts. *See* KWUA 1905 Contract at ¶ 4 (Plfs.' Amended Compl. App. at Ex. 1, pp.1 (Mar. 24, 2003)); Second Solem Decl. at ¶ 6 (July 14, 2003), Pls. Ex. 8, App. 60; Second Danosky Decl. at ¶ 5 (July 16, 2003), Pls. Ex. 9, App. 67; Second Henzel Decl. at ¶ 13 (July 16, 2003), Pls. Ex. 10, App. 71; Second Hartman Decl. at ¶ 7 (July 16, 2003), Pls. Ex. 12, App. 95; Second Campbell Decl. at ¶ 6 (July 16, 2003), Pls. Ex. 14, App. 14; Second Hagerty Decl. at ¶ 6 (July 14, 2003), Pls. Ex. 16, App. 16; Orem Decl. at ¶ 7 (July 16, 2003), Pls. Ex. 20, App. 135; Second Anderson Decl. at ¶ 4 (July 16, 2003), Pls. Ex. 13, App. 99; Second Moore Decl. at ¶ 4 (July 16, 2003), Pls. Ex. 17, App. 112; Haught Decl. at ¶ 6 (July 16, 2003), Pls. Ex. 21, App. 147.

20. Plaintiff, KDD holds a vested and determined water right from the State of Oregon in the form of Klamath Drainage District Permit (No. 43334) to Appropriate the Public Waters of the State of Oregon (Sept. 5, 1978) issued by the Oregon Water Resources Department. Second Henzel Decl. at ¶ 14 (July 16, 2003), Pls. Ex. 10, App. 71.

21. Plaintiff, Klamath Hills holds a vested and determined water right from the States of Oregon in the form of Klamath Hills Improvement District Permit No. 48435 to Appropriate the Public Waters of the States of Oregon. *See* Second Waldrip Decl. at ¶ 5 (July 16, 2003), Pls. Ex. 19, App. 118.

22. Plaintiff, VANBRIMMER holds a vested and recognized right to the use of fifty second feet of water for irrigation purposes from the Klamath Project. *See* Orem Decl. at ¶ 7 (July 16, 2003), Pls. Ex. 20, App. 135.

Respectfully submitted,

s/ Nancie G. Marzulla

Roger J. Marzulla
Nancie G. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Ave., N.W.
Suite 410
Washington, DC 20036
202-822-6760
202-822-6774 (fax)

Dated: March 14, 2005

003E00042195

