IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | |
|---|---|
| **In Re SRBA** | **Consolidated Subcase: 91-63** |
| **Case No. 39576** | **ORDER ON MOTION FOR RECONSIDERATION AND ORDER MODIFYING COURT'S JANUARY 14, 2005, *FINAL ORDER*** |

## I. PROCEDURE

A. On January 14, 2005, this Court issued a *Final Order on Cross-Motions for Summary Judgment* in the above-captioned matter. In the *Final Order*, the Court ordered the following:

> THEREFORE, the following are hereby ordered:
>
> 1. The name of the United States of America acting through the Bureau of Reclamation shall appear in the "*Name and Address*" element of the partial decrees.
>
> 2. In the "*Other Provisions Necessary for Definition or Administration of Water Right*" section of the partial decrees, the following remark shall appear:
>
> Although the name of United States of America acting through Bureau of Reclamation appears in the Name and Address section of this partial decree, the ownership of this water right is divided. The United States Bureau of Reclamation holds nominal legal title. Beneficial or equitable title is vested in the landowners using the water. Pursuant to Idaho law, the landowners' interest is held in trust by the various irrigation organizations contracting with the Bureau of Reclamation for delivery and/or storage of this water, in quantities and/or percentages specified in the respective contracts between the Bureau of Reclamation and the irrigation organizations.

B. On January 28, 2005, Ballentyne Ditch Co., *et al*., (Ballentyne) filed a *Motion for Reconsideration/Clarification*, together with a memorandum in support. The United States, Gene Bray *et al*., Pioneer and Settlers Irr. Dist, the Boise Project and Committee of Nine all filed responses. On February 18, 2005, Ballentyne filed a reply.

C. A hearing was held on the *Motion* on February 15, 2005. The matter was taken under advisement and deemed fully submitted the next business day or February 16, 2005.

## II.
## DISCUSSION

A. Ballentyne's *Motion* raised four primary issues: 1) The Court's remark ambiguously defined the ownership of the right as between the Bureau of Reclamation, the irrigation organizations and the landowners within the organization and was inconsistent with the Court's opinion; 2) The remark failed to include the specific quantities individually held on behalf of the landowners by each of the irrigation organizations, 3) The remark could be interpreted to read that the irrigation organization's interest relies solely on contract; and 4) The remark failed to state that beneficial interest held by the respective irrigation organizations is appurtenant to the lands of the landowners within the irrigation organization.

**1. The Court's remark was ambiguous in defining the ownership relationship between the Bureau of Reclamation, the irrigation organizations and the landowners within the organization.**

The Court agrees that the remark concerning the ownership of the water rights as between the Bureau of Reclamation, the irrigation organizations and the landowners that beneficially use the water was ambiguous and could be read to not accurately reflect the Court's prior ruling or the ownership relationship between an irrigation organization and the landowners within the organization. Also, after reading the briefing and hearing oral argument, it appears that there is also some disagreement over the Court's prior ruling. The Court's September 1, 2004, *Memorandum Decision* decided that under applicable federal law, the interest to the subject water rights was divided between the Bureau of Reclamation and the landowners beneficially using the water. Further, because the irrigation organizations, not the individual landowners, contracted with the Bureau of Reclamation on behalf of the landowners and because under Idaho law, irrigation districts hold the title to the water rights in trust for the benefit of the landowners, this Court held

that the beneficial interest or equitable title is held in trust by the irrigation organization on behalf of the landowners. For purposes of defining the ownership the Court agrees that the prior remark is somewhat ambiguous or confusing in stating that beneficial title is vested in the landowners but held in trust by the irrigation organizations on behalf of the landowners. Accordingly, the Court will modify the language to eliminate the ambiguity.

**2. The inclusion in the remark of an exhibit identifying the specific quantities held by each individual irrigation organization is not necessary.**

The inclusion in the remark of the quantities held by the individual irrigation organizations is not necessary for purposes of defining or administering the water rights. The reference to the contracts between the Bureau of reclamation and the irrigation organizations is sufficient for purposes of identifying quantities to be delivered to individual irrigation organizations. In the interest of standardizing and simplifying the form of the partial decree, it was determined from the outset of the SRBA that every administrative term pertaining to a water right would not need to be included in the body of the partial decree. Accordingly, pertinent contracts, stipulations or other documents specifying how a particular right is to be administered are frequently referenced or incorporated into the partial decree without including all of the terms of the contract or document in the face of the partial decree. The Court acknowledges that in disputes concerning the administration of the water right the Idaho Department of Water Resources may refer to a document that has been incorporated by reference into a partial decree. This process is not new to the SRBA. In these subcases, the Court referred to the contracts for purposes of incorporating the identities of the irrigation organizations holding the beneficial title and the specific quantities held by each.

**3. The reference to the contract could be interpreted as a limitation on the interests of the irrigation organizations.**

Ballentyne also raised the related concern that the reference to the contracts in the partial decree could be interpreted to stand for the proposition that the interests of the irrigation organizations are solely derived from contract. This Court rejected the argument that any interest held by the irrigation organizations on behalf of the

landowners was purely contractual in nature for the same reasons discussed by Justice Rehnquist in *Nevada v. United States*, 463 U.S. 110 (1983). The Court will nonetheless modify the remark in the interest of eliminating any potential ambiguity.

**4. The equitable interest is appurtenant to the lands within the respective boundaries of the irrigation organization.**

Ballentyne also asserts that a statement is necessary to specify that the beneficial interests held by the respective irrigation organizations are appurtenant to the lands of the landowners serviced by the irrigation organization, as opposed to being appurtenant to the Boise Project as a whole. The Boise Board of Control argued that any such statement should specify that the interest is appurtenant to the "lands within the boundaries of or serviced by the irrigation organization" to correctly reflect that the rights can be moved within the boundaries of an irrigation organization servicing the landowners without going through an administrative transfer proceeding. This Court agrees.

## III.
## ORDER

THEREFORE, based on the foregoing, the remark contained in the Court's January 14, 2005, *Final Order* is amended as follows:

> 2. In the "*Other Provisions Necessary for Definition or Administration of Water Right*" section of the partial decrees, the following remark shall appear:
>
> Although the name of the United States of America acting through the Bureau of Reclamation appears in the Name and Address section of this partial decree, the ownership of this water right is divided. The United States Bureau of Reclamation holds nominal legal title. Beneficial or equitable title to this water right is held in trust by the irrigation organizations, in the quantities and/or percentages specified in the contracts between the Bureau of Reclamation and the irrigation organizations, for the benefit of the landowners entitled to receive distribution of this water from the respective irrigation organizations pursuant to Idaho law. As a matter of law, this interest is appurtenant to the lands within the boundaries of or served by such irrigation organization. The ownership of this water right is derived from law and is not based exclusively on the contracts between the Bureau of Reclamation and the irrigation organizations.

IT IS SO ORDERED

Dated March 3, 2005

/s/John M. Melanson

JOHN M. MELANSON
Presiding Judge
Snake River Basin Adjudication