# In The United States Court of Federal Claims

No. 01-591 L

(Filed: April 21, 2005)

KLAMATH IRRIGATION DISTRICT, *et al.*,
Plaintiffs,
v.
THE UNITED STATES,
Defendant,
PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,
Defendant-Intervenor.

**ORDER**

On February 28, 2005, this court allowed the Pacific Coast Federation of Fishermen's Associations (PCFFA) to intervene, as a defendant, in this matter. On March 30, 2005, this court conducted oral argument on whether any of the plaintiffs possess property rights in the waters of the Klamath Basin. On April 12, 2005, plaintiffs filed a motion seeking reconsideration of this court's intervention order or, in the alternative, certification of the intervention order under 28 U.S.C. § 1292(d)(2).

For the most part, plaintiffs' arguments in support of its motion for reconsideration are rewarmed versions of the arguments previously rejected by the court, which arguments are no more palatable the second time around. While plaintiffs claim that the court misunderstood this case – particularly, as to which salmon PCFFA harvests – the court, in fact, labored under no such misunderstanding, but rather simply rejected, as unfounded, plaintiffs' cramped view of RCFC 24(a)(2). Plaintiffs also argue that intervention was inappropriate because PCFFA had no property interest in the water here, seemingly refusing to come to grips with the wording of RCFC 24(a)(2), which does not require that PCFFA possess such a property interest, but only that it claim an interest "relating to the property or transaction which is the subject of the action." In its prior order, the court found this requirement met and nothing in plaintiffs' reconsideration motion now convinces the court otherwise.

Plaintiffs' alternative request that the court certify the question of intervention for interlocutory appeal under 28 U.S.C. § 1292(d)(2) is perplexing. Almost certainly, the delay associated with such an interlocutory appeal would not materially advance the interests of any of the plaintiffs, who, until recently, were urging this court to move expeditiously to resolve this long-pending case. Moreover, to file such a motion after oral argument has already been conducted on what may be the key substantive issue in this case is particularly odd. At all events, the court does not believe that the intervention issue presents a "controlling question of law" within the meaning of 28 U.S.C. § 1292(d)(2). Accordingly, the court concludes that an interlocutory appeal of its intervention order is unwarranted.

In sum, plaintiffs' motion for reconsideration is **DENIED** and its motion to certify this court's intervention order under 28 U.S.C. § 1292(d)(2) is **DENIED**.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Judge