# In The United States Court of Federal Claims

No. 01-591 L

(Filed: April 21, 2005)

KLAMATH IRRIGATION DISTRICT, *et al.*, *
Plaintiffs, *
v. *
THE UNITED STATES, *
Defendant, *
PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, *
Defendant-Intervenor. *

**ORDER**

The amended complaint in this action lists 27 separate plaintiffs, including 11 irrigation, water, or improvement districts; ten individuals; and six corporations and partnerships. Plaintiffs are located in both Oregon and California. The claims asserted by plaintiffs vary in several potentially material respects – notably, the source of each plaintiff's alleged property right in Klamath Project water.

This court has previously engaged in a detailed analysis of joinder under RCFC 19(a) and 20(a). *See Franconia Associates v. United States*, 61 Fed. Cl. 335 (2004). Based upon the l circumstances of the plaintiffs here, and upon the interpretation of this court's joinder rules set forth in *Franconia Associates*, this court concludes that the plaintiffs in this case are improperly joined. In short, while the claims of these individuals obviously share common legal and factual questions, they do not meet the transactional test of RCFC 20(a).

RCFC 21 allows the court to raise this issue *sua sponte* at any stage in the proceedings. Under that same rule, if a party is improperly joined, the proper remedy is not to dismiss the case entirely, but rather to drop the improper parties "on such terms as are just." *See* 7 Wright, Miller & Kane § 1684, at 484.

Based on the foregoing, the court concludes as follows:

1. The Clerk is ordered to sever the claims of the following plaintiffs from that of Klamath Irrigation District: Tulelake Irrigation District, Klamath Drainage District, Poe Valley Improvement District, Sunnyside Irrigation District, Klamath Basin Improvement District, Klamath Hills District Improvement Co., Midland District Improvement Co., Malin Irrigation District, Enterprise Irrigation District, Pine Grove Irrigation District, Westside Improvement District No. 4, Shasta View Irrigation District, Van Brimmer Ditch Co., Fred A. Robison, Albert J. Robison, Lonny E. Baley, Mark R. Trotman, Baley Trotman Farms, James L. Moore, Cheryl L. Moore, Daniel G. Chin, Deloris D. Chin, Wong Potatoes, Inc., Michael J. Byrne, Daniel W. Byrne, and Byrne Brothers.

2. The Clerk shall treat the claims of each of these plaintiffs as separate actions and shall assign separate docket numbers to each of those cases, beginning with the number "01-591L."

3. Pursuant to RCFC 42, these newly-created cases shall be consolidated for all purposes with *Klamath Irrigation District v. United States*, 01-591L, unless otherwise ordered by the court, and all future filings in this matter shall be filed under the consolidated caption, unless otherwise ordered by the court.

4. This order does not require the parties to file or refile any additional documents in the newly-created cases, the dockets and records of which shall be deemed to include any prior filings in this action.

5. The court hereby waives any additional filing fees that would otherwise be due pursuant to RCFC 77.1( c).

**IT IS SO ORDERED:**

s/Francis M. Allegra
Francis M. Allegra
Judge