parties named as appellants shall be made parties, summons in such appeal shall be issued by the clerk of such district court and served in the manner provided by law for the service of summons in action of law; and all proceedings on appeal shall be conducted according to the code of civil procedure; *and such actions shall be tried in said court de novo.* All costs made and accruing, by reason of such appeal shall be adjudged to be paid by the party or parties against whom such appeal shall be finally determined. †The Attorney General, and the County Attorney in counties where appeals are taken and in which legal questions arise shall be the legal advisors of the State Board of Irrigation, Highways and Drainage and the officers under them, and shall perform any and all legal duties necessary in connection with their work without other compensation than their salaries as fixed by law, except when otherwise provided.

**History.**—Laws 1895, ch. 69, p. 251, sec. 25; in force April 4. * to * inserted and all after † added 1911, p. —, ch. —, sec. 20; in force April 10.

**6805. County clerks—Transcripts of claims to appropriation of water.**

Within thirty days from the passage of this act it shall be the duty of the county clerk of each of the counties of this state to prepare a full and complete transcript of all the claims to appropriations of water now on file in their respective offices, and to transmit the same without delay to the secretary of the state board by express or registered mail, for which service he shall be paid by the county the sum of five cents per folio to prepare said transcript; Provided, That the county clerk may, in place of such abstract, transmit the original record of claims to water that are recorded in books kept especially for the purpose, in which case he shall receive no compensation.

**History.**—Laws 1895, ch. 69, p. 251, sec. 26; in force April 4.

**6806. Filing and classification of claims by state board.**

Immediately on receipt of said transcripts or the original records, it shall be the duty of the state board to file them in its office, and to classify and arrange said claims by placing all the claims to the waters of one stream and its tributaries together.

**History.**—Laws 1895, ch. 69, p. 252, sec. 27; in force April 4.

**6807. Application for appropriation—Record—Examination—Appeal.**

The United States of America and every person, association or corporation hereafter intending to appropriate any of the public waters of the State of Nebraska shall, before commencing the construction, enlargement or extension of any works for such purpose, or performing any work in connection with the same, or before taking any water from any constructed works, make an application to the State Board for a permit to make such appropriation. Said application shall set forth the name and postoffice address of the applicant, the source from which said appropriation shall be made, the amount thereof as near as may be, the location of any proposed work in connection therewith, the time required for their completion, said time to embrace the period required for the construction of the ditches thereon and the time at which the application of the water for the beneficial purposes shall be made, which said time shall be limited to that required for the completion of the work when prosecuted with diligence, the purpose for which water is to be applied, and if for irrigation a description of the land to be irrigated thereby,

appeal
ıer pro-
eedings
e; *and
l accru-
arty or
ttorney
:en and
oard of
all per-
without
herwise

and all

ır.
duty of
ıd com-
ı file in
e secre-
vice he
ıre said
bstract,
ı books
:ompen-

it shall
ify and
am and

corpora-
he State
r exten-
ınection
s, make
priation.
ıe appli-
amount
ınection
race the
time at
e made,
ı of the
is to be
thereby,



and the amount thereof, and any additional facts which may be required by the State Board. On receipt of this application, which shall be of a form prescribed by the State Board and to be furnished by the secretary without cost to the applicant, it shall be the duty of the State Board through its secretary, to make a record of the receipt of said application and cause the same to be recorded in its office, and to make a careful examination of the application to ascertain whether it sets forth all the facts necessary to enable the State Board to determine the nature and amount of the proposed appropriation. If such an examination shows the application in any way defective it shall be the duty of the State Board to return the same to the applicant for correction, with a statement of the correction required, within thirty days after its receipt and thirty days shall be allowed for the refiling thereof, in default of which refiling the application shall stand dismissed, but if filed corrected as required within such time the application shall upon being accepted and allowed, take priority as of date of original filing subject to compliance with the future provisions of the law and the regulations thereunder. If there is unappropriated water in the source of supply named in the application, and if such appropriation is not otherwise detrimental to the public welfare, the State Board, through its secretary, shall approve the same by endorsement thereon and shall make a record of such endorsement in some proper manner in his office and return the same so endorsed to the applicant, who shall, on receipt thereof, be authorized to proceed with the work and to take such measures as may be necessary to perfect such appropriation. The priority of such appropriation shall date from the filing of the application in the office of the State Board, and the date of the filing shall be regarded as the priority number thereof. Provided, however, that the State Board, through its secretary, may, upon examination of such application, endorse it approved for a less period of time for perfecting the proposed appropriation than that named in the application or for a less amount of water than the amount of water stated in the application, or for a less amount of land; and no permit to irrigate any land shall be allowed unless the owner or owners of such land shall give consent to the same in proper form, duly acknowledgeg before some officer legally qualified to take acknowledgements. And, provided further, that an applicant, feeling himself aggrieved by the endorsement made upon his application may take an appeal therefrom to the District Court of the county in which may be situatetd the point of diversion of the proposed appropriation. Such appeal shall be perfected when the applicant shall have filed in the office of the Clerk of the District Court a copy of the order appealed from, certified by the Secretary of the State Board as a true copy, together with the petition to such court, setting forth appellant's reasons for such appeal. Such appeal shall be heard and determined upon such competent proofs as shall be produced by the applicant and such like proofs as shall be produced by the State Board by any person duly authorized in its behalf. If there is no unappropriated water in the source of supply, or if a prior appropriation has been made to water the same land to be watered by the applicant, the State Board, through its secretary, shall refuse such appropriation and the party making such application shall not prosecute such work so long as such refusal shall continue in force.

**History.**—Laws 1895, ch. 69, p. 252, sec. 28; in force April 4. Amended 1911, p. —, ch. —, sec. 21; in force April 10.

1. An application for a permit which does not describe the location of the canal nor give a description of the land to be irrigated is not good. Farmers Irr. Dist.

v. Frank, 72 Neb. 136; 100 N. W. 286.

2. Under the facts stated, held that the right of appropriation of water was not lost by abandonment. Non-user must be continued for a time equal to the statutory limitation upon actions to recover possession of real property in order to work a loss of the right. The provisions of this section are not violative of any constitutional provision. Farmers Irr. Dist. v. Frank, 72 Neb. 136; 100 N. W. 286.

### 6808. Plat of works and lands.

Upon approval and allowance of an application, the applicant shall file in the office of the State Board of Irrigation, Highways and Drainage, within six months thereafter, a map or plat, which map or plat shall be made to conform to the rules and regulations of said Board as to material, size and coloring, and upon a scale of not less than two inches to the mile. Such map or plat shall show the source from which the proposed appropriation is to be taken, and all proposed dams, dykes, reservoirs, canals, power houses and any other structures for the purpose of storing, conveying or using water for any purpose whatsoever under the Irrigation Law of this state, and their true courses or positions in connection with the boundary lines and corners of lands which they occupy, and when lands are listed for irrigation, such lands must be shown in government sub-divisions, or fractions thereof, as the case may be, and no rights shall be deemed to have been acquired until this section of the Statutes shall have been complied with, and a failure to comply with this section shall work a forfeiture of the appropriation and all rights thereunder.

**History.**—Laws 1895, ch. 69, p. 254, sec. 29; in force April 4. Amended 1911, p. —, ch. —, sec. 22; in force April 10.

### 6809. Certificate of appropriation—Recording.

Upon its being made to appear to the satisfaction of the state board that the application in this act provided for, has been perfected in accordance with law, and the endorsement thereon by the secretary of the state board, it shall be the duty of said board by the hand of its president attested by the secretary, to send to the county clerk a certificate of the same character as that described in section 21 of this act, which said certificate shall be recorded in the office of the county clerk, and provided for in section 21 of this act [6800].

**History.**—Laws 1895, ch. 69, p. 254, sec. 30; in force April 4.

### 6810. Date of priority.

The priority of such appropriation shall date from the filing of the application in the office of the state board.

**History.**—Laws 1895, ch. 69, p. 254, sec 31; in force April 4.

### 6811. Standard measurements of water.

The standard of measurement for flowing water shall be a cubic foot per second of time, both for determining the flow of water in natural streams and for the purpose of distributing therefrom when appropriations have been made for direct flow. The standard of measurement of the volume of water shall be an acre-foot, equivalent to 43560 cubic feet, and when water is stored in any natural or artificial reservoir, it shall be used for determining the capacity of such storage reservoirs, the amount stored and the amount used therefrom. What is known as the miner's inch shall be regarded as one-fiftieth of a cubic foot per second in all cases.

**History.**—Laws 1895, ch. 69, p. 254, sec. 32; in force April 4. Amended 1911, p. —, ch. —, sec. 23; in force April 10.

**6835. Reservoirs—Rights and liabilities of owners.**

Every person, corporation or association intending to construct and maintain a storage reservoir for irrigation or any other useful purpose, shall make an application to the State Board as herein before provided, setting forth all the facts required by the said Board upon a form prescribed and furnished to the applicant without cost, which application shall be handled in the same manner and under the same rules and regulations as other applications. Upon the approval of such application, the applicant shall have the right to impound any and all waters not otherwise appropriated, and any appropriated water not needed for immediate use, to construct and maintain necessary ditches for the purpose of conducting water to such storage reservoir and to condemn land for such reservoir and ditches in the same manner as is provided by law for the condemnation of rights of way for other ditches. The owner or owners of such storage reservoir shall be liable for all damages arising from leakage or overflow of the water therefrom, or from the breaking of the embankment of such reservoir. The owners or possessors of reservoirs shall not have the right to impound any water whatever in such reservoir during the time that such water required in ditches for direct irrigation or for reservoirs holding senior rights. That whenever any person or company shall divert water from a public stream and return it into the same stream, such person or company may take out the same amount of water again, less a reasonable deduction for seepage and evaporation to be determined by the State Engineer, providing no prior appropriator for beneficial use shall be prejudiced by such diversion. After the completion of such storage reservoir, to the satisfaction of the State Board, any person, corporation or association proposing to apply to beneficial use the water stored in such reservoir shall file with the State Board of Irrigation, Highways and Drainage, an application for a permit in the form required for applications from other sources, particularly describing the use to which the water is to be applied, and if for irrigation, a description of the land to be irrigated, together with the written consent of the land owners, duly acknowledged. The owner or owners of such storage reservoir shall have a preferred right to make such application for a period of six months from the time limited for the completion of such reservoir, the day of expiration of such period shall be endorsed upon the application when allowed; and if made by any other than such owner or owners prior to the expiration of such time, the same shall not be approved by the State Board of Irrigation, Highways and Drainage, until the applicant shall show by documentary evidence that he has acquired a sufficient interest in such storage reservoir to entitle him to enough water for the purpose set forth in said application. No allotment of stored water for irrigation shall exceed three acre feet during any calendar year for each acre of land for which said appropriation may be made. Provided, however, that a reservoir constructed for the purpose of holding water back and raising it in order that it may be applied to lands of a higher level or given a greater head for power, shall not be considered a storage reservoir but such reservoir, together with the diverting or impounding dam must be described in an application for flowing water when water is to be raised in order to perfect the appropriation. Provided, the provisions of this section shall not apply to reservoirs, the water of which is returned to the same source of supply for irrigation.

**History.**—Laws 1895, ch. 69, p. 264, sec. 56; in force April 4. Amended 1903, ch. 120, p. 614; in force August 1. Rewritten 1911, p. —, ch. —, sec. 32; in force April 10.





**6836. N**
Any
used for
this act
the prop
to shall
fined in
offense,
days.
**History.**—

**6837. I**
Any
lateral c
for safe
ditch, la
fering w
when th
per seco
good m
exceedin
twelve c
concrete
side of
such ma
and the
thereon,
highway
County
local co
the spe
specifica
rant. A
road ov
may ap
in such
existing
sioners t
be found
or canal
aminatio
ditch or
forthwit
damages

**History.**—
—,

1. This
ferring a
ular class
tion from

**6838. E**
The

tain the embankments thereof so as to prevent waste therefrom, and shall return the unused water from such ditch or canal with as little waste thereof as possible to the stream from which such water was taken or to the Missouri River.

**History.**—Laws 1895, ch. 69, p. 266, sec. 59; in force April 4.

**6839. Overflow upon highway—Penalty—Duties of road overseer.**

It shall be the duty of any owner or owners of any ditch or canal to so construct and maintain such ditch or canal as to prevent any overflow therefrom upon any road or highway, and any violation of the provisions of this section shall subject such owner or owners of such ditch or canal to a penalty of ten dollars for each day any such road or highway shall be obstructed by water through the negligence of any such owner or owners, and it shall be the duty of the overseer of the highways of the district in which such damages occur to collect such penalty by suit or otherwise and the money thus collected shall be placed in the school fund of the county.

**History.**—Laws 1895, ch. 69, p. 266, sec. 60; in force April 4.

**6840. Exemption from taxation.**

All ditches, canals, laterals or other works used for irrigation purposes shall be exempt from all taxation, whether state, county or municipal.

**History.**—Laws 1895, ch. 69, p. 266, sec. 61; in force April 4.

**6841. Work of appropriator—Forfeiture of rights.**

Within six months after the approval of any application for water under this act by the state board of irrigation the person or persons, corporation or association making such application shall commence the excavation or construction of the works in which it is intended to divert the water and shall vigorously, diligently and uninterruptedly prosecute such work to completion unless temporarily interrupted by some unavoidable and natural cause, and a failure to comply with this section shall work a forfeiture of the appropriation and all rights thereunder.

**History.**—Laws 1895, ch. 69, p. 266, sec. 62; in force April 4.

**6842. Contracts for use of water—Recording.**

Whenever any person, persons or corporation owning any irrigation ditch, or canal shall convey by deed or contract the right to use the water from such ditch or canal for any tract of land for irrigation purposes, such deed or contract shall be recorded in the county where such land is situated, in the same manner and under the same conditions as deeds for real estate are recorded. And such deed or contract, from the date of recording thereof, shall be binding upon the grantor of such deed or contract, his, their or its successors or assigns and all persons companies or corporations claiming any interest in such ditch or canal, and no foreclosure or other proceedings to collect money from or subject the sale of the property of the owners of such ditch or canal, shall in any manner impair the right of such grantee, his heirs, administrators or assigns to the use of the water from such ditch or canal in the quantity and manner provided in such deed or contract.

**History.**—Laws 1895, ch. 69, p. 267, sec. 63; in force April 4.

1. Damages for failure to supply water to unbroken land should be based on the difference between the rental value with water and without water. Wade v. Belmont I. C. & W. P. Co., —Neb. —; 128 N. W. 514.





6843. Adv
Upon
irrigation
to advanc
peal prec
and if an
district c
duty of t
for the tr

History.—I

6844. Wa
Wate
declared

History—L

6845. Mu
Any
the purp
works fo
such can
and any
this act,
by the co
of one sh

History.—

1. An ir
der the la
source of
the operat
conducts
pose of irr
and stockh
irrigation
Swanger v
516.
2. A con
may adopt
the water
holders in
to contrib

6846. Co
Any
the purp
irrigatio
shares, st
ing fund
associati
become a
shall bec
stock or
sale shal
in the co

under the irrigation laws to water from any irrigation canal or irrigation appropriation for any lands owned by said person or corporation and where prior to the building of the laterals and the application of the water to such land any intervening canal, ditch or lateral has been constructed by any company, person, corporation or irrigation district and where there are lands of others between the lands of such person or corporation for which such contract has been made, the said person or corporation owning such lands for which said contracts for water have been made shall have the right to construct the laterals from such irrigation canal to the lands owned by him and to have such irrigation laterals cross the lands and intervening canals to the land owned by him. If such intervening owners shall refuse to sell the right of way for said irrigation lateral said owner shall have the right of eminent domain to condemn said right of way, in the same manner as condemnation proceedings are now permitted for the construction of irrigation canals.

**History.**—Laws 1911, p. —, ch. —, sec. 1; in force July 6.

Sec. 6924x4. An Act to authorize the United States to furnish legal appropriators with stored and developed water for irrigation purposes. Hoagland's bill 1911, p. —, ch. —; in force April 10.

**6924x4. United States furnish individuals stored water.**

That the United States of America is hereby authorized to appropriate, develop and store any unappropriated waters under the terms and provisions of the general appropriation laws of the State of Nebraska and which water is used in connection with any project constructed by the United States pursuant to the provisions of an act of Congress approved June 17, 1902, being an act providing for the reclamation of arid lands (32 Stat. L. 388) and all acts amendatory thereof and supplemental thereto. Provided, that when it shall be determined by the officers of the United States Reclamation Service that any water so developed or stored is in excess of the needs of the project as it may at that time be completed, it shall be lawful for the United States to enter into contract to rent or sell such developed or stored water under the terms and conditions imposed by act of Congress and the rules and regulations of the United States, to any person, association, firm or corporation who may have heretofore been granted a permit to appropriate a portion of the normal flow of any stream, but which water right belonging to such person, association, firm or corporation may at some portion of the year be found insufficient for the needs of the land to which it is apppurtenant. The United States and every person, association, firm or corporation entering into a contract as herein provided shall have the right to conduct such water into and along any of the natural streams of the state, but not so as to raise the waters thereof above ordinary high water mark, and may take out the same again at any point desired, without regard to the prior rights of others to water from the same stream; but due allowance shall be made for evaporation and seepage, the amount of such allowance to be determined by the State Engineer, and it shall be the duty of the State Engineer to supervise and enforce the delivery of such water so delivered with like authority and under the same provisions as in the case of general appropriators of water made and provided. A properly certified copy of all such contracts for the sale or rental of water by the United States as herein provided shall immediately upon its execution be furnished to the State Board of Irrigation, Highways and Drainage, and the State Engineer and Water Commissioner of the district shall be properly





notified
the del

**History.**

Sec.
of office
priating
p. —, ch

**6924x5.**
Th
associa
device
divisio
measur
tract a
any co
or othe
of any
approp
at the
of the
of that
before
intend
in each
of the

**History.**

Sec.
already

**6924x6**
Th
divert
the pu
priated
approp
may m
and or
Draina
manne
such c
the ow
conditi

**History.**

igation
where
to such
ıy com-
ınds of
ch con-
ads for
to con-
im and
: to the
ıe right
ɔminent
nnation
als.

ɔpriators
1, p. —.

opriate,
ovisions
h water
tes pur-
2, being
and all
when it
Service
project
d States
r under
ıd regu-
poration
rtion of
uch per-
ɔe found
e United
o a con-
into and
e waters
ne again
o water
tion and
Engineer,
orce the
the same
provided.
of water
xecution
age, and
properly



notified of the time when such water shall be delivered that he may supervise the delivery thereof.

**History.**—Laws 1911, p. —, ch. —, sec. 1; in force April 10.

Sec. 6924x5. An Act providing for lists of all lands to be watered, list of the names of officers, owners and those in control of any ditch, reservoir or other device for appropriating water, and reports of gauge heights in time of scarcity. Hoagland's bill 1911, p. —, ch. —; in force April 8.

### 6924x5. Watered lands to be listed—Officers of company.

That by the first day of April of each year, every person, corporation or association owning or controlling any irrigation ditch, reservoir or other device for appropriating water shall furnish the superintendent of each water division with a list of all lands to be watered through each headgate and measuring flume or other measuring device together with the area of each tract and the total acreage thereof and a list of the names of the officers of any corporation or association owning or in control of any ditch, reservoir or other device for appropriating water in said water division and the names of any person owning or in control of any ditch, reservoir or other device for appropriating water in said water division, and in times of scarcity of water, at the request of the superintendent, make daily reports of the gauge height of the water at the measuring flume, and mail the same to the superintendent of that water division, which lists and reports shall be verified under oath before some officer qualified to administer oaths and affirmations. The superintendent shall use such lists and reports as a basis in the distribution of water in each of the subdivisions of his water division until the first day of April of the year following.

**History.**—Laws 1911, p. —, ch. —, sec. 1; in force April 8.

Sec. 6924x6. An Act to appropriate water and irrigate land for which water has already been appropriated. Hoagland's bill 1911, p. —, ch. —; in force April 8.

### 6924x6. Divert water already appropriated.

That whenever any corporation, association or person, shall desire to divert any of the unappropriated waters of any natural lake or stream, for the purpose of irrigating lands for which water has already been appropriated, but for which in times of scarcity no water can be obtained from the appropriation already made therefor, such corporation, association or person may make application for such appropriation, the same as in cases of other and original appropriations, to the State Board of Irrigation, Highways and Drainage, and such application shall be acted upon by said Board in the same manner as other appropriations are acted upon as in this act provided; and such corporation, association or person, may furnish or rent such water to the owners of said lands, under the same provisions and subject to the same conditions as other water may be furnished or rented.

**History.**—Laws 1911, p. —, ch. —, sec. 1; in force April 8.

C

NEBRASKA REVISED STATUTES OF 1943
CHAPTER 46. IRRIGATION AND REGULATION OF WATER
ARTICLE 2. GENERAL PROVISIONS
(G) IRRIGATION WORKS; CONSTRUCTION, OPERATION, AND REGULATION

**§ 46-273. Water; United States may furnish to individuals; conditions and requirements.**

The United States of America is hereby authorized, in conformity to the laws of the State of Nebraska, to appropriate, develop, and store any unappropriated flood or unused waters, in connection with any project constructed by the United States pursuant to the provisions of an Act of Congress approved June 17, 1902, being An Act providing for the reclamation of arid lands (32 Stat. L. 388), and all acts amendatory thereof and supplemental thereto. When the officers of the United States Bureau of Reclamation determine that any water so developed or stored is in excess of the needs of the project as then completed or is flood or unused water, the United States may contract to furnish such developed, stored, flood, or unused water, under the terms and conditions imposed by Act of Congress and the rules and regulations of the United States, to any person who may have theretofore been granted a permit to appropriate a portion of the normal flow of any stream, if the water so appropriated shall, during some portion of the year, be found insufficient for the needs of the land to which it is appurtenant. The United States and every person entering into a contract as herein provided shall have the right to conduct such water into and along any of the natural streams of the state, but not so as to raise the waters thereof above the ordinary high water mark, and may take out the same again at any point desired, without regard to the prior rights of others to water from the same stream; but due allowance shall be made for losses in transit, the amount of such allowance to be determined by the Department of Natural Resources. The department shall supervise and enforce the distribution of such water so delivered with like authority and under the same provisions as in the case of general appropriators.

Source: Laws 1919, c. 190, tit. VII, art. V, div. 3, § 28, p. 856; C.S.1922, § 8478; C.S.1929, § 46-628; R.S.1943, § 46-273; Laws 1955, c. 183, § 5, p. 517; Laws 1987, LB 140, § 10; Laws 2000, LB 900, § 126.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C

NEBRASKA REVISED STATUTES OF 1943
CHAPTER 46. IRRIGATION AND REGULATION OF WATER
ARTICLE 2. GENERAL PROVISIONS
(F) APPLICATION FOR WATER

**§ 46-233. Application to appropriate water; time of making; contents; procedure; priority date; notice; hearing; temporary permit; emergency use.**

(1) The United States and every person intending to appropriate any of the public waters of the State of Nebraska shall, before (a) commencing the construction, enlargement, or extension of any works for such purpose, (b) performing any work in connection with such construction, enlargement, or extension, or (c) taking any water from any constructed works, make an application to the department for a permit to make such appropriation. A permit may be obtained to appropriate public waters for intentional underground water storage and recovery of such water. A public water supplier may make application to appropriate public waters for induced ground water recharge.

(2) The application shall be upon a form prescribed and furnished by the department without cost to an applicant. Such application shall set forth (a) the name and post office address of the applicant, (b) the source from which such appropriation shall be made, (c) the amount of the appropriation desired, as nearly as it may be estimated, (d) the location of any proposed work in connection with the appropriation, (e) the estimated time required for its completion, which estimated time shall include the period required for the construction of ditches, pumps, and other features or devices, (f) the time estimated at which the application of the water for the beneficial purposes shall be made, which time shall be limited to a reasonable time following the estimated time of completion of the work when prosecuted with diligence, (g) the purpose for which water is to be applied and (i) if for induced ground water recharge by a public water supplier, a statement of the times of the year when and location along a stream where flows for induced ground water recharge are proposed and (ii) if for irrigation, a description of the land to be irrigated by the water and the amount, and (h) such facts and supporting documentation as are required by the department which shall include, but not be limited to, the depth of all wells, the extent of the underlying aquifer, the expected rate of recharge, the minimum flow or flows necessary to sustain the well field throughout the reach identified, and the period of time that a well field would continue to meet minimal essential needs of the public water supplier when there is no flow as those factors relate to and are part of an evaluation of pertinent hydrologic relationships.

A public water supplier making application for induced ground water recharge may submit with its application a statement of the amount of induced ground water recharge water which the public water supplier presently uses as well as the amount of induced ground water recharge water it anticipates using in the next twenty-five-year period. Such statement shall also quantify the total amount of water the public water supplier presently uses from the well field as well as the total amount of water it anticipates using from the well field in the next twenty-five-year period.

(3) Upon receipt of an application containing the information set forth in this section, the department shall (a) make a record of the receipt of the application, (b) cause the application to be recorded in its office, and (c) make a careful examination of the application to ascertain whether it sets forth all the facts necessary to enable the department to determine the nature and amount of the proposed appropriation. If such an examination shows the application in any way defective, it shall be returned to the applicant for correction, with a statement of the correction required, within ninety days after its receipt. Ninety days shall be allowed for the refiling of the application, and in default of such refiling, the application shall stand dismissed. Except as provided in subsection (4) of this section, if so filed and corrected as required within such time, the application shall, upon being accepted and allowed, take priority as of the date of the original filing, subject to compliance with the future provisions of the law and the rules and regulations thereunder. During the pendency of any application or upon its approval, the department, upon proper authorization and request of the applicant, may assign the application a later priority date.

(4) For public water supplier wells in existence on September 9, 1993, the priority date assigned to an application for induced ground water recharge made by a public water supplier shall be:

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(a) June 27, 1963, for water supply wells and facilities constructed and placed in service on or before June 27, 1963;

(b) January 1, 1970, for water supply wells and facilities constructed and placed in service on or after June 28, 1963, and on or before December 31, 1969;

(c) January 1, 1980, for water supply wells and facilities constructed and placed in service on or after January 1, 1970, and on or before December 31, 1979;

(d) January 1, 1990, for water supply wells and facilities constructed and placed in service on or after January 1, 1980, and on or before December 31, 1989; and

(e) January 1, 1993, for water supply wells and facilities constructed and placed in service on or after January 1, 1990, and on or before September 9, 1993.

(5) Prior to taking action on an application for induced ground water recharge, the director shall publish notice of such application at the applicant's expense at least once each week for three consecutive weeks in a newspaper of general circulation in the area of the stream segment and also in a newspaper of statewide circulation. The notice shall state that any person having an interest may, in writing, object to the application. Any such objection shall be filed with the department within two weeks after the final publication of the notice.

(6) After the director has accepted the application made under subsection (2) of this section as a completed application and published notice as required under subsection (5) of this section, the director shall, if he or she determines that a hearing is necessary, set a time and place for a public hearing on the application. The hearing shall be held within reasonable proximity to the area in which the wells are or would be located. At the hearing the applicant shall present all hydrological data and other evidence supporting its application. All interested parties shall be allowed to testify and present evidence relative to the application.

(7) An unapproved application pending on August 26, 1983, may be amended to include appropriation for intentional underground water storage and recovery of such water.

(8) Application may be made to the department for a temporary permit to appropriate water. The same standards for granting a permanent appropriation shall apply for granting such temporary permit except when the temporary permit is for road construction or other public use construction and the amount of water requested is less than ten acre-feet in total volume. For temporary permits for public-use construction, the applicant shall include on the application the location of the diversion, the location of use, a description of the project, the amount of water requested, and the person to contact. Temporary permits for public-use construction and for less than ten acre-feet in total volume may be granted without any determination of unappropriated water and shall be considered to be in the public interest. The requirement of filing a map or plans with the application for a temporary permit may be waived at the discretion of the director. In granting a temporary permit, the director shall specify a date on which the right to appropriate water under the permit shall expire. Under no circumstances shall such date be longer than one calendar year after the date the temporary permit was granted. Temporary permits shall be administered during times of shortage based on priority. The right to appropriate water shall automatically terminate on the date specified by the director on the temporary permit without further action by the department.

(9) Water may be diverted from any stream, reservoir, or canal by any fire department or emergency response services for the purpose of extinguishing a fire in progress in an emergency without obtaining a permit from the department. The installation of a dry well for this purpose is allowed without the prior permission of the department, but the department shall be informed of any such installation, its location, and the party responsible for its installation and maintenance within thirty days after the installation.

Source: Laws 1919, c. 190, tit. VII, art. V, div. 2, § 16, p. 841; C.S.1922, § 8435; C.S.1929, § 81-6316; R.S.1943, § 46-233; Laws 1955, c. 138, § 1, p. 513; Laws 1957, c. 198, § 1, p. 696; Laws 1983, LB 198, § 7; Laws 1993, LB 301, § 3; Laws 1993, LB 789, § 2; Laws 2000, LB 900, § 104; Laws 2001, LB 129, § 3.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

assessed, levied and collected on the lands within the district so designated and numbered and for the benefit of which district such bond is issued; nor shall any tax levied or collected for the payment of said bond or bonds, or the interest thereon, on any property outside the district so numbered, designated and benefited. The said board of supervisors shall, by resolution, provide for the issuance and disposal of such bonds and for the payment of interest thereon, the creation of a sinking fund for the ultimate redemption thereof, and for the date and manner of the redemption of said bonds. *As amended, Stats. 1915, 76; 1919, 452.*

**Bonds a lien on lands, when.**

SEC. 33. Whenever any such drainage district bonds shall be issued in accordance with the provisions of this title, such bonds shall constitute a lien upon all of the lands and improvements thereon within the boundaries of the district, and the board of supervisors of said district shall, from time to time, as hereinafter provided, levy a sufficient tax to pay the annual interest charge on such bonds, and in addition thereto such an amount as a sinking fund which shall, in the course of events and ultimately, amount to a sufficient sum to redeem said bonds.

**Bonds, how signed.**

SEC. 34. Each bond issued as provided for by section 32 of this act shall be signed by the president and secretary of the said board of supervisors and be attested by the county clerk, and said county clerk shall also make a certified statement thereon, affixing his seal of office thereto, of the total amount of assessments and rate of interest it bears, pledged for the payment of said bonds and other bonds, if any, issued; the date, number, denomination and time due of all bonds issued which are a lien upon the assessment or installments of assessments of the district; when the assessments were confirmed by the county commissioners, and the number of acres of land in the district against which said assessments were made.

SEC. 35. This act shall take effect upon passage and approval.

**Land owners not disqualified.**

SEC. 36. Nothing in this act contained shall be held to disqualify, upon the ground of interest, any person from being chosen or appointed to serve upon the board of supervisors by reason of his ownership of land within said district, or being interested in said drainage district, and the taxes levied or to be levied thereon. *Added, Stats. 1915, 77.*

**Organized districts and "Nevada Irrigation District Act" not affected.**

SEC. 72. Nothing in this act shall be deemed to affect any drainage district heretofore organized, unless such district duly elects to come under the provisions of the act as hereby amended; nor shall anything in this act be construed as affecting in any way the provisions of the "Nevada Irrigation District Act," approved March 19, 1919. *Added, Stats. 1919, 453.*

*An Act consenting to the use by the United States of America of Lake Tahoe, its waters, bed, shores, and capability of use for reservoir purposes, in connection with the Truckee-Carson reclamation project of the reclamation service of the United States.*

Approved March 6, 1913, 35

**Consenting to use of lake—Proviso.**

SECTION 1. That for the purpose of aiding the Truckee-Carson reclamation project now being carried out by the reclamation service of the United States of America, under the act of Congress approved June 17, 1902

(32 Stat. p. 384), known as the reclamation act, and acts amendatory thereof or supplementary thereto, consent is hereby given to the use by the United States of America of Lake Tahoe, situated partly in the State of California and partly in the State of Nevada, and the waters, bed, shores and capability of use for reservoir purposes thereof, in such manner and to such extent as the United States of America through its lawful agencies shall think proper for such purpose, and as fully as the State of Nevada could use the same; *provided, however,* that the consent hereby given is without prejudice to any existing rights that persons or corporations may have in Lake Tahoe or the Truckee River.

*An Act relating to the issuance of permits for the appropriation of water, where the works or any part thereof to be constructed under such permits or the point of diversion or place of intended use, or any part thereof are situated without the State of Nevada.*

Approved March 22, 1913, 256

**Regarding permits for water—Exceptions.**

SECTION 1. That no permit for the appropriation of water shall be denied because of the fact that the point of diversion described in the application for such permit, or any portion of the works in such application described and to be constructed for the purpose of storing, conserving, diverting or distributing such water, or because the place of intended use, or the lands to be irrigated by such water, or any part thereof, may be situated in any other state, when such state authorizes the diversion of water from such state for use in Nevada, but in all such cases where either the point of diversion or any of such works or the place of intended use, or the lands, or part of the lands to be irrigated by means of such water, are situated within the State of Nevada, the permit shall issue as in other cases. Except that it shall not purport to authorize the doing or refraining from any act or thing, in connection with the system of appropriation, not properly within the scope of the jurisdiction of the State of Nevada, and the state engineer thereof, to grant.

*An Act to provide for cooperation in acquisition, construction and management of irrigation and drainage works between irrigation districts organized or existing under or by virtue of the laws of the State of Nevada, and contiguous or adjoining districts organized under the laws of other states.*

Approved March 28, 1919, 338

**May make agreements with districts of adjoining states.**

SECTION 1. It shall be lawful for irrigation districts organized or existing under or by virtue of the laws of the State of Nevada to enter into agreements with contiguous adjoining irrigation districts in other states for the joint construction, acquisition, management and control of diverting, impounding or distributing works for the irrigation or drainage of the lands within the boundaries of their respective districts.

**What contracts shall contain.**

SEC. 2. Such agreements may be evidenced by written contracts executed on behalf of their respective boards of directors or trustees, or by resolutions entered upon their respective minutes. Such contracts or certified copies thereof and certified copies of such resolutions shall be recorded in the office of the county recorder in each county in which is situated any of the lands of said districts or any of the reservoir sites or other real property owned by said districts or acquired under the provisions of this act.

state for the determination of a right or rights to the use of water of any stream, all persons who claim the right to use the waters of such stream and the stream system of which it is a part shall be made parties. When any such suit has been filed, the court shall, by its order duly entered, direct the state engineer to furnish a complete hydrographic survey of such stream system, which survey shall be made as provided in section 20 of this act, in order to obtain all physical data necessary to the determination of the rights involved. The cost of such suit, including the costs on behalf of the state and of such surveys, shall be charged against each of the private parties thereto in proportion to the amount of water right allotted. In the case of any such suit now pending or hereafter commenced the same may at any time after its inception, in the discretion of the court, be transferred to the state engineer for determination as in this act provided.

**Appropriation for hydrographic fund.**

SEC. 46. For the purpose of advancing the money required for any surveys so ordered by the court, there is hereby appropriated and set apart, from any moneys in the state treasury not otherwise appropriated, the sum of five thousand dollars ($5,000) to be known as the hydrographic fund, which shall be a continuous fund. Such fund shall be used only for the payment of claims for services rendered, expenses incurred, or materials and supplies furnished under the direction of the state engineer in the prosecution of said work, which claims shall be paid by the state treasurer on warrants drawn by the state controller upon certificates of the state engineer. The amounts paid by the parties to said suit, on account of said surveys, shall be paid into said hydrographic fund.

**"Stream system" defined.**

SEC. 47. The words "stream system," as used in this act, shall be interpreted as including any stream, together with its tributaries and all streams or bodies of water to which the same may be tributary.

**"Person" defined.**

SEC. 48. The word "person," where used in this act, includes a corporation, an association, the United States, the state, as well as a natural person.

**"State engineer" defined.**

SEC. 49. Wherever the words "state engineer" are used in this act it shall be deemed to mean the state engineer or any duly authorized assistant.

**Claimants must furnish blue-prints.**

SEC. 50. The state engineer shall have power to make and enforce such reasonable rules and regulations for the furnishing of claimants of blueprints of particular parcels of land shown on the map prepared by the state engineer, and for such supplementary surveys and examinations or such inspection by the state engineer, as may be required, to the end that observations and surveys of the state engineer may be made, in so far as practicable, available to the claimants for attachment to the proofs to be filed by them.

**Engineer to issue certificates, when.**

SEC. 51. Upon the final determination of the relative rights in and to the waters of any stream system, it shall be the duty of the state engineer to issue to each person represented in such determination a certificate to be signed by such state engineer, and bearing the seal of his office, setting forth the name and postoffice address of the owner of the right, the date

or any water diverted from the source of supply, under the penalties prescribed by law for the opening of head-gates lawfully closed until the requirements of the state engineer as to such head-gate, flume, or measuring device have been complied with, and if any owner or manager of a reservoir located across the bed of a natural stream, or of a reservoir which requires the use of a natural stream channel, shall neglect or refuse to put in such measuring device after ten (10) days' notice by the state engineer, such state engineer may open the sluice-gate or outlet of such reservoir and the same shall not be closed under the penalties of the law for changing or interfering with head-gates, until the requirements of the state engineer as to such measuring devices are complied with.

**Engineer or assistants may arrest violators.**

SEC. 57. The state engineer or his assistants shall have power to arrest any person violating any of the provisions of this act, and to turn them over to the sheriff, or other competent police officer within the county, and immediately on delivering any such person so arrested into the custody of the sheriff, it shall be the duty of said state engineer, or his assistant making such arrest to immediately, in writing, and upon oath, make complaint before the justice of the peace against the person so arrested.

**Penalties for violation.**

SEC. 58. Any person violating any of the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in a sum not less than twenty-five dollars ($25), nor more than two hundred and fifty dollars ($250), together with the costs, or imprisoned in the county jail not exceeding six months, and not less than ten (10) days, or by both such fine and imprisonment.

**Method of appropriation.**

SEC. 59. Any corporation authorized to do business in this state, or any citizen of the United States, or any person who has legally declared his intention to become such, over the age of twenty-one years, desiring to appropriate any of the public waters, or to change the place of diversion, manner of use or place of use of water already appropriated, shall, before performing any work in connection with such appropriation, change in place of diversion or change in manner or place of use, make an application to the state engineer for a permit to make the same; *provided*, that any person under the age of twenty-one years who has served or shall hereafter serve in the army of the United States during the present emergency shall be entitled to the same rights hereunder as others over twenty-one years of age possess; *provided further*, that no assignment of any water permit or application shall be valid for any purpose unless made to one authorized hereunder to acquire the same in the first instance.

No application shall be for the water of more than one source to be used for more than one purpose; *provided, however*, that individual domestic use may be included in any application with the other use named. Each application for a permit to appropriate water shall contain the following information:

(a) The name and postoffice address of the applicant, and if the applicant be a corporation, the date and place of incorporation.

(b) The name of the source from which the appropriation is to be made.

(c) The amount of water which it is desired to appropriate, expressed in terms of cubic feet per second, except in application for permit to store water, where the amount shall be expressed in acre-feet.

(d) The purpose for which the application is to be made.

(e) A substantially accurate description of the location of the place at

which the water is to be diverted from its source, and if any of such water is to be returned to the source, a description of the location of the place of return.

(f) A description of the proposed works.

(g) The estimated cost of such works.

(h) The estimated time required to construct said works, and the estimated time required to complete the application of the water to beneficial use.

(j) The signature of the applicant or his properly authorized agent.

In addition to the foregoing, the application shall contain, if for irrigation purposes, except in case of application for permit to store water, the number of acres to be irrigated and a description by legal subdivisions, where possible, of the lands to be irrigated; if for power purposes, the vertical head under which the water will be applied, the location of the proposed power-house, and, as near as may be, the use to which the said power is to be applied; if for municipal supply, or for domestic use, the approximate number of persons to be served, and the approximate future requirements; if for mining purposes, the proposed method of applying and utilizing the water; if for stock-watering purposes, the approximate number and character of animals to be watered; if for any purpose contemplating the storage of waters, in addition to the information required in applications naming the said purpose, it shall give the dimensions and location of the proposed dam, the capacity of the proposed reservoir and a description of the land to be submerged by the impounded waters. Every application for permit to change the place of diversion, manner of use or place of use of water already appropriated, shall contain such information as may be necessary to a full understanding of the proposed change as may be required by the state engineer. All applications for permit shall be accompanied or followed by such maps and drawings and such other data as may hereafter be prescribed by the state engineer, and such accompanying data shall be considered as part of the application. *As amended, Stats. 1919, 71.*

Cited, Bergman v. Kearney, 241 F. 912.

**Duties of engineer.**

SEC. 60. Upon receipt of an application, which shall be upon a blank form to be prescribed by the state engineer, and supplied the applicant without charge, it shall be the duty of the state engineer to make an endorsement thereon of the date of its receipt, and to keep a record of the same. If upon examination the application is found to be defective, it shall be returned for correction or completion with advice of the reasons therefor, and the date of the return thereof shall be endorsed upon the application and made a record of his office. No application shall lose its priority of filing on account of such defects; *provided,* the application, properly corrected and accompanied by such maps and drawings as may be required, is filed in the office of the state engineer within sixty (60) days from the date of said return to applicant. Any application returned for correction, or completion, not refiled in proper form within the said sixty days shall be canceled. All applications which shall comply with the provisions of the act shall be recorded in a suitable book kept for that purpose.

**Publication of notice of application.**

SEC. 61. When any application is filed in compliance with this act the state engineer shall, within thirty (30) days, at the expense of the applicant, to be paid in advance as herein provided, publish or cause to be published, in some newspaper having a general circulation, and printed

shall be authorized, on receipt thereof, to proceed with the construction of the necessary works and to take all steps required to apply the water to beneficial use and to perfect the proposed appropriation. If the application is refused, the applicant shall take no steps toward the prosecution of the proposed work or the diversion and use of the public water so long as such refusal shall continue in force.

**What state engineer may require.**

SEC. 64. Before either approving or rejecting the application, the state engineer may require such additional information as will enable him to properly guard the public interest, and may in case of application proposing to divert more than ten cubic feet per second of water require a statement of the following facts: In case of incorporated companies he may require the submission of the articles of incorporation, and names and the places of residence of directors and officers, and the amount of its authorized and of its paid-up capital. If the applicant is not an incorporated company, he may require a statement as to the name or names of the party or parties proposing to construct the work, and a showing of facts necessary to enable him to determine whether or not they have the financial ability to carry out the proposed work, and whether or not the said application has been made in good faith.

**To fix time of beginning construction—Extension, when—Proviso.**

SEC. 65. In his endorsement of approval upon any application the state engineer shall set a time prior to which actual construction work shall begin, which shall not be more than one year from the date of such approval; and that work shall be prosecuted diligently and uninterruptedly to completion unless temporarily interrupted by the elements; a time prior to which the construction of the said works must be completed, which shall be within five years of the date of such approval, and a time prior to which the complete application of water to a beneficial use must be made, which time shall not exceed ten years from the date of the said approval. He may limit the applicant to a less amount of water than that applied for, to a less period of time for the completion of work, and a less period of time for the perfecting of the application than named in the application. The state engineer shall have authority, for good cause shown, to extend the time within which construction work shall begin, within which construction work shall be completed, or water applied to a beneficial use, under any permit therefor issued by said state engineer; *provided, however,* that application for such extension must in all cases be made prior to the time set in the application limiting the period which it is desired to extend.

**Applications may be assigned—Restrictions.**

SEC. 66. Any application for permit, or any permit to appropriate water, may be assigned subject to the conditions of the permit, but no such assignment shall be binding except between the parties thereto, unless filed for record in the office of the state engineer.

**Statements of progress to be filed—Failure to file statements, penalties for.**

SEC. 67. It shall be the duty of any person holding a permit from the state engineer, on or before thirty (30) days after the date set for the commencement of work as endorsed thereon, and at other times required by the state engineer, to file with the state engineer the statement setting forth the time when, the place where, and the amount of such work as may have been performed by him thereunder in connection with such appropriation, and it shall be the further duty of the applicant within

thirty (30) days after the date set for the completion of such work to file, in detail, a description of said works as actually constructed, which statement shall be verified by the affidavit of the applicant, his agent, or his attorney.

Should any applicant fail, prior to the date set for such filing in his permit, to file with the state engineer proof of commencement of work, or should the said applicant fail to file within thirty (30) days of the date set prior to which proof of completion of the work must be made, said proof of completion of work, as hereinbefore provided, the state engineer shall, in either case, advise the holder of said permit, by registered mail, that the same is held for cancelation, and should the said holder within thirty (30) days after the mailing of such advice fail to file the required affidavit with the state engineer, the said permit shall be canceled and no further proceedings shall be had thereunder; *provided, however*, that for good cause shown, upon application made prior to the expiration of the period for filing said instrument, the state engineer may, in his discretion, grant a further extension of time in which to file said instruments.

**May require proofs of good faith.**

SEC. 68. If, in the judgment of the state engineer, the holder of any permit to appropriate the public water is not proceeding in good faith and with reasonable diligence to perfect said appropriation, the state engineer may require at any time the submission of such proof and evidence as may be necessary to show a compliance with the law, and the state engineer shall, after duly considering said matter, if, in his judgment, the said holder of a permit is not proceeding in good faith and with reasonable diligence to perfect the said appropriation, cancel the said permit, and advise the holder of said permit of said cancelation.

**Statement on application—Form and procedure.**

SEC. 69. On or before the date set in the endorsement of a permit for the application of water to beneficial use, or on the date set by the state engineer under a proper application for extension therefor, it shall be the duty of any person holding a permit from the state engineer to appropriate the public waters of the State of Nevada, to change the place of diversion, or the manner or place of use, to file with the state engineer a statement under oath, on a form prescribed by the state engineer, which statement shall include:

(1) The name and postoffice address of the person making such proof.

(2) The number and date of the permit for which proof is made.

(3) The source of water supply.

(4) The name of the canal or other works by which the water is conducted to the place of use.

(5) The name of the original person to whom the permit was issued.

(6) The purpose for which the water is used.

(7) If for irrigation, the actual number of acres of land upon which the water granted in the permit has been beneficially used; giving the same by forty (40) acre legal subdivisions when possible.

(8) An actual measurement (taken by some competent person, giving the name of said person) of the water diverted for such use.

(9) The capacity of the works of diversion.

(10) If for power, the dimensions and capacity of the flume, pipe, ditch or other conduit.

(11) The average grade and the difference in elevation between the termini of such conduit.

(12) The number of months, naming them, in which water has been beneficially used.

(13) The amount of water beneficially used, taken from actual measurements by some competent person, naming said person, together with such other data as the state engineer may require to acquaint himself with the amount of the appropriation for which said proof is filed. Accompanying said statement, there shall be filed with the state engineer a map on tracing linen on a scale of not less than one thousand feet to the inch, which shall show with substantial accuracy the following:

(1) The point of diversion by legal subdivisions or by metes and bounds from some corner, when possible, from the source of supply.

(2) The traverse of the ditch or other conduit, together with cross-sections of same.

(3) The legal subdivisions of the land embraced in the application for permit and the outline by metes and bounds of the irrigated area, with the amount thereof.

(4) The average grade and the difference in elevation of the termini of the conduit, and the carrying capacity of same.

(5) The actual quantity of water flowing in the canal or conduit during the time said survey was being made.

Said map must bear the affidavit of the surveyor or engineer making such survey and map. In the event the survey and map are made by different persons the affidavit of each must be on the map, showing that the map as compiled agrees with said survey. Said map shall conform with such rules and regulations as the state engineer shall make, which rules shall not be in conflict herewith.

Should any applicant fail, prior to the date set for such filing in his permit, to file with the state engineer proof of application of water to beneficial use, and the accompanying map, or prior to such extension as the state engineer may grant, the state engineer shall advise the holder of said permit, by mail, that the same is held for cancelation, and should the said holder within thirty days after the mailing of such advice fail to file the required affidavit and map or either of them with the state engineer, the said permit shall be canceled and no further proceedings shall be had thereunder.

**May refuse faulty map.**

SEC. 70. The state engineer may, in his discretion, refuse to accept for filing, any map not conforming with the foregoing provisions and such rules and regulations as he may make. He may, in his discretion, require additional data to be placed thereon, and may make proper provision therefor.

**Penalty for false swearing.**

SEC. 71. Should it be found upon inspection of the premises by the state engineer that said surveyor or engineer had sworn falsely to said map and survey, he may, in the discretion of the state engineer, be barred from the further practice of engineering in any matters before the state engineer, in addition to the penalties prescribed by law for swearing falsely to any affidavit.

**Certificate issued by engineer—Filed, where.**

SEC. 72. As soon as practicable after satisfactory proof has been made to the state engineer that any application to appropriate water has been perfected in accordance with the provisions of this act, said state engineer shall issue to said applicant, his assign or assigns, a certificate setting forth the name and postoffice address of the appropriator, his assign or assigns, date, source, purpose and amount of appropriation; and if for irrigation, a description of the irrigated lands by legal subdivisions, when possible, to which said water is appurtenant, together with the number of the permit

C
West's Nevada Revised Statutes Annotated Currentness
Title 48. Water
Chapter 533. Adjudication of Vested Water Rights; Appropriation of Public Waters (Refs & Annos)
General Provisions

**→533.010. "Person" defined**

As used in this chapter, "person" includes the United States and this state.

Amended by Laws 1985, p. 522.

**Formerly** section 48 of chapter 140 of Laws 1913; RL (1919), p. 3235; NCL (1929), § 7933.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C

West's Nevada Revised Statutes Annotated Currentness

Title 48. Water

Chapter 533. Adjudication of Vested Water Rights; Appropriation of Public Waters (Refs & Annos)

Appropriation of Public Waters

Applications, Permits and Certificates

**→533.325. Application to state engineer for permit**

Any person who wishes to appropriate any of the public waters, or to change the place of diversion, manner of use or place of use of water already appropriated, shall, before performing any work in connection with such appropriation, change in place of diversion or change in manner or place of use, apply to the state engineer for a permit to do so.

Amended by Laws 1991, p. 859.

**Formerly** section 59 of chapter 140 of Laws 1913 [part]; Laws 1919, p. 71; Laws 1951, p. 132.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

N.R.S. 533.350

West's Nevada Revised Statutes Annotated Currentness
Title 48. Water
Chapter 533. Adjudication of Vested Water Rights; Appropriation of Public Waters (Refs & Annos)
Appropriation of Public Waters
Applications, Permits and Certificates

**➡533.350. Applications to be accompanied by maps, drawings and other data**

All applications for permits shall be accompanied or followed by such maps and drawings and such other data as may be prescribed by the state engineer, and such accompanying data shall be considered a part of the application.

**Formerly** section 59 of chapter 140 of Laws 1913 [part]; Laws 1919, p. 71; Laws 1951, p. 132.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C

West's Nevada Revised Statutes Annotated Currentness
Title 48. Water
Chapter 533. Adjudication of Vested Water Rights; Appropriation of Public Waters (Refs & Annos)
General Provisions

**→533.037. Determination of priority of water right acquired for use in federal reclamation project; no additional water rights granted**

1. The priority of a water right acquired by a person for use in a federal reclamation project is determined according to the date on which the United States appropriated water for initiation of the project. Notwithstanding the fact that the water right so appropriated and acquired may ultimately vest in the name of the person at a later date, all such water rights so acquired are governed by the applicable law of this state in effect on the date on which the United States appropriated water for initiation of the project, unless the water rights vested under the law in this state before the time the United States first appropriated or otherwise acquired the water for initiation of the project. If the water right vested under the law in this state before appropriation or acquisition by the United States, the date of initiation of the water right is determined according to the date on which the water was first diverted under that appropriation or acquisition by the United States.

2. No water rights, in addition to those allocated under applicable court decrees, are granted, stated or implied by the determination of the date of priority pursuant to subsection 1.

Added by Laws 1999, p. 2630.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.