the owner of any tract of land upon which it is required, subject of course to the like regulations, as required for ditches, and laid down in sections hereinbefore enumerated.

[G. S., § 1727; G. L., § 1377; R. S., p. 364, § 6.]

**3181. Map of ditch or reservoir to be filed.**

SEC. 17. Every person, association or corporation hereafter constructing or enlarging any reservoir or reservoirs or constructing, changing the location of, or enlarging any ditch, canal or feeder for any ditch or reservoir, for the purpose of furnishing a supply of water for domestic, irrigation, power, storage, or for any other beneficial use, taking water from any natural stream, shall, within sixty days after the commencement of such construction, change of location, or enlargement, make a filing in the office of the state engineer for each specific claim, in such form as shall seem sufficient and satisfactory to the state engineer, and accompanied by the proper fees, as provided by statute, of a map, on tracing cloth or other material adapted for permanent record and preservation, made with permanent ink, showing the point of location of the headgate, the route of such ditch or canal, or the high water line of such reservoir or reservoirs, and the route of the feeder or feeders to, and ditches or canals from, such reservoir or reservoirs, the legal subdivisions of the land upon which such structures are built or to be built, if on surveyed lands, the names of the owners of such lands, and such courses, distances and corners by reference to legal subdivisions, if on surveyed lands, or to natural objects, if on unsurveyed lands, as will clearly designate the location of such structures.

[Laws 1911, S. B. No. 533, § 1.]
[For fees of state engineer see sections 3206, 3211 and 3332.]

**3182. Statement attached to map.**

SEC. 18. Upon or attached to such map shall be a statement showing, in the case of any ditch, canal or feeder:

*First*—The point of location of the headgate of the proposed structure;

*Second*—The depth, width, grade and length of each ditch, canal or feeder proposed;

*Third*—The carrying capacity of each ditch, canal or feeder in cubic feet per second;

*Fourth*—The time of commencement of work on such structures, which time may be the date of the commencement of the surveys therefor, or of the commencement of actual construction.

*Fifth*—The estimated cost of the project.

In the case of a filing on a reservoir site, the statement shall show the height of the proposed dam, the estimated cost, with the capacity in cubic feet and the surface area for each foot in depth of water stored up to and including the high water mark.

[Laws 1911, S. B. No. 533, § 2.]
[Cubic inch of water defined. Section 7026.]

**3183. Statement in case of enlargement—Temporary map.**

SEC. 19. In case of change, enlargement or extension, such statement shall show the matters required above, referring to the





structure before such char
also, the information req
fourth and fifth, referrin
addition thereto, shall sta
be added to the original
Whenever, through the
long periods of time, it s
claimants to file a comple
as required above, a ma
prepared within sixty da
ment that a complete ma
upon the completion of s
statement, amending tho
ination and acceptance in
the original filing.
[Laws 1911, S. B. No.

**3184. Statements must**
SEC. 20. Such stat
persons in whose behalf i
or a corporation are the
the legal title of such as
duly authorized agent o
giving his official title.
map and statement shall
person making the surve
the administration of oat
[Laws 1911, S. B. No

**3185. State engineer**
**duplicate—Du**
SEC. 21. The state
ment, and if he shall fin
cient and satisfactory fo
the claims made, he shal
cepted for filing in the
the......day of.......
signature and the seal of
cause to be prepared a
on cloth or other durabl
sheet of the filing, so enc
of and shall forward, sai
ninety days from the tin
such blue print or repro
and recorder of the cou
structure, or in which t
[Laws 1911, S. B. No

**3186. Certified copy**
SEC. 22. A certif
filed in the state engin
in any court having ju
claimants to make such
are shown and described

the owner of any tract of land upon which it is required, subject of course to the like regulations, as required for ditches, and laid down in sections hereinbefore enumerated.

[G. S., § 1727; G. L., § 1377; R. S., p. 364, § 6.]

**3181. Map of ditch or reservoir to be filed.**

SEC. 17. Every person, association or corporation hereafter constructing or enlarging any reservoir or reservoirs or constructing, changing the location of, or enlarging any ditch, canal or feeder for any ditch or reservoir, for the purpose of furnishing a supply of water for domestic, irrigation, power, storage, or for any other beneficial use, taking water from any natural stream, shall, within sixty days after the commencement of such construction, change of location, or enlargement, make a filing in the office of the state engineer for each specific claim, in such form as shall seem sufficient and satisfactory to the state engineer, and accompanied by the proper fees, as provided by statute, of a map, on tracing cloth or other material adapted for permanent record and preservation, made with permanent ink, showing the point of location of the headgate, the route of such ditch or canal, or the high water line of such reservoir or reservoirs, and the route of the feeder or feeders to, and ditches or canals from, such reservoir or reservoirs, the legal subdivisions of the land upon which such structures are built or to be built, if on surveyed lands, the names of the owners of such lands, and such courses, distances and corners by reference to legal subdivisions, if on surveyed lands, or to natural objects, if on unsurveyed lands, as will clearly designate the location of such structures.

[Laws 1911, S. B. No. 533, § 1.]
[For fees of state engineer see sections 3206, 3211 and 3332.]

**3182. Statement attached to map.**

SEC. 18. Upon or attached to such map shall be a statement showing, in the case of any ditch, canal or feeder:

*First*—The point of location of the headgate of the proposed structure;

*Second*—The depth, width, grade and length of each ditch, canal or feeder proposed;

*Third*—The carrying capacity of each ditch, canal or feeder in cubic feet per second;

*Fourth*—The time of commencement of work on such structures, which time may be the date of the commencement of the surveys therefor, or of the commencement of actual construction.

*Fifth*—The estimated cost of the project.

In the case of a filing on a reservoir site, the statement shall show the height of the proposed dam, the estimated cost, with the capacity in cubic feet and the surface area for each foot in depth of water stored up to and including the high water mark.

[Laws 1911, S. B. No. 533, § 2.]
[Cubic inch of water defined. Section 7026.]

**3183. Statement in case of enlargement—Temporary map.**

SEC. 19. In case of change, enlargement or extension, such statement shall show the matters required above, referring to the



§ 3184 R

structure before such cha
also, the information req
fourth and fifth, referri
addition thereto, shall st
be added to the original
Whenever, through the
long periods of time, it s
claimants to file a compl
as required above, a ma
prepared within sixty d
ment that a complete m
upon the completion of
statement, amending tho
ination and acceptance in
the original filing.
[Laws 1911, S. B. No.

**3184. Statements must**

SEC. 20. Such stat
persons in whose behalf i
or a corporation are the
the legal title of such a
duly authorized agent o
giving his official title.
map and statement shall
person making the surve
the administration of oat
[Laws 1911, S. B. No

**3185. State engineer**
**duplicate—Du**

SEC. 21. The state
ment, and if he shall fi
cient and satisfactory fo
the claims made, he shal
cepted for filing in the
the......day of......
signature and the seal of
cause to be prepared a
on cloth or other durabl
sheet of the filing, so en
of and shall forward, sa
ninety days from the tin
such blue print or repr
and recorder of the cou
structure, or in which t
[Laws 1911, S. B., No

**3186. Certified copy**

SEC. 22. A certif
filed in the state engi
in any court having ju
claimants to make such
are shown and described

ch it is required, subject
red for ditches, and laid

. § 6.]

**filed.**

or corporation hereafter
r reservoirs or construct-
enlarging any ditch,
or reservoir, for the
for domestic, irrigation,
il use, taking water from
lays after the commence-
location, or enlargement,
engineer for each specific
icient and satisfactory to
the proper fees, as pro-
cloth or other material
ervation, made with per-
ion of the headgate, the
water line of such reser-
feeder or feeders to, and
reservoirs, the legal sub-
structures are built or to
es of the owners of such
corners by reference to
or to natural objects, if
gnate the location of such

206, 3211 and 3332.]

map shall be a statement
or feeder:
headgate of the proposed

and length of each ditch,

ach ditch, canal or feeder

nt of work on such struc-
the commencement of the
ent of actual construction.
roject.
ir site, the statement shall
ne estimated cost, with the
rea for each foot in depth
high water mark.

7025.]

**ent—Temporary map.**

rgement or extension, such
red above, referring to the



structure before such change or enlargement, and shall then state, also, the information required in the above items second, third, fourth and fifth, referring to the structure as enlarged, and in addition thereto, shall state definitely the increase in capacity to be added to the original capacity by virtue of such enlargement. Whenever, through the necessity for extended surveys requiring long periods of time, it shall be impracticable for the claimant or claimants to file a complete map and statement within sixty days, as required above, a map and statement as complete as can be prepared within sixty days shall be filed, with a further statement that a complete map and statement will be filed later, and upon the completion of such survey a full and detailed map and statement, amending those first filed, shall be offered for examination and acceptance in the same manner as herein provided for the original filing.

[Laws 1911, S. B. No. 533, § 3.]

**3184. Statements must be signed and sworn to.**

SEC. 20. Such statement shall be signed by the person or persons in whose behalf it is made, or in cases where an association or a corporation are the parties interested, the signature shall be the legal title of such association or corporation, signed by some duly authorized agent or officer, who shall sign his own name, giving his official title. The truth of the matters shown in the map and statement shall be sworn to by the engineer in charge, or person making the survey, before some officer legally qualified for the administration of oaths.

[Laws 1911, S. B. No. 533, § 4.]

**3185. State engineer examine maps and statements—Return duplicate—Duplicate filed with recorder.**

SEC. 21. The state engineer shall examine the map and statement, and if he shall find the data therein contained to be sufficient and satisfactory for a clear presentation of facts concerning the claims made, he shall endorse on each sheet of the filing "Accepted for filing in the office of the state engineer of Colorado on the......day of......................," and attach thereto his signature and the seal of the state engineer's office. He shall then cause to be prepared a blue print, or other suitable reproduction, on cloth or other durable material adapted to the purpose, of each sheet of the filing, so endorsed, together with a negative print thereof and shall forward, said prints to the claimant who shall, within ninety days from the time stated as the date of commencement, file such blue print or reproduction in the office of the county clerk and recorder of the county in which the headgate of the proposed structure, or in which the proposed reservoir shall lie.

[Laws 1911, S. B. No. 533, § 5.]

**3186. Certified copy evidence—Diligent construction.**

SEC. 22. A certified copy of the map and statement thus filed in the state engineer's office shall be prima facie evidence in any court having jurisdiction of the intent of the claimant or claimants to make such construction and to utilize such rights as are shown and described in the map and statement; *Provided,* That

nothing herein contained shall be so construed as to dispense with the necessity for due diligence in the construction of such projects, or to the injury of those having rights prior to those of the claimants; *And, provided, further,* That nothing herein contained shall be so construed as to prevent a proper adjudication of rights in accordance with existing statutes governing such adjudication.

[Laws 1903, p. 291, § 6.]

**3187. Compliance with former act.**

SEC. 23. All plats and statements or other documents heretofore filed or recorded in substantial compliance with the provisions or requirements of section 2 of an act entitled, "An Act to provide for the extension of the right of way for ditches, canals and feeders of reservoirs in certain cases, and requiring registration of all such hereafter made or enlarged," approved February 11, 1881, shall be taken, deemed and held to constitute a compliance with the provisions of this act.

[Laws 1903, p. 292, § 7.]

[Section 2 of the act above referred to was held unconstitutional in Lamar Co. v. Amity Co., 26 Colo., 370. The provisions of that section were re-enacted by L. '87, p. 316, which act was superseded by sections 3181-3187.]

DRAINAGE.

**3188. Petition to establish or enlarge drain.**

SEC. 24. Whenever any person, company or corporation desires the construction, enlargement or extension of a ditch, drain or water course for the purpose of draining and reclaiming seeped or marshy land, they shall file with the board of county commissioners of the county or counties in which such improvement or improvements are to be located, a petition signed by one or more of the land owners who own or represent the major portion of the land which would be affected by the proposed improvement.

[Laws 1903, p. 209, § 1.]

**3189. Contents of petition—Plat.**

SEC. 25. Said petition shall set forth the necessity for and probable benefits of such ditch, drain or water course, together with a list of the lands affected by the proposed improvement, and whether such lands so affected are in one or more counties, and therein naming the county or counties where such land is located, or through which said improvement may pass, and the names and addresses of the owners of such lands, and there shall be attached to said petition a plat showing approximately the location, direction, size and length of said drain, ditch or water course.

[Laws 1903, p. 210, § 2.]

**3190. Bond of petitioner.**

SEC. 26. The petitioner or petitioners shall give a good and sufficient bond, payable to the county or counties and approved by the county clerk, conditioned, in case said drain, ditch or water course from any cause whatsoever is not constructed, to pay all expenses incurred by the county or counties on account of said proposed improvements.

[Laws 1903, p. 210, § 3.]

**3191. Board of viewers—Duties—Hearing—Notice.**

SEC. 27. When such petition plat and bond are filed the



board of county commissio
ment is to be made shall
three disinterested person
provement is to be, who i
to assist them, and in the
more than one county w
county where such impro
section, and the same pro
or board of county comm
interested as would be n
to be made in one coun
county wherein such imp
at once to view the line
fected thereby lying wi
appointed, and shall caus
and estimates of the pro
county for which they
place for hearing the vi
tests, information, and
improvements; and the
dent land holders of th
by personal service twen
and personal service of
said land holders are no
through the mail; and
said notice in some wee
of not less than four we
[Laws 1903, p. 210, §

**3192. Hearing—Evid**

SEC. 28. All perso
at the time specified f
viewers and present suc
to the proposed drainag
objections as shall to t
proposed improvement
viewers appointed by e
county wherein a part
meet at some point agr
of the different countie
matters and things req
provement is in a sing
board of county comm
appointed a copy of sa
strued so as to require
by this section to app
unless it would be mo
this section to be a joi
the different counties.
[Laws 1903, p. 211,

**3193. When improv**

SEC. 29. If the v

; to the board of county
es incurred shall be paid
der their bond.

al.

ents shall be found feas-
ired by owners represent-
he board of viewers shall
sioners, and shall include
on of the method to be
shall submit plans and
and fix and recommend
ct of land affected, which
benefits accruing to each
at any person interested
report and finding of the
ve the right of appeal to
such matters passed upon

ay, by agreement of the
each of a portion of the
each said owner shall give
r performance of his pro-

dvertise for bids—Bond.

t or division of the work
be so allotted, the county
nent to be inserted in a
tion in the vicinity for a
nt shall be a notice to the
shall call for bids on the
ndations of the board of
to the lowest responsible
their respective counties,
ach of the several portions
bidders shall file a good
county commissioners for
ct.

d—County treasurer col-

e been completed and ac-
ounty commissioners shall
ther expenses, and divide
and affected, in their re-
termined by the board of
assessor or assessors if in
lands affected, the total



amounts to be assessed against each, with all credits for work or damages due the owner of each tract, with the net assessment of each, and the assessor or assessors if in more than one county shall enter the said net assessment against each of the several tracts of land lying within his county in the same manner as for other taxes, and the county treasurer of each county where such improvement or part thereof is to be made, shall collect the same and reimburse the county for all moneys expended or expenses incurred subject to the right of appeal to the district court as to matters herein as in cases of appeal from disallowance of claims by board of county commissioners.

[Laws 1903, p. 213, § 10.]
[For appeals from disallowance of claims by commissioners see section 1225.]

**3198. Acceptance—Vouchers.**

SEC. 34. Upon the proper acceptance by the engineer or engineers if such improvement is in more than one county the board of county commissioners of each county where such improvement is located, shall cause a voucher to be drawn upon the county treasurer for the amounts due on contracts, for damages and other expenses.

[Laws 1903, p. 213, § 11.]

**3199. Compensation of engineers and viewers.**

SEC. 35. Each of the members of the board of viewers shall receive their necessary expenses and three dollars per day for services, and the engineers shall receive their necessary expenses and six dollars per day for each day necessarily employed.

[Laws 1903, p. 213, § 12.]

**3200. Right of eminent domain.**

SEC. 36. The right of eminent domain shall extend to all improvements constructed under this act.

[Laws 1903, p. 213, § 13.]
[See Chapter 45. Eminent Domain.]

**3201. Disposition of water drained.**

SEC. 37. All waters gathered by such drainage improvement shall be the property of those from whose lands the same is taken by such drainage canal, and the same shall be pro rated among the different land holders from which such water is taken according to the cost of the improvement assessed against each one.

[Laws 1903, p. 213, § 14.]

RESERVOIRS.

**3202. Reservoirs—Right to water—Right of way—Condemnation—Embankments over ten feet submit to county board.**

SEC. 38. Persons desirous to construct and maintain reservoirs, for the purpose of storing water, shall have the right to take from any of the natural streams of the state and store away any unappropriated water not needed for immediate use for domestic or irrigating purposes; to construct and maintain ditches for carrying such water to and from such reservoir, and to condemn lands for such reservoirs and ditches in the same manner provided by law for the condemnation of lands for right of way

for ditches; *Provided,* No reservoir with embankments or a dam exceeding ten feet in height shall be made without first submitting the plans thereof to the county commissioners of the county in which it is situated, and obtaining their approval of such plans.
[G. S., § 1724; Laws 1879, p. 106, § 38.]
[Is the above section superseded by section 3205?]

**3203. Conducting water in natural streams—Taking out—Allowance for seepage—How determined.**

SEC. 39. The owners of any reservoir may conduct the water therefrom into and along any of the natural streams of the state, but not so as to raise the waters thereof above ordinary high water mark, and may take the same out again at any point desired, without regard to the prior rights of others to water from said stream; but due allowance shall be made for evaporation and seepage, the amount to be determined by the commissioners of irrigation of the district; or, if there are no such commissioners, then by the county commissioners of the county in which the water shall be taken out for use.
[G. S., § 1725; Laws 1879, p. 107, § 39.]
[See also section 3225.]

**3204. Liability of owners for damage.**

SEC. 40. The owners of the reservoirs shall be liable for all damages arising from leakage or overflow of the waters therefrom or by floods caused by breaking of the embankments of such reservoirs.
[G. S., § 1726; Laws 1879, p. 107, § 40.]

**3205. Construction of reservoirs—State engineer supervise.**

SEC. 41. No reservoir of a capacity of more than seventy-five millions cubic feet of water, or having a dam or embankment in excess of ten feet in vertical height, and covering an area of more than 20 acres shall hereafter be constructed in this state, except the plans and specifications of the same shall first be approved by the state engineer; and the state engineer shall act as consulting engineer during the construction thereof, and shall have authority to require the material used and the work of construction to be done to his satisfaction; and no work shall be deemed complete under the provisions of this act until the state engineer shall give to the owners of such structures a written statement of the work of construction and the full completion thereof together with his acceptance of the same, which statement shall specify the dimensions and capacity of such reservoir or reservoirs.
[Laws 1899, p. 314, § 1.]

**3206. Cost of inspection and supervision paid by owner.**

SEC. 42. The owners of such reservoirs shall pay to said state engineer his actual expenses incurred in making personal inspection, and five dollars per day and expenses to any deputy appointed by him to attend to such supervision when necessarily employed for such purpose.
[Laws 1899, p. 314, § 2.]

**3207. Engineer determine amount of water to be stored.**

SEC. 43. The state engineer shall annually determine the amount of water which it is safe to impound in the several reser-





voirs within this state an
any reservoir to store in
amount so determined by
[Laws 1899, p. 315, § 3.

**3208. Water commissio lets.**

SEC. 44. In the ev
impounding water therein
by the state engineer to
commissioner of the distr
to forthwith proceed to
the water so impounded
so determined by the sta
inlets to the same so as
filled to an amount be
designated as being safe.
voir, or any other perso
commissioner in the dis
missioner shall call to h
and employ such force a
to comply with the requ
[Laws 1899, p. 315, §

**3209. Complaint that**

SEC. 45. Upon co
by three or more perso
location that their hom
struction or damage in
of the breaking of the
state, that said reservo
being filled with water
it shall be the duty o
said reservoir and det
impound therein. If
shall find that said r
water to such an exten
to immediately cause
voir, to such an exten
safe. If water is the
the same to be discont
[Laws 1899, p. 315,

**3210. Engineer may**

SEC. 46. The s
powered to use such
required of him in th
all of the powers conf
4 of this act. If, a
examined by said sta
person or persons, sh
them to a point in e
have determined to

West's Colorado Revised Statutes Annotated Currentness
Title 37. Water and Irrigation
Water Rights and Irrigation
Water Right Determination and Administration
Article 92. Water Right Determination and Administration (Refs & Annos)
Part 1. General (Refs & Annos)

**→§ 37-92-103. Definitions**

As used in this article, unless the context otherwise requires:

(8) "Person" means an individual, a partnership, a corporation, a municipality, the state of Colorado, the United States, or any other legal entity, public or private.

CREDIT(S)

Laws 1975, H.B.1191, § 1; Laws 1979, S.B.481, § 5; Laws 1986, S.B.156, § 1. Amended by Laws 1992, S.B.92-92, § 1, eff. April 16, 1992; Laws 1995, H.B.95-1151, § 4, eff. April 7, 1995; Laws 1996, H.B.96-1252, § 1, eff. March 25, 1996; Laws 2001, Ch. 305, § 2, eff. June 5, 2001; Laws 2003, Ch. 116, § 1, eff. Aug. 6, 2003; Laws 2003, Ch. 204, § 3, eff. April 30, 2003.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C.R.S.A. § 37-87-125

C

West's Colorado Revised Statutes Annotated Currentness
Title 37. Water and Irrigation
Water Rights and Irrigation
Reservoirs and Waterways
Article 87. Reservoirs (Refs & Annos)

**→§ 37-87-125. Notice of intent to construct impoundment structure**

Any person proposing to construct a reservoir for the purpose of storing water, other than a reservoir specified in section 37-87-105(1) or a livestock water tank as described in section 35-49-103, C.R.S., shall submit notice thereof to the state engineer prior to the beginning of any construction. Such notice shall include the location of such proposed reservoir with reference to section, township, and range and the dimensions of the reservoir, the dam, and the spillway. If any reservoir is constructed without the notice required by this section, the state engineer may prohibit the storage of water in such reservoir or direct the withdrawal of water from such reservoir. The provisions of this section shall not apply to structures listed in section 37-87-114.5.

CREDIT(S)

Laws 1984, H.B.1052, § 12.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C

West's Colorado Revised Statutes Annotated Currentness
Title 37. Water and Irrigation
Water Conservation and Irrigation Districts
Conservation and Irrigation Districts
Article 41. Irrigation District Law of 1905 (Refs & Annos)

**➡§ 37-41-101. Irrigation district--organization--purposes**

(1) If a majority of the owners of the land within any district, whether residents or nonresidents, as well as the owners in the aggregate of a majority of the lands in such district desire to provide for the irrigation of the same and drainage work, or both, necessary to maintain the irrigability of the land within the district, they may propose the organization of an irrigation district under the provisions of this article. When so organized, each district shall have the powers conferred upon such irrigation district; except that where ditches, canals, or reservoirs have been constructed before May 3, 1905, such ditches, canals, reservoirs, and franchises, and the lands watered thereby, shall be exempt from the operation of this article, except such district shall be formed to purchase, acquire, lease, or rent such ditches, canals, and reservoirs and their franchises.

(2) An irrigation district may also be formed in order to cooperate, or a district formed prior to May 3, 1905, may cooperate, with the United States under the federal reclamation laws or any other federal laws enacted by the congress of the United States which do not conflict with the constitution and laws of the state of Colorado for the purposes of the construction of irrigation works, including drainage works necessary to maintain the irrigability of the land, or for the acquisition, purchase, extension, operation, or maintenance of constructed works, or for the assumption as principal or guarantor of indebtedness to the United States on account of district lands. When so cooperating with the United States, but only in such cases, the lands of the district in their entirety shall become and remain liable to assessment and levy annually until payment is made of all contract obligations due by the district to the United States.

(3) Except when cooperating with the United States, the liabilities of an irrigation district shall be a charge upon the land ratably, and taxes levied to pay such liabilities shall be local or special improvement assessments. Such a district shall also have power to take over the assets and assume the liabilities of water users' associations organized for cooperation with the United States under the provisions of the act of congress approved June 17, 1902 (32 Stat., 388), [FN1] and acts amendatory thereof, in case a majority of the lands of each association shall be within such district, subject to the provisions that the shareholders of such association, by vote as provided by their articles of incorporation and bylaws, shall assent and agree that such assets and liabilities be so taken over. Entrymen upon public lands of the United States within the proposed district boundaries shall be deemed to be the owners of lands within the district for the purpose of becoming petitioners for the organization of such irrigation district and shall share all the privileges and obligations of private landowners within the district.

(4) All contracts between irrigation districts and the United States shall be recorded in the office of the clerk and recorder of the county in which the office of the irrigation district is located; except that, where the district is located in more than one county, said contract shall be recorded with the clerk and recorder of each county in which the district or any part thereof is located.

[FN1] See 43 U.S.C.A. § 371 et seq.

HISTORICAL AND STATUTORY NOTES

2004 Main Volume

**Derivation:**

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C.R.S.A. § 37-41-101

Laws 1905, H.B.87, § 1.
Rev.St.1908, § 3440.
Laws 1921, H.B.238, § 1.
Comp.Laws 1921, § 1960.
C.S.A.1935, c. 90, § 377.
C.R.S.1953, § 149-1-1.
C.R.S.1963, § 150-1-1.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C

West's Colorado Revised Statutes Annotated Currentness
Title 37. Water and Irrigation
Water Conservation and Irrigation Districts
Conservation and Irrigation Districts
Article 41. Irrigation District Law of 1905 (Refs & Annos)

**→§ 37-41-125. Construction--contracts**

(1) After adopting a plan for the construction of canals, reservoirs, and works, the board of directors shall give notice, by publication thereof, for not less than twenty days, in a newspaper published in each of the counties into which any such irrigation district extends, provided a newspaper is published therein, and in such other newspapers as it may deem advisable, calling for bids for the construction of said work or any portion thereof. If less than the whole work is advertised, then the portion so advertised must be particularly described in such notice. The notice shall set forth that plans and specifications can be seen at the office of the board, and that the board will receive sealed proposals therefor, and that the contract will be let to the lowest responsible bidder, stating the time and the place for opening the proposals, which, at said time and place, shall be opened in public. As soon as convenient thereafter the board shall let said work, either in portions or as a whole, to the lowest responsible bidder, or it may reject any or all bids and readvertise for proposals, or it may proceed to construct the work under its own superintendence.

(2) Contracts for the purchase of material shall be awarded to the lowest responsible bidder. The persons to whom a contract may be awarded shall enter into a bond, with good and sufficient sureties, to be approved by the board, payable to said district for its use, for not less than ten percent of the amount of the contract price, conditioned for the faithful performance of said contract. The work shall be done under the direction and to the satisfaction of the engineer in charge and be approved by the board. The provisions of this section shall not apply in the case of any contract between the district and the United States; except that, before any contract for construction work shall be entered into between the United States and the district, plans and specifications covering the proposed work shall be prepared and filed with the secretary of the district.

HISTORICAL AND STATUTORY NOTES

2004 Main Volume

**Derivation:**

Laws 1905, H.B.87, § 23.
Rev.St.1908, § 3462.
Laws 1917, H.B.14, § 12.
Comp.Laws 1921, § 2001.
C.S.A.1935, c. 90, § 400.
C.R.S.1953, § 149-1-24.
C.R.S.1963, § 150-1-24.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Fourth—Water for culinary, laundry, bathing, refrigerating, (including the manufacture of ice), and for steam and hot water heating plants. The use of water for irrigation shall be superior and preferred to any use where turbine or impulse water wheels are installed for power purposes. [L. 1909, ch. 68, § 2.]

§ 726. **Change to preferred use.** Where it can be shown to the board of control under the provisions hereof, that a preferred use is to be made, the procedure for a change of such use shall embrace a public notice, an inspection and hearing if necessary by and before the proper division superintendent a report of such superintendent to the board of control, and an order by said board. If the change of use is approved, just compensation shall be paid and under the direction of the board, proper instruments shall be drawn and recorded. [L. 1909, ch. 68, § 3.]

§ 727. **Application for permit.** Any person, association or corporation hereafter intending to acquire the right to the beneficial use of the public water of the state of Wyoming shall, before commencing the construction, enlargement or extension of any ditch, canal or other distributing works, or performing any work in connection with said construction, or proposed appropriation, make an application to the state engineer for a permit to make such appropriation. Such application must set forth the name and postoffice address of the applicant, the source of the water supply, the nature of the proposed use, the location and description of the proposed ditch, canal or other work, the time within which it is proposed to begin construction, the time required for completion of construction and the time required for the complete application of the water to the proposed use. Any person who shall willfully divert or use water to the detriment of others without compliance with law shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be fined in a sum not exceeding one hundred dollars or imprisonment in the county jail for a term not exceeding six months, or by both such fine and imprisonment; and the possession or use of water, except when a right of use is acquired in accordance with law, shall be prima facie evidence of the guilt of the person using it. [L. 1895, ch. 45, § 1; R. S. 1899, § 917; L. 1907, ch. 86, § 13.]

Whalon v. Canal Co., 11 Wyo. 342, 71 Pac. 995; Johnston v. Irrigation Co., 13 Wyo. 228, 79 Pac. 22.

§ 728. **Duty of state engineer.** In case the proposed right of use is for agricultural purposes, the application shall give the legal subdivisions of land proposed to be irrigated, with the total acreage to be reclaimed, as near as may be. On receipt of this application, which shall be of a form prescribed by the state engineer, it shall be the duty of that officer to make an endorsement thereon of the date of its receipt, and to make a record of such receipt in some suitable book in his office. It shall be his duty to examine said application and ascertain if it sets forth all the facts necessary to show the location, nature and amount of proposed use. If, upon such examination the application is found defective, it shall be the duty of the state engineer to return the same for correction; the date of such return, with the reasons therefor, shall be endorsed on the application and a record made thereof in the book kept for recording receipts of such applications. A like record shall be kept of the date of the return of corrected applications, and of the date of the refusal and return of applications rejected. [L. 1895, ch. 45, § 1; R. S. 1899, § 918.]

§ 729. **Approval of application.** All applications which shall comply with the provisions of this chapter, and with the regulations of the

Fourth—Water for culinary, laundry, bathing, refrigerating, (including the manufacture of ice), and for steam and hot water heating plants. The use of water for irrigation shall be superior and preferred to any use where turbine or impulse water wheels are installed for power purposes. [L. 1909, ch. 68, § 2.]

§ 726. **Change to preferred use.** Where it can be shown to the board of control under the provisions hereof, that a preferred use is to be made, the procedure for a change of such use shall embrace a public notice, an inspection and hearing if necessary by and before the proper division superintendent a report of such superintendent to the board of control, and an order by said board. If the change of use is approved, just compensation shall be paid and under the direction of the board, proper instruments shall be drawn and recorded. [L. 1909, ch. 68, § 3.]

§ 727. **Application for permit.** Any person, association or corporation hereafter intending to acquire the right to the beneficial use of the public water of the state of Wyoming shall, before commencing the construction, enlargement or extension of any ditch, canal or other distributing works, or performing any work in connection with said construction, or proposed appropriation, make an application to the state engineer for a permit to make such appropriation. Such application must set forth the name and postoffice address of the applicant, the source of the water supply, the nature of the proposed use, the location and description of the proposed ditch, canal or other work, the time within which it is proposed to begin construction, the time required for completion of construction and the time required for the complete application of the water to the proposed use. Any person who shall willfully divert or use water to the detriment of others without compliance with law shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be fined in a sum not exceeding one hundred dollars or imprisonment in the county jail for a term not exceeding six months, or by both such fine and imprisonment; and the possession or use of water, except when a right of use is acquired in accordance with law, shall be prima facie evidence of the guilt of the person using it. [L. 1895, ch. 45, § 1; R. S. 1899, § 917; L. 1907, ch. 86, § 13.]

Whalon v. Canal Co., 11 Wyo. 342, 71 Pac. 995; Johnston v. Irrigation Co., 13 Wyo. 228, 79 Pac. 22.

§ 728. **Duty of state engineer.** In case the proposed right of use is for agricultural purposes, the application shall give the legal subdivisions of land proposed to be irrigated, with the total acreage to be reclaimed, as near as may be. On receipt of this application, which shall be of a form prescribed by the state engineer, it shall be the duty of that officer to make an endorsement thereon of the date of its receipt, and to make a record of such receipt in some suitable book in his office. It shall be his duty to examine said application and ascertain if it sets forth all the facts necessary to show the location, nature and amount of proposed use. If, upon such examination the application is found defective, it shall be the duty of the state engineer to return the same for correction; the date of such return, with the reasons therefor, shall be endorsed on the application and a record made thereof in the book kept for recording receipts of such applications. A like record shall be kept of the date of the return of corrected applications, and of the date of the refusal and return of applications rejected. [L. 1895, ch. 45, § 1; R. S. 1899, § 918.]

§ 729. **Approval of application.** All applications which shall comply with the provisions of this chapter, and with the regulations of the

appeal within sixty days of the date of such indorsement, and notice thereof to the applicant, to the board of control for an examination and reversal of any such action of the state engineer. Upon receipt of such an appeal, the secretary of the board of control shall notify the members of the board of control and upon receipt of replies from them shall fix a date, as early as may be possible, when such appeal shall be heard before the board. All parties directly interested in the appeal and those who claim an adverse interest thereto, shall be duly notified and shall be heard at such hearing if appearance is made. Any person or persons feeling himself or themselves aggrieved by any order or determination of the board of control in cases embracing such appeals from the state engineer, may within six months from the date of such action by the board of control, and notice thereof to the applicant take an appeal to the district court of the county in which the greatest use of water is proposed to be made under the application. The procedure in such appeals shall be in conformity with the provisions of §§ 780 to 788, both inclusive, and § 798 of the Compiled Statutes of Wyoming. The attorney general shall, in such cases, represent the state board of control. [L. 1895, ch. 45, § 1; R. S. 1899, § 923; L. 1909, ch. 64.]

§ 734. **Maps to be filed.** Each application for permit to appropriate water for beneficial uses must be accompanied by a map or plat in duplicate, showing accurately the location and extent of the proposed work. These maps or plats must be drawn on tracing linen, on a scale not less than two inches to the mile; they must show the location of the headgate or point of diversion by courses and distances from some government corner; they must show the actual location of the ditch or canal, or water line of the reservoir, and must show, wherever section lines are crossed, the distance to the nearest government corner. The map or plat must show the course of the river, stream or other source of supply, the location and area of all lands proposed to be reclaimed, the position and area of all reservoirs or basins intended to be created for the purpose of storing water; the location of the intersection with all other ditches, canals, laterals or reservoirs which are caused by this work, or with which connections are made; but all streams and all intersecting ditches, canals and reservoirs not connected with the proposed work, must be represented in ink of different color from that used to represent the proposed work. These maps must contain the name of the proposed work, and, where possible, the number of the permit. They must, in addition, have the name or names of the applicant or applicants and a certificate of the surveyor, giving the date of survey, his name and postoffice address. [L. 1895, ch. 45, § 2; R. S. 1899, § 924.]

Johnston v. Irrigation Co., 13 Wyo. 228, 79 Pac. 22.

§ 735. **Engineer must examine maps.** It shall be the duty of the state engineer to examine these maps or plats and to ascertain if they agree with the description contained in the application, and when found to agree, or made to agree, to approve the same, file one copy in his office and return the other, approved, to the party filing them. [L. 1895, ch. 45, § 2; R. S. 1899, § 925.]

§ 736. **Additional description.** In case of ditches or canals carrying more than fifty cubic feet of water per second, the engineer may require, in addition to the maps or plats above described, the following: A longitudinal profile of the ditch showing the bottom and proposed water line; the horizontal scale of this line shall not be less than one inch to one thousand feet, and the vertical scale not less than one inch to twenty feet. [L. 1895, ch. 45, § 2; R. S. 1899, § 926.]

§ 737. **Requirements of plans.** The engineer may require, in addition to the maps and plats above described, a plan showing cross-sections at a sufficient number of points to show the different forms which the ditch, when completed, will take, and showing what proportion of the water is to be conveyed in excavation and what proportion to be conveyed in fill. These plans shall be drawn on a horizontal and vertical scale of one inch to twenty feet. Plans of any dams, cribs, embankments or other proposed works to obstruct any river, stream, lake or pond, or other source of water supply, shall be drawn on a longitudinal scale of not less than one inch to two hundred feet, and for cross-sections on a scale of not less than one inch to twenty feet; and shall show what material is intended to be used and placed in such work. Timber, brush, stone or other material except earth used in such works shall be shown in detail on a plan, the scale of which shall not be less than one inch to four feet. The maps of all proposed reservoirs shall show the surface of the ground under water, and a sufficient number of lines of level shall be shown so that the contents of the reservoir or basin may be approximately determined. If the levels shall be shown by contour lines they shall be on a scale sufficiently large to show vertical levels not exceeding five feet, and with all such reservoir plans there shall be furnished a plan, on a scale of not less than one inch to four feet, showing the method of providing a wasteway for such reservoir, and method of drawing off the water from such reservoir or basin. If the state engineer deems it necessary he may require the submission of complete plans and specifications for his approval. He may also require the filing of field notes of canal and reservoir surveys. [L. 1895, ch. 45, § 2; R. S. 1899, § 927; L. 1907, ch. 86, § 14.]

§ 738. **Certificate to appropriator.** Upon it being made to appear to the satisfaction of the board of control, that any appropriation has been perfected in accordance with such application, and the endorsement thereon by the state engineer, it shall be the duty of the board of control, by the hand of its president, attested under the seal of the secretary, to send to the county clerk a certificate of the same character as that described in § 778, which said certificate shall be recorded in the office of the county clerk as provided in said section. [L. 1890-91, ch. 8. § 36; R. S. 1899, § 928.]

Comrs. v. Perkins, 5 Wyo. 168, 178, 38 Pac. 915; Whalon v. Canal Co., 11 Wyo. 313, 71 Pac. 995.

§ 739. **Date of priority.** The priority of such appropriation shall date from the filing of the application in the engineer's office. [L. 1890-91, ch. 8, § 37; R. S. 1899, § 929.]

Whalon v. Canal Co., 11 Wyo. 342, 71 Pac. 995.

§ 740. **Maintenance of headgates.** The owner or owners of any ditch or canal shall maintain, to the satisfaction of the division superintendent of the division in which the irrigation works are located, a substantial headgate at the point where the water is diverted, which shall be of such construction that it can be locked and kept closed by the water commissioner; and such owners shall construct and maintain, when required by the division superintendent, flumes or other measuring devices at such points along such ditch as may be necessary for the purpose of assisting the water commissioner in determining the amount of water that is to be diverted into said ditch from the stream, or taken from it by the various users. Any and every owner or manager of a reservoir, located across or upon the bed of a natural stream, shall be required to construct and maintain, when required by the division superintendent, a flume or measuring device of a plan to be approved by

the state engineer, below such reservoir at a point not to exceed 600 feet distant therefrom, and a flume or measuring device above such reservoir on each and every stream or source of supply discharging into such reservoir, for purpose of assisting the water commissioner or superintendent in determining the amount of water to which prior appropriators are entitled and thereafter diverting it for such prior appropriators' use. When it may be necessary for the protection of other water users, the division superintendent has authority to require flumes to be installed along the line of any ditch. If any such owner or owners of irrigation works shall refuse or neglect to construct and put in such headgates, flumes or measuring devices after ten days' notice to do so by division superintendent, it shall be the duty of the water commissioner of the district in which such headgate is located, on order of the division superintendent, to close such ditch to the passage of water, and the same shall not be opened or any water diverted from the source of supply, under the penalties prescribed by law for the opening of headgates lawfully closed, until the requirements of the division superintendent as to such headgate, flumes or measuring device have been complied with, and if any owner, or manager of a reservoir located across the bed of a natural stream shall neglect or refuse to put in such measuring device after ten days' notice to do so by the division superintendent, the water commissioner shall open the sluice gate or outlet of such reservoir and the same shall not be closed under penalties of the law for changing or interfering with headgates, until the requirements of the division superintendent as to such measuring devices are complied with. [L. 1890-91, ch. 8, § 46; R. S. 1899, § 930; L. 1901, ch. 92; L. 1907, ch. 86, §15.]

**§ 741. Rights limited to use.** Rights to the use of water shall be limited and restricted to so much thereof as may be necessarily used for irrigation or other beneficial purposes as aforesaid, irrespective of the carrying capacity of the ditch, and all the balance of the water not so appropriated shall be allowed to run in the natural stream from which such ditch draws its supply of water, and shall not be considered as having been appropriated thereby; and in case the owner or owners of any such ditch, canal or reservoir shall fail to use the water therefrom for irrigation or other beneficial purposes during any five successive years, they shall be considered as having abandoned the same, and shall forfeit all water rights, easements and privileges, appurtenant thereto, and the water formerly appropriated by them may be again appropriated for irrigation and other beneficial purposes, the same as if such ditch, canal or reservoir had never been constructed; neither shall the owner or owners of such ditch, canal or reservoir have any right to receive from others any royalty for the use of water carried thereby, but every such owner or owners having a surplus of water and furnishing the same to others from any ditch, canal or reservoir as herein provided, shall be considered common carriers and shall be subjected to the same laws that govern common carriers. [L. 1888, ch. 55, § 14; R. S. 1899, § 895; L. 1905, ch. 39; L. 1907, ch. 86, § 12.]

Farm Investment Co. v. Carpenter, 9 Wyo. 126, 61 Pac. 258, 50 L. R. A. 747

**§ 742. Legal standard.** A cubic foot of water per second of time shall be the legal standard for the measurement of water in this state, both for the purpose of determining the flow of water in natural streams, and for the purpose of distributing water therefrom. [L. 1890-91, ch. 8, § 38; R. S. 1899, § 968.]

(Note:—See also articles I and VIII, constitution. Compiler.)

WYOMING STATUTES 1977
TITLE 41. WATER.
CHAPTER 3. WATER RIGHTS; ADMINISTRATION AND CONTROL.
ARTICLE 3. RESERVOIRS.

**§ 41-3-301 Application for construction permit; contents; procedure.**

(a) Any person, corporation, association, or organization, of any nature whatsoever, hereafter intending to store or impound, for beneficial uses, any of the unappropriated waters of the state of Wyoming, shall, before commencing construction of any works for such purpose, or performing any work in connection with said proposed construction, make an application to the state engineer, for a permit to construct a reservoir. The application must set forth the name and post office address of the applicant; the source of the water supply; the nature of the proposed use; the location and description of the proposed work; the time within which it is proposed to begin construction, and the time required for the completion of construction. Maps and plans shall conform with the provisions of W.S. 41-4-510. In case of reservoirs where the storage is for stock purposes only and the capacity does not exceed twenty (20) acre-feet and the height of dam does not exceed twenty (20) feet, the state engineer may issue a permit without the filing of a map on tracing cloth; however the state engineer may require certain information be submitted on special forms to be furnished by him.

(b) For reservoir permits issued in conjunction with the national pollutant discharge elimination system (NPDES) for mining operations, the state engineer shall promptly review the application and advise the applicant in writing if it is complete, within thirty (30) days. If the application is complete, or is resubmitted to the satisfaction of the state engineer, it shall be approved or denied within forty-five (45) days of this determination:

(i) For the purpose of this subsection "complete" means that the application contains all the essential and necessary elements and is acceptable for further review for substance and compliance with the provisions of this chapter.

(Laws 1903, ch. 69, § 1; C.S. 1910, § 743; C.S. 1920, § 864; R.S. 1931, § 122-1502; Laws 1941, ch. 24, § 1; C.S. 1945, § 71-601; W.S. 1957, § 41-26; Laws 1980, ch. 67, § 1.)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

WYOMING STATUTES 1977
TITLE 41. WATER.
CHAPTER 4. BOARD OF CONTROL; ADJUDICATION OF WATER RIGHTS.
ARTICLE 5. APPLICATION FOR PERMIT FOR APPROPRIATION; PROCEDURE.

**§ 41-4-501 Permit required prior to construction of ditches, canals or other distributing works; contents of application; unlawful diversion or use of water prohibited.**

Any person, association or corporation hereafter intending to acquire the right to the beneficial use of the public water of the state of Wyoming shall, before commencing the construction, enlargement or extension of any ditch, canal or other distributing works, or performing any work in connection with said construction, or proposed appropriation, make an application to the state engineer for a permit to make such appropriation. Such application must set forth the name and post-office address of the applicant, the source of the water supply, the nature of the proposed use, the location and description of the proposed ditch, canal or other work, the time within which it is proposed to begin construction, the time required for completion of construction and the time required for the complete application of the water to the proposed use. Any person who shall wilfully divert or use water to the detriment of others without compliance with law shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be fined in a sum not exceeding one hundred dollars ($100.00), or by imprisonment in the county jail for a term not exceeding six (6) months, or by both such fine and imprisonment; and the possession or use of water, except when a right of use is acquired in accordance with law, shall be prima facie evidence of the guilt of the person using it.

(Laws 1890-91, ch. 8, § 34; 1895, ch. 45, § 1; R.S. 1899, § 917; Laws 1907, ch. 86, § 13; C.S. 1910, § 727; C.S. 1920, § 835; R.S. 1931, § 122-404; C.S. 1945, § 71-238; W.S. 1957, § 41-201.)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

▶

WYOMING STATUTES 1977
TITLE 41. WATER.
CHAPTER 4. BOARD OF CONTROL; ADJUDICATION OF WATER RIGHTS.
ARTICLE 5. APPLICATION FOR PERMIT FOR APPROPRIATION; PROCEDURE.

**§ 41-4-507 Maps and plats; when required with application; contents; format requirements; copies; duties of state engineer generally.**

(a) Each application for a permit to appropriate waters for beneficial uses under a project embracing the major irrigable portion of an entire drainage basin within the limits of this state which has been approved by either state or federal agencies for development and construction in subdivisions as the result of preliminary investigations, must be accompanied by a map or plat in duplicate, the original of which shall be on tracing linen drawn on a scale to conform to the regulations of the state engineer, showing the approximate location of all streams, proposed reservoirs, main canals and the other data required under the terms of W.S. 41-3-301, together with the approximate location and area of the lands to be irrigated and approximate capacity of each of the reservoirs to be constructed. It shall be the duty of the state engineer to approve any such application made in conformity herewith which contemplates the application of the water of a drainage basin to the beneficial use of a major irrigable portion thereof where the proposed use does not tend to impair the value of existing rights, or to be otherwise detrimental to the public welfare; provided, however, that any permit for appropriation of waters for beneficial uses upon the irrigable lands designated in such a drainage basin project application, must be conditioned for the submission to the state engineer of detailed maps, plans and specifications applicable to a single subdivision of the project and the approval thereof by the state engineer, prior to the commencement of the construction of any such subdivisions; provided further that such subdivision maps, plans and specifications shall conform to the requirements hereinafter set forth as applicable to other applications not embracing the major irrigable portion of an entire drainage basin.

(b) Every other application for permit to appropriate water for beneficial uses must be accompanied by a map or plat in duplicate, showing accurately the location and extent of the proposed work. The original of these maps or plats must be drawn on tracing linen, on a scale to conform to the regulations of the state engineer; they must show the location of the headgate or point of diversion by courses and distances from some government corner; they must show the actual location of the ditch or canal, or water line of the reservoir, and must show, wherever section lines are crossed, the distance to the nearest government corner. The map or plat must show the course of the river, stream or other source of supply; the location and area of all lands proposed to be reclaimed; the position and area of all reservoirs or basins intended to be created for the purpose of storing water; the location of the intersection with all other ditches, canals, laterals or reservoirs which are caused by this work, or with which connections are made. These maps must contain the name of the proposed work, and, where possible, the number of the permit. They must in addition, have the name or names of the applicant or applicants and the certificate of the surveyor, giving the date of survey, his name and post-office address.

(Laws 1890-91, ch. 8, § 35; 1895, ch. 45, § 2; R.S. 1899, § 924; C.S. 1910, §

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

734; C.S. 1920, § 842; R.S. 1931, § 122-411; Laws 1939, ch. 68, § 1; C.S. 1945, § 71-245; W.S. 1957, § 41-207.)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

WYOMING STATUTES 1977
TITLE 41. WATER.
CHAPTER 4. BOARD OF CONTROL; ADJUDICATION OF WATER RIGHTS.
ARTICLE 5. APPLICATION FOR PERMIT FOR APPROPRIATION; PROCEDURE.

**§ 41-4-510 Maps and plats; additional information; cross section plans; plans of obstructions; reservoir specifications; field notes.**

The engineer may require, in addition to the maps and plats above described, a plan showing cross sections at a sufficient number of points to show the different forms which the ditch, when completed, will take, and showing what proportion of the water is to be conveyed in excavation and what proportion to be conveyed in fill. These plans shall be drawn on a horizontal and vertical scale of one (1) inch to twenty (20) feet. Plans of any dams, cribs, embankments or other proposed work to obstruct any river, stream, lake or pond, or other source of water supply, shall be drawn on a longitudinal scale of not less than one (1) inch to two hundred (200) feet, and for cross sections on a scale of not less than one (1) inch to twenty (20) feet; and shall show what material is intended to be used and placed in such work. Timber, brush, stone or other material except earth used in such works shall be shown in detail on a plan, the scale of which shall not be less than one (1) inch to four (4) feet. The maps of all proposed reservoirs shall show the surface of the ground under water, and a sufficient number of lines of level shall be shown so that the contents of the reservoir or basin may be approximately determined. If the levels shall be shown by contour lines they shall be on a scale sufficiently large to show vertical levels not exceeding five (5) feet, and with all such reservoir plans there shall be furnished a plan, on a scale of not less than one (1) inch to four (4) feet, showing the method of providing a wasteway for such reservoir, and method of drawing off the water from such reservoir or basin. If the state engineer deems it necessary he may require the submission of complete plans and specifications for his approval. He may also require the filing of field notes of canal and reservoir surveys.

(Laws 1890-91, ch. 8, § 35; 1895, ch. 45, § 2; R.S. 1899, § 927; Laws 1907, ch. 86, § 14; C.S. 1910, § 737; C.S. 1920, § 845; R.S. 1931, § 122-414; C.S. 1945, § 71-248; W.S. 1957, § 41-210.)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C

WYOMING STATUTES 1977
TITLE 41. WATER.
CHAPTER 4. BOARD OF CONTROL; ADJUDICATION OF WATER RIGHTS.
ARTICLE 5. APPLICATION FOR PERMIT FOR APPROPRIATION; PROCEDURE.

**§ 41-4-512 Final proof of appropriation; date of priority.**

The priority of such appropriation shall date from the filing of the application in the engineer's office.

(Laws 1890-91, ch. 8, § 37; R.S. 1899, § 929; C.S. 1910, § 739; C.S. 1920, § 850; R.S. 1931, § 122-419; C.S. 1945, § 71-250; W.S. 1957, § 41-212.)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.