UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KLAMATH IRRIGATION DISTRICT, et al., | ) | No. 01-591 L |
| Plaintiffs, | ) | Judge Francis M. Allegra |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | PCFFA ET AL.'S SUPPLEMENTAL MEMORANDUM IN RESPONSE TO MOTION FOR RECONSIDERATION |
| Defendant, | ) | |
| and | ) | |
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, INSTITUTE FOR FISHERIES RESOURCES, THE WILDERNESS SOCIETY, KLAMATH FOREST ALLIANCE, OREGON NATURAL RESOURCES COUNCIL, WATERWATCH OF OREGON, NORTHCOAST ENVIRONMENTAL CENTER, and SIERRA CLUB, | ) | |
| Defendant-Intervenors. | ) | |

MAY IT PLEASE THE COURT:

In its motion for reconsideration, the Water Users make one argument that seems intended more to bolster their pending motion for summary judgment on the "property" issue than address the requirements for intervention. In arguing that PCFFA has no protectable interest in water from the Klamath Project, the Water Users assert that they own the water rights in the Klamath project, and that the United States has "re-allocated" to endangered fish project water rights which were only granted for irrigation.

The Water Users argument is off track for two reasons. First, the Water Users simply

reiterate without additional support their claim that they own the underlying rights to water delivered by the Klamath Project. This is exactly the question at issue in the cross-motions for summary judgment, and the Motion for Reconsideration adds nothing new to this argument.

Second, the Water Users' repeated claim that project water left in the river to prevent the extinction of endangered fish has been "re-allocated" is wrong as a matter of law. In fact, that water was never available for Klamath Project purposes, because the Project cannot be operated in a way that violates the ESA. The federal courts have repeatedly addressed this issue in the context of federal irrigation projects, including the Klamath Project.

In O'Neill v. United States, 50 F.3d 677 (9th Cir. 1995), water users brought suit against the United States seeking performance on a BOR water service contract. The water users had received less than a full contractual supply because water had been allocated to ESA-protected species. The court turned to the contract at issue and noted that it contained a provision stating that the United States was not liable for water shortages attributable to errors, drought or "any other causes." Id. at 682. The Court concluded that the provision covered water shortages that resulted from "the mandates of valid legislation," including statutes—like the ESA—that required BOR to use the water elsewhere. Id. at 684; see also Natural Resources Defense Council v. Houston, 146 F.3d 1118, 1126 (9th Cir. 1998) (holding that BOR had authority to "reduce the amount of water available if necessary to comply with the ESA" where contracts only granted irrigators a right to the "available" water supply). The Ninth Circuit concluded in O'Neill that even where the contract offered no specific authority to withhold water, the contract remained subservient to subsequently enacted statutes, including the ESA. 50 F.3d at 686.

In PCFFA. v. BOR, 138 F. Supp.2d 1228 (N.D. Cal. 2001), the court reached a similar conclusion regarding irrigation deliveries from the Klamath Project itself. Having established a

violation of the ESA, plaintiffs asked the court to issue an injunction limiting water deliveries to irrigators to prevent river flows from falling below a certain level. Intervenors argued that the BOR lacked the authority to withhold such water, which was supplied to the irrigators under contracts. The court disagreed, concluding that the requirements of the ESA "override the water rights of the irrigators" id. at 1250 & n.20, and an injunction issued. See also Klamath Water Users Protective Assoc. v. Patterson, 204 F.3d 1206, 1213 (9th Cir. 2000) (since BOR owns and retains authority over dam, ESA imposes overarching duty to "tak[e] control of the dam when necessary to meet the requirements of the ESA").

In short, the Water Users' claim that the United States has re-directed or re-allocated project water rights which may only be used for irrigation purposes is wrong as a matter of law. To the extent that the Water Users have rights, they derive from the United States, and those rights are clearly limited by legislation such as the ESA.

Respectfully submitted this 19th day of May, 2005.

/s/ Todd D. True
TODD D. TRUE (WSB #12864)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104
(206) 343-7340
(206) 343-1526 *[FAX]*
ttrue@earthjustice.org

ROBERT B. WIYGUL (LA BAR #17411)
Waltzer & Associates
1025 Division Street, Suite C
Biloxi, MS 39530
(228) 374-0700
(228) 374-0725 *[FAX]*
robert@waltzerlaw.com

*Attorneys for Defendant-Intervenors*

# CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of Washington. I am over 18 years of age and not a party to this action. My business address is 705 Second Avenue, Suite 203, Seattle, Washington 98104.

On May 19, 2005, I served a true and correct copy of the following documents on the parties listed below:

1. PCFFA Et Al.'s Supplemental Memorandum in Response to Motion for Reconsideration.

| | |
|---|---|
| Roger J. Marzulla<br>Nancie G. Marzulla<br>Marzulla & Marzulla<br>1350 Connecticut Avenue, N.W., Suite 410<br>Washington, D.C. 20036<br>Phone: 202-822-6760<br>Fax No. 202-822-6774<br>*Attorneys for Plaintiffs* | ☐ via facsimile<br>☐ via overnight courier<br>☐ via first-class U.S. mail<br>☐ via hand delivery<br>☐ via e-mail<br>☒ via electronic service by the Clerk |
| Kris Tardiff<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>c/o U.S. Attorney's Office<br>55 Pleasant Street, Suite 352<br>Concord, NH 03301<br>Phone: 603-225-1562<br>Fax No. 603-225-1577<br>*Attorneys for Federal Defendant* | ☐ via facsimile<br>☐ via overnight courier<br>☐ via first-class U.S. mail<br>☐ via hand delivery<br>☐ via e-mail<br>☒ via electronic service by the Clerk |
| Robin L. Rivett<br>Andrew T. Lloyd<br>Pacific Legal Foundation<br>10360 Old Pacerville Road, Suite 100<br>Sacramento, CA 95827<br>Phone: 916-362-2833<br>Fax No. 916-362-2932<br>*Attorneys for Amicus Curiae Pacific Legal Foundation* | ☐ via facsimile<br>☐ via overnight courier<br>☒ via first-class U.S. mail<br>☐ via hand delivery<br>☐ via e-mail<br>☐ via electronic service by the Clerk |



*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

| | |
|---|---|
| Curtis G. Berkey<br>Alexander, Berkey, Williams & Weathers, LLP<br>2000 Center Street, Suite 308<br>Berkeley, CA 94704<br>Phone: 510-548-7070<br>Fax No. 510-548-7080<br>*Attorney for Amicus Curiae* | ☐ via facsimile<br>☐ via overnight courier<br>☐ via first-class U.S. mail<br>☐ via hand delivery<br>☐ via e-mail<br>☒ via electronic service by the Clerk |
| John D. Echeverria<br>Georgetown Environmental Law and Policy Institute<br>600 New Jersey Avenue, N.W.<br>Washington, D.C. 20001-2075<br>Phone: 202-662-9863<br>Fax No. 202-662-9005<br>*Attorney for Amicus Curiae Natural Resources Defense Council* | ☐ via facsimile<br>☐ via overnight courier<br>☐ via first-class U.S. mail<br>☐ via hand delivery<br>☐ via e-mail<br>☒ via electronic service by the Clerk |
| Richard Whitman<br>David E. Leith<br>Assistant Attorneys General<br>Oregon Attorney General's Office<br>Oregon Department of Justice<br>1162 Court Street N.E.<br>Salem, OR 97301-4096<br>Phone: 503-378-6313<br>Fax No. 503-378-3465<br>*Attorneys for Amicus Curiae State of Oregon* | ☐ via facsimile<br>☐ via overnight courier<br>☐ via first-class U.S. mail<br>☐ via hand delivery<br>☐ via e-mail<br>☒ via electronic service by the Clerk |

I, Catherine Hamborg, declare under penalty of perjury that the foregoing is true and correct.

Executed on this 19th day of May, 2005, at Seattle, Washington.

Catherine Hamborg



*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*