FRANCIS A. ORFF, et al., PETITIONERS
v.
UNITED STATES et al.
**No. 03-1566**

United States Supreme Court.

Argued February 23, 2005

Decided June 23, 2005

Syllabus [FN*]

FN* The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States v. Detroit Timber & Lumber Co.*, 200 U. S. 321, 337.

Petitioner California farmers and farming entities purchase water from respondent Westlands Water District, which receives its water from the United States Bureau of Reclamation under a 1963 contract between Westlands and the Bureau. In 1993, Westlands and other water districts sued the Bureau for reducing their water supply. Petitioners, though not parties to the 1963 contract, intervened as plaintiffs. After negotiations, all parties except petitioners stipulated to dismissal of the districts' complaint. Petitioners pressed forward with, as relevant here, the claim that the United States had breached the contract. They contended that they were third-party beneficiaries entitled to enforce the contract and that the United States had waived its sovereign immunity from breach of contract suits in a provision of the Reclamation Reform Act of 1982, 43 U. S. C. § 390uu. The District Court ultimately held that petitioners were neither contracting parties nor intended third-party beneficiaries of the contract and therefore could not benefit from § 390uu's waiver. The Ninth Circuit affirmed in relevant part.

*Held*: Section 390uu does not waive the United States' sovereign immunity from petitioners' suit. The provision grants consent 'to *join* the United States *as a necessary party defendant* in any suit to adjudicate' certain rights under a federal reclamation contract. (Emphasis added.) A waiver of sovereign immunity must be strictly construed in favor of the sovereign. See, *e.g., Department of Army v. Blue Fox, Inc.*, 525 U. S. 255, 261. In light of this principle, § 390uu is best interpreted to grant consent to join the United States in an action between other parties when the action requires construction of a reclamation contract and joinder of the United States is necessary. It does not permit a plaintiff to sue the United States alone.

This interpretation draws support from § 390uu's use of the words 'necessary party,' a term of art whose meaning calls to mind Federal Rule of Civil Procedure 19(a)'s requirements for joinder of parties. The interpretation also draws support from the contrast between § 390uu's language, which speaks in terms of joinder, and the broader phrasing of other statutes, *e.g.*, the Tucker Act, that waive immunity from suits against the United States alone. Petitioners' suit, brought solely against the United States and its agents, is not an attempt to 'join the United States as a necessary party defendant' under § 390uu. Pp. 5-8.

358 F. 3d 1137, affirmed.

THOMAS, J., delivered the opinion for a unanimous Court.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JUSTICE THOMAS delivered the opinion of the Court.

Petitioners are individual farmers and farming entities in California who purchase water from respondent Westlands Water District (Westlands or District). Westlands receives its water from the United States Bureau of Reclamation (Bureau) under a 1963 contract between Westlands and the Bureau. Petitioners contend that the Bureau breached the contract in 1993 when it reduced the water supply to Westlands. Although petitioners are not parties to the contract, they claim that they are entitled to enforce it as intended third-party beneficiaries; that the United States waived its sovereign immunity from suits for breach of contract in a provision of the Reclamation Reform Act of 1982, § 221, 96 Stat. 1271, 43 U. S. C. § 390uu; and hence that they may sue the United States in federal district court for breach of the 1963 contract. We conclude that, in enacting § 390uu, Congress did not consent to petitioners' suit.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

I

The Reclamation Act of 1902 set in motion a massive program to provide federal financing, construction, and operation of water storage and distribution projects to reclaim arid lands in many Western States. *California v. United States*, 438 U. S. 645, 650 (1978). The California Central Valley Project (CVP), a system of dams, reservoirs, levees, canals, pumping stations, hydropower plants, and other infrastructure, distributes water throughout California's vast Central Valley. *United States v. Gerlach Live Stock Co.*, 339 U. S. 725, 733 (1950).

The Bureau, located in the Department of the Interior, administers the CVP. In accordance with its standard practice for federal reclamation projects, the Bureau holds permits to appropriate water from the relevant state agency, here the California State Water Resources Control Board. See *California*, *supra*, at 652, and n. 7. The Bureau distributes the water in accordance with its statutory and contractual obligations. It contracts with state irrigation districts to deliver water and to receive reimbursement for the costs of constructing, operating, and maintaining the works.

In 1963, the United States agreed to a 40-year water service contract with Westlands, a political subdivision of the State of California. The 1963 contract provided, among other things, that the United States would furnish to the District specified annual quantities of water, App. 34-36, and that the District would accept and pay for the water at a maximum rate of $8 per acre-foot, *id.*, at 38. Since 1978, the contract has generated extensive litigation. See *Barcellos & Wolfsen, Inc. v. Westlands Water Dist.*, 899 F. 2d 814, 817 (CA9 1990); *O'Neill v. United States*, 50 F. 3d 677, 681 (CA9 1995); 358 F. 3d 1137, 1141 (CA9 2004) (case below). In 1982, Congress enacted the Reclamation Reform Act, which included 43 U. S. C. § 390uu, the waiver of sovereign immunity at issue here.

The present case arose from water delivery reductions in the early 1990's. Those reductions stemmed from environmental obligations imposed on the Bureau by the 1992 enactment of the Central Valley Project Improvement Act (CVPIA), 106 Stat. 4706. The CVPIA directed the Secretary of the Interior to 'operate the [CVP] to meet all obligations under ... the Federal Endangered Species Act' (ESA), § 3406(b), and to dedicate annually a certain amount of CVP water to implement fish, wildlife, and habitat restoration, § 3406(b)(2). In the early 1990's, the National Marine Fisheries Service listed the Sacramento River winter-run chinook salmon as a threatened species under the ESA, see 55 Fed. Reg. 46523 (1990); 50 CFR § 227.4(e) (1991); and, in 1993, the United States Fish and Wildlife Service listed the delta smelt as a threatened species, see 58 Fed. Reg. 12854-12855; 50 CFR § 17.11. The Bureau concluded that pumps used to deliver water south of the Sacramento-San Joaquin Delta could harm these species. Brief for United States 10-11, and n. 7. To avert possible harm to these species and other wildlife, the Bureau concluded that it needed to reduce the water delivery. In the 1993-1994 water year, the Bureau reduced by 50 percent the contractual delivery of CVP water to water districts south of the Delta, including Westlands. *Id.*, at 10; see also *O'Neill, supra*, at 681.

In 1993, Westlands and several other water districts challenged the Bureau's 50-percent delivery reduction under the Administrative Procedure Act, the ESA, the National Environmental Policy Act of 1969, and the Due Process and Takings Clauses of the Fifth Amendment. *Westlands Water Dist. v. United States Dept. of Interior, Bureau of Reclamation*, 850 F. Supp. 1388, 1394-1395 (ED Cal. 1994). Petitioner landowners and water users intervened as plaintiffs. Respondent Natural Resources Defense Council and other fishing and conservation organizations intervened as defendants. *Id.*, at 1394. Ultimately, following negotiations among the State of California, the Federal Government, and urban, agricultural, and environmental interests, the water districts and all parties except petitioners stipulated to the dismissal of the districts' complaint. 358 F. 3d, at 1142; App. to Pet. for Cert. 25a; Brief for United States 11. [FN1]

Petitioners pressed forward with numerous claims. The District Court dismissed some of them and granted summary judgment for the Government on others, see 358 F. 3d, at 1142, leaving only the claim at issue here: that the United States had breached the 1963 contract by reducing the delivery of water and was liable for money damages. Petitioners contended that the United States had waived its sovereign immunity from their suit in the Reclamation Reform Act, 43 U. S. C. § 390uu. The District Court initially held that petitioners were intended third-party beneficiaries and that the language of § 390uu was broad enough to allow their suit, App. to Pet. for Cert. 26a, but on reconsideration changed its view. It held that, in light of intervening circuit authority, *Klamath Water Users Protective Assn. v. Patterson*, 204 F. 3d 1206 (CA9 1999), petitioners were neither contracting parties nor intended third-party

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

beneficiaries of the 1963 contract, and therefore could not benefit from § 390uu's waiver. App. to Pet. for Cert. 27a-34a.

The Court of Appeals affirmed in relevant part. It agreed with the District Court's reading of the 1963 contract and § 390uu in light of *Klamath*. 358 F. 3d, at 1144-1147. The Court of Appeals noted that its decision might be at odds with *H. F. Allen Orchards v. United States*, 749 F. 2d 1571 (CA Fed. 1984), which had reached the opposite conclusion with respect to farmers who belonged to an irrigation district in Washington. 358 F. 3d, at 1147, n. 5. We granted certiorari. 543 U. S. __ (2004).

II

This dispute centers on § 390uu, which waives the United States' sovereign immunity for certain purposes. Section 390uu provides:

> 'Consent is given to join the United States as a necessary party defendant in any suit to adjudicate, confirm, validate, or decree the contractual rights of a contracting entity and the United States regarding any contract executed pursuant to Federal reclamation law. The United States, when a party to any suit, shall be deemed to have waived any right to plead that it is not amenable thereto by reason of its sovereignty, and shall be subject to judgments, orders, and decrees of the court having jurisdiction, and may obtain review thereof, in the same manner and to the same extent as a private individual under like circumstances. Any suit pursuant to this section may be brought in any United States district court in the State in which the land involved is situated.'

Petitioners contend that they are intended third-party beneficiaries of the 1963 contract and therefore entitled to enforce the contract. Hence, they claim, their suit is one 'to adjudicate . . . the contractual rights of a contracting entity and the United States' within the meaning of § 390uu. This argument founders on the principle that a waiver of sovereign immunity must be strictly construed in favor of the sovereign. See, *e.g., Department of Army v. Blue Fox, Inc.*, 525 U. S. 255, 261 (1999); *Lane v. Peńa*, 518 U. S. 187, 192 (1996). Construing § 390uu in light of this principle, we find it insufficient to waive sovereign immunity.

Section 390uu grants consent 'to *join* the United States *as a necessary party defendant* in any suit to adjudicate' certain rights under a federal reclamation contract. (Emphasis added.) This language is best interpreted to grant consent to join the United States in an action between other parties--for example, two water districts, or a water district and its members--when the action requires construction of a reclamation contract and joinder of the United States is necessary. It does not permit a plaintiff to sue the United States alone.

Section 390uu's use of the words 'necessary party' supports this interpretation. Before 1966, the term 'necessary' described the class of parties now called 'Persons to be Joined if Feasible' under Federal Rule of Civil Procedure 19(a). See *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U. S. 102, 116-118, and n. 12 (1968) (recounting terminology change). Rule 19(a) requires a court to order joinder of a party if

> '(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.'

Though the Rule no longer describes such parties as 'necessary,' 'necessary party' is a term of art whose meaning parallels Rule 19(a)'s requirements. See Black's Law Dictionary 928 (5th ed. 1979) (defining 'necessary parties' as 'those persons who must be joined in an action because, *inter alia*, complete relief cannot be given to those already parties without their joinder,' and citing Fed. Rule Civ. Proc. 19(a)).

The phrase 'join . . . as a necessary party defendant' in § 390uu thus calls to mind Rule 19(a)'s requirements. We need not decide here whether the phrase limits the waiver of sovereign immunity to cases in which the United States could be joined under Rule 19(a). Regardless, the traditional concept of joinder of a necessary party supports interpreting § 390uu to permit joinder of the United States in an action rather than initiation of a suit solely against it.

Our conclusion draws force from the contrast between § 390uu's language, which speaks in terms of joinder, and the broader phrasing of statutes that waive immunity from suits against the United States alone. For example, the Tucker Act grants the United States Court of Federal Claims 'jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States.' 28 U. S. C. § 1491(a)(1).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[FN2] The Little Tucker Act grants district courts original jurisdiction, concurrent with the Court of Federal Claims, over '[a]ny . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded ... upon any express or implied contract with the United States.' § 1346(a)(2). The contrast between 43 U. S. C. § 390uu and the broader language of these statutes confirms that our construction ascribes the proper meaning to the limiting phrase 'join . . . as a necessary party defendant' in § 390uu.

Petitioners' suit cannot proceed under our interpretation of § 390uu. For purposes of that provision, petitioners sought to sue the United States alone: They named as defendants the United States itself, as well as various federal entities and officials they viewed as responsible for the water delivery reduction (for example, the Bureau, the Fish and Wildlife Service, and the Secretary of the Interior). Petitioners' suit, brought solely against the United States and its agents, is not an attempt to '*join* the United States as a necessary party defendant.' § 390uu (emphasis added). [FN3]

* <undefchar value='32'> <undefchar value='32'>* <undefchar value='32'> < undefchar value='32'>*

We hold that § 390uu does not waive immunity from petitioners' suit: The statute does not waive immunity from suits directly against the United States, as opposed to joinder of the United States as a necessary party defendant to permit a complete adjudication of rights under a reclamation contract. We therefore affirm the judgment of the Court of Appeals.

It is so ordered.

FN1. Westlands subsequently intervened on appeal.

FN2. The District Court invited petitioners several times to transfer their damages claims to the Court of Federal Claims, but petitioners did not accept those invitations. App. to Pet. for Cert. 22a.

FN3. We need not reach the contentions, advanced by respondents, that § 390uu neither unequivocally grants consent to a money damages remedy, Brief for United States 23-25; Brief for Natural Resources Defense Council et al. 20-21, nor unequivocally grants consent to suit by noncontracting entities, *id.*, at 22-23, and n. 8; Brief for Westlands Water District 44- 46. As explained above, we find § 390uu otherwise insufficiently clear to grant consent to petitioners' suit.

2006844856

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.