IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR UMATILLA COUNTY.

| | |
|---|---|
| IN THE MATTER OF THE DETERMINATION OF THE RELATIVE RIGHTS OF THE VARIOUS CLAIMANTS TO THE WATERS OF THE UMATILLA RIVER AND ITS TRIBUTARIES, A TRIBUTARY OF THE COLUMBIA RIVER, IN UMATILLA COUNTY, OREGON. | FINAL DECREE. |

Now, at this time this matter came on for hearing upon the Findings of the State Water Board, heretofore filed in the above entitled proceeding and the exceptions filed thereto, and it appearing to the Court that said Findings of the State Water Board should be modified in a large number of particulars, and upon due hearing upon same, the Court made the Findings of Fact and Conclusions of Law, which Findings of Fact and Conclusions of Law do modify the Findings of the State Water Board, and the Court having filed said Findings of Fact and Conclusions of Law in the above named proceeding, and being fully advised in the premises, and based upon the testimony and records in the above entitled proceeding and said Findings of Fact and Conclusions of Law so made by said Court, it is hereby CONSIDERED, ORDERED and DECREED, as follows:

1.

That on the 7th day of May, 1909, there was filed in the office of the State Water Board, State of Oregon, a petition signed by Oliver P. Morton, for and on behalf of the United States of America, a water user upon said stream, requesting a determination of the relative rights of the various claimants to the waters of said stream, and that said petitioner is a user of the waters of the said Umatilla River and its tributaries, as appears from the order of determination herein. That thereupon the said State Water Board, after full investigation and due consideration of said petition, found the facts and conditions such as to justify the making of a determination of the relative rights of the various claimants of the waters of said stream and its tributaries thereto; and made and entered its order in the records of said office, fixing a time and place for the beginning and making of such an examination of said stream by the State Engineer, as would enable the said Board to determine the rights of the said claimants and also the time and place for the beginning and taking of testimony by the Superintendent of Water Division No. 2; that said time when said

The following appropriators have, in their statements and proofs of claim, applied to the State Water Board to prescribe the time within which the full amount of water appropriated shall be applied to a beneficial use, and it appears to the said State Water Board that the appropriations of said appropriators, and each of them, were made prior to February 24th, 1909, and that actual construction work had been commenced in good faith prior to said date, and

It further appears from the statements and proofs of claims filed, and the evidence adduced at the hearing, that the United States has appropriations of Nov. 14, 1894, Feb. 25,1904, and an appropriation and reservation of Sept. 6, 1905. That the appropriation of Nov. 14, 1894, is completely vested as to one second foot; that the appropriation of Feb. 25, 1904, at the time of filing the statement and proof of claim was completely vested for 25 second feet of water, for 2000 acres of land, and that the appropriation of Sept. 6, 1905, is a complete reservation under and by virtue of Chapter 228, Gen. Laws of Oregon for 1905, and that the appropriation and reservation of Sept. 6, 1905 includes the lands covered by the appropriations of Nov. 14, 1894, and Feb. 25, 1904.

That the lands covered by said appropriations and reservation are hereinafter tabulated in this Finding for the purpose of having the water rights of the United States fully set out and described in this Finding, and to the further end, that a compliance with this Finding by the United States so far as the application of water to a beneficial use is concerned within the time limited herein, may have the effect of establishing its date of relative priority as of the date of Feb. 25, 1904, so far as the lands covered by that appropriation are concerned.

The State Engineer is hereby directed to issue a certificate to each of said appropriators showing the time fixed by this finding within which the water appropriated by such appropriators shall be applied to a beneficial use. The extent of such appropriation shall be limited to such an amount or volume of water as shall have been put to a beneficial use by the expiration of the time fixed in this finding. In the column headed "Time Limit for Complete application", in the following tabulation the word "vested" means that water has been completely applied to a beneficial use to the extent described therein, and in all cases where water had not been completely applied to a beneficial use, a limiting date is set for such application to a beneficial use, and such incompleted rights are known and called "inchoate rights."

That the name and address of each appropriator of water from said Umatilla River and its tributaries, who has not completed such appropriation, and who has so applied to the State Water Board to prescribe the time within which the full amount of water shall be applied to a beneficial use, are hereinafter in this Finding arranged in

alphabetical form, together with the date of relative priority of each of such appropriations, the limiting date for the complete application of the full amount of water appropriated to a beneficial use, the use or uses for which such water was appropriated and is to be applied, the number of acres for which the appropriation was made and the number of acres now irrigated, or for which rights are reserved by Statute in case such appropriation is for irrigation or storage, the name of the ditch or ditches, or reservoirs through which such appropriation is to be diverted, the name of the stream from which the water was appropriated, and the description of the land in each legal subdivision for which the appropriation was made, the description of the land upon which such water has been or is to be applied to a beneficial use, and to which such use is limited, arranged in alphabetical order and set opposite the name and post office address of each such appropriator, are as follows, to-wit:

| Name and Postoffice Address of Appropriator | Date of Relative Priority | Time Limit | Number Acres | Use | Name of Ditch | Stream | Description of Land or Place of Use |
|---|---|---|---|---|---|---|---|
| | | for complete application. | | | | | |
| Stephens, Omer O.<br>Pendleton, Ore. | 1892 | Vested<br>.38<br>sec.ft. | 30 | Irrigation | McKay Ck. Irrig.Co's Ditch & 2 others | McKay Creek | 20 a. in NE¼NE¼<br>7 a. in NW¼NE¼<br>3 a. in SW¼NE¼<br>Sec. 26<br>T. 1 N.R. 32 E. |
| Belle Miller & G.W. (Finding #9 Contest 179) | 1904 | Jan.1<br>1918 | 27 | " | " | " | 20 a. in SE¼NE¼<br>7 a. in NE¼NE¼<br>Sec. 26<br>T. 1 N.R. 32 E. |
| UNITED STATES OF AMERICA<br>Allowed Vested by Supreme Court Decision 88 ORE 376 | Nov.14<br>1894 | Vested<br>1.<br>sec.ft. | 80 | Irrigation | Maxwell | Main | 40 a. in SW¼SW¼<br>35 a. in SE¼SW¼<br>Sec. 10<br>5 a. in NE¼NE¼<br>Sec. 16<br>T. 4 N.R. 28 E. |
| | Feb.25<br>1904 | Jan.1<br>1920<br>115<br>sec.ft. | 10435<br>3.28 ac.<br>Cancelled-sp. or Rec. Vol. 25 P. 93 | | | | 409 a. in Sec. 1<br>343 a. in Sec. 2<br>490 a. in Sec. 3<br>270.5 a. in Sec. 4<br>54 a. in Sec. 8<br>500 a. in Sec. 9<br>592.5 a. in Sec. 10<br>626 a. in Sec. 11<br>428 a. in Sec. 12<br>131.5 a. in Sec. 14<br>407 a. in Sec. 15<br>404.5 a. in Sec. 16<br>56 a. in Sec. 17<br>151 a. in Sec. 20<br>44 a. in Sec. 21<br>T. 4 N.R. 28 E.<br>22 a. in Sec. 6<br>T. 4 N.R. 29 E.<br>66.5 a. in Sec. 10<br>4 a. in Sec. 14<br>321.5 a. in Sec. 15<br>445 a. in Sec. 16<br>78 a. in Sec. 21<br>533.5 a. in Sec. 22<br>431 a. in Sec. 23<br>357 a. in Sec. 24<br>605 a. in Sec. 25<br>348 a. in Sec. 26<br>67 a. in Sec. 27<br>191 a. in Sec. 36<br>T. 5 N.R. 28 E.<br>343 a. in Sec. 19<br>482 a. in Sec. 20<br>351 a. in Sec. 21<br>63 a. in Sec. 28<br>272 a. in Sec. 29<br>387.5 a. in Sec. 30<br>160 a. in Sec. 31<br>10435.5 T. 5 N.R. 29 E. |
| | | NOTE: Excepting 25 cu.ft. per second vested for 2000 acres, as shown hereinafter in this schedule. | | | | | |
| | | NOTE: Lands described under appropriation of Feb.25,1904, include the lands described under appropriation of Nov. 14, 1894 | | | | | |
| | Sept.6<br>1905 | Vested<br>350<br>sec.ft.<br>In pursuance of Chapter 228, Gen Laws of Oregon 1905 (See Finding No. 34 | 25072 | Irrigation Storage in Cold Springs Reservoir capacity 50,000 ac.ft. and Irrigation from said reservoir | Feed Canal | Main | 639 a. in Sec. 1<br>641 a. in Sec. 2<br>①600 a. in Sec. 3<br>270.5 a. in Sec. 4<br>54 a. in Sec. 8<br>500 a. in Sec. 9<br>592.5 a. in Sec. 10<br>626 a. in Sec. 11<br>584 a. in Sec. 12<br>123 a. in Sec. 13<br>560 a. in Sec. 14<br>593.5 a. in Sec. 15<br>415.5 a. in Sec. 16 |

① 3.28 ac. Cancelled-sp. or Rec. Vol. 25 P. 93

| Name and Postoffice Address of Appropriator | Date of Relative Priority | Time Limit | Number Acres | Use | Name of Ditch | Stream | Description of Land or Place of Use |
|---|---|---|---|---|---|---|---|
| | | for complete application. | | | | | |
| United States of America, continued. | | | | | | | 56 a. in Sec. 17 |

NOTE: The lands described under the appropriation and reservation of Sept. 6, 1905 include the lands described under the appropriations of Nov. 14, 1894 and of Feb 25, 1904. Thus the waters appropriated and reserved as of Sept.6, 1905, are to be used jointly or interchangeably as the case may be, with the waters appropriated as of Nov. 14,1894, and Feb. 25, 1904, upon the lands described thereunder. The distribution system has been constructed so as to provide for this.

39 a. in Sec. 19
377 a. in Sec. 20
578 a. in Sec. 21
551 a. in Sec. 22
167 a. in Sec. 23
198 a. in Sec. 27
464 a. in Sec. 28
268 a. in Sec. 29
55 a. in Sec. 30
T. 4 N.R. 28 E.
54 a. in Sec. 3
533 a. in Sec. 4
640.5 a. in Sec. 5
664 a. in Sec. 6
417 a. in Sec. 7
185 a. in Sec. 8
50 a. in Sec. 9
T. 4 N.R. 29 E.
66.5 a. in Sec. 10
4 a. in Sec. 14
321.5 a. in Sec. 15
445 a. in Sec. 16
406.5 a. in Sec. 21
594.5 a. in Sec. 22
Part Cancelled [illegible] 19[illegible] 163 — 431 a. in Sec. 23
357 a. in Sec. 24
622 a. in Sec. 25
629 a. in Sec. 26
603 a. in Sec. 27
251.5 a. in Sec. 28
307 a. in Sec. 33
630 a. in Sec. 34
619 a. in Sec. 35
632 a. in Sec. 36
T. 5 N.R. 28 E.
202 a. in Sec. 13
212 a. in Sec. 14
98 a. in Sec. 15
38 a. in Sec. 16
343 a. in Sec. 19
482 a. in Sec. 20
408.5 a. in Sec. 21
344 a. in Sec. 22
71 a. in Sec. 23
36 a. in Sec. 26
584 a. in Sec. 27
638 a. in Sec. 28
592 a. in Sec. 29
621.5 a. in Sec. 30
594 a. in Sec. 31
623 a. in Sec. 32
609 a. in Sec. 33
183 a. in Sec. 34
25072 a. T. 5 N.R. 29 E.

NOTE: of the 25,072 acres under the appropriation and reservation of Sept. 6, 1905, 4,031 acres had been irrigated prior to the filing of Statement and Proof by the United States in Sept. 1910. Of this area 2,000 acres were also irrigated by way of the appropriation of Feb. 25, 1904, and rights have become vested thereunder as follows:

APPENDIX A
Page 5 of 5