IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KLAMATH IRRIGATION DISTRICT, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 01-591 L |
| UNITED STATES OF AMERICA, | ) | |
| Defendant, | ) | Judge Francis M. Allegra |
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, | ) | |
| Defendant-Intervenor. | ) | |

**DEFENDANT'S MEMORANDUM REGARDING *ORFF v. UNITED STATES***

Pursuant to the Court's Order of June 27, 2005 (Doc. 241), defendant submits this memorandum addressing the effect of the Supreme Court's decision in Orff v. United States, 125 S. Ct. 2606 (2005), on the issue of third-party beneficiary standing in this action.

Pending before the Court are the parties' cross-motions for summary judgment on the question of whether the individual plaintiffs are intended third party beneficiaries of the federal reclamation contracts between the district plaintiffs and the United States. Resolution of this issue was deferred pending the Supreme Court's decision in Orff because Orff presented the question of whether the Ninth Circuit had correctly ruled that the individual farmers in that case could not sue the United States for breach of the contract between Westlands Water District and the United States because those individual farmers were not intended third-party beneficiaries of that contract. Orff v. United States, 358 F.3d 1131 (9th Cir. 2004). Although the Supreme Court did not address the third party beneficiary issue in Orff, the Court's application of the principle that waivers of sovereign immunity must be strictly construed has significant implications with

respect to plaintiffs' contract claims, as we explain below.

The Supreme Court affirmed the judgment of the Ninth Circuit in Orff based upon an interpretation of the waiver of sovereign immunity relied on by the Orff petitioners, 43 U.S.C. § 390uu. Specifically, the Orff petitioners argued that they were intended third-party beneficiaries of the reclamation contract between the District and the United States and therefore entitled to enforce that contract by bringing a suit in federal district court under § 390uu. 125 S. Ct. at 2610. The Supreme Court held that "[t]his argument founders on the principle that a waiver of sovereign immunity must be strictly construed in favor of the sovereign." Id. (citing Dept. of Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999); Lane v. Pena, 518 U.S. 187, 192 (1996)). Construing § 390uu in light of this principle, the Court held that § 390uu is a limited waiver of sovereign immunity that "is best interpreted to grant consent to join the United States in an action between other parties–for example, two water districts, or a water district and its members–when the action requires construction of a reclamation contract and joinder of the United States is necessary." 125 S. Ct. at 2610. The Court further concluded that § 390uu does not permit a plaintiff to sue the United States alone. Id. Because the Orff plaintiffs sought to sue the United States alone, the Supreme Court held that the suit could not proceed under § 390uu. Id. at 2611.

The Supreme Court's decision turned on a textual interpretation of § 390uu that did not require the Court to reach the contentions "that § 390uu neither unequivocally grants consent to a money damages remedy, . . . nor unequivocally grants consent to suit by noncontracting entities . . . ." 125 S. Ct. at 2611 n.3 (citations to respondents' briefs omitted). Thus, although the Orff petitioners sought reversal of the Ninth Circuit's determination that they were not intended third-party beneficiaries of the reclamation contract between the water district and the United States,

the Orff decision does not address or disturb the Ninth Circuit's analysis of the intended third-party beneficiary question. Instead, that analysis was unnecessary to the Supreme Court's disposition of the jurisdictional question presented in Orff.

In sum, the Supreme Court's decision in Orff did not reach the question of whether the individual farmers in that case were intended third-party beneficiaries of the federal reclamation contract between Westlands Water District and the United States. Accordingly, the Supreme Court's decision does not inform the resolution of the same question in this case other than to confirm the well-established principle that "a waiver of sovereign immunity must be strictly construed in favor of the sovereign." 125 S. Ct. at 2610. However, the Ninth Circuit's thorough analysis of the intended third-party beneficiary status of the Orff petitioners – which was based on the Ninth Circuit's prior decision in Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206 (9th Cir. 1999), cert. denied, 531 U.S. 812 (2000) – was not disturbed by the Supreme Court and therefore should be considered by the Court in this case.[1]

Here, the waiver of sovereign immunity relied on by the individual plaintiffs is the Tucker Act, 28 U.S.C. § 1491(a)(1). Defendant notes that the Supreme Court's decision includes a reference to the waiver of sovereign immunity in the Tucker Act, and describes the language of that waiver as "broader" than the language of § 390uu. However, the Court was not presented with and therefore did not reach or discuss the question of whether the waiver of sovereign immunity in the Tucker Act was broad enough to allow the Orff petitioners to pursue a contract

---

[1]As noted at page 22 of Defendant's memorandum in support of its cross-motion for summary judgment in this case (Doc. 175), the analysis employed by the Ninth Circuit in Patterson was derived from and consistent with the analysis used by the Federal Circuit to determine intended third-party beneficiary status. Accordingly, Defendant's analysis of the question of whether the individual plaintiffs in this case are intended third-party beneficiaries of the reclamation contracts between the district plaintiffs and the United States remains the same.

claim in the Court of Federal Claims even though they were not parties to the federal reclamation contract at issue.[2]

As noted in the briefs before this Court, the Tucker Act includes a waiver of sovereign immunity for suits brought in the Court of Federal Claims "founded . . . upon any express or implied contract with the United States . . . ." 28 U.S.C. § 1491(a)(2). This waiver of sovereign immunity extends only to suits in which there is privity of contract between the plaintiffs and the United States. Chancellor Manor v. United States, 331 F.3d 891, 899 (Fed. Cir. 2003). The individual plaintiffs in this case seek to overcome their lack of privity with the United States by establishing that they are intended third party beneficiaries of the contracts in question. Consistent with the principle that waivers of sovereign immunity must be strictly construed in favor of the sovereign, a plaintiff seeking the "exceptional privilege" of intended third-party beneficiary status – the right to sue the United States on a contract to which it is not a party – must satisfy stringent standards. Anderson v. United States, 344 F.3d 1343, 1352 (Fed. Cir. 2003); Glass v. United States, 258 F.3d 1349, 1354 (Fed. Cir. 2001). For the reasons set forth in Defendant's Cross-Motion for Summary Judgment of April 26, 2004 (Doc. 175), and Defendant's Reply Brief of June 14, 2004 (Doc. 187), although the individual plaintiffs derive a benefit from the subject contracts and are certainly incidental beneficiaries of those contracts, they have not established that the contracting parties intended to confer upon them the "exceptional privilege" of suing the United States for a breach of federal reclamation contracts to which they are not parties.

---

[2]The interpretation of the waiver of sovereign immunity contained in the Tucker Act was not before the Supreme Court in Orff because, as the Court noted, although the district court "had invited petitioners several times to transfer their damages claims to the Court of Federal Claims, . . . petitioners did not accept those invitations." 125 S. Ct. at 2611 n.2.

Dated: July 22, 2005

Respectfully submitted,

KELLY JOHNSON
Acting Assistant Attorney General
Environment & Natural Resources Division

s/Kristine S. Tardiff
KRISTINE S. TARDIFF
Attorney of Record for the Defendant
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
Tel: (603) 230-2583
Fax: (603) 225-1577

STEPHEN M. MACFARLANE
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
501 I Street, Suite 9-700
Sacramento, CA 95814-232
Tel: (916) 930-2204/Fax: (916) 930-2210

REGINALD T. BLADES, JR.
United States Department of Justice
Civil Division
Commercial Litigation Branch
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 514-7300/Fax: (202) 307-0972