IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KLAMATH IRRIGATION DISTRICT *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 01-591 L |
| UNITED STATES OF AMERICA, | ) | Judge Francis M. Allegra |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM REGARDING *ORFF V. UNITED STATES***

This memorandum is filed on behalf of the individual plaintiffs in response to this Court's Order of June 27, 2005 requiring a memorandum discussing the relevance of the Supreme Court's decision in *Orff v. United States*, No. 03-1566, 2005 WL 1469360 (U.S. June 23, 2005), to the third-party beneficiary standing of the individual plaintiffs in this action.

In *Orff*, the Supreme Court affirmed the Ninth Circuit's decision holding that it lacked jurisdiction over the plaintiffs' (farmers) breach of contract lawsuit, but on different grounds. The Ninth Circuit held that the district court lacked jurisdiction over the Plaintiffs' claims because the plaintiffs were not the intended third-party beneficiaries of the contract between the U.S. Bureau of Reclamation and the water districts. *Orff v. United States*, 358 F.3d 1137 (9th Cir. 2004). The Supreme Court agreed that the district court lacked jurisdiction over the plaintiffs' claims, but for a different reason. The Supreme Court held that the statute under which the plaintiffs were asserting jurisdiction, 43 U.S.C. §390uu, constituted a waiver of sovereign immunity only for actions between two parties in which the United States is joined as a necessary party, not for actions brought directly against the United States. *Orff v. United States*,

No. 03-1566, 2005 WL 1469360 (U.S. June 23, 2005). The Supreme Court did not reach, nor did it even discuss, the issue of third-party beneficiary status. Rather, the Supreme Court simply affirmed the Ninth Circuit's dismissal for lack of jurisdiction, but holding instead that Section 390uu did not waive the United States' sovereign immunity for actions brought directly against it.

Having determined that that the district court lacked jurisdiction over the *Orff* plaintiffs' claims, the Supreme Court equally doomed the district court's and Ninth Circuit's decisions regarding the plaintiffs' claims of third-party beneficiaries status. Lacking jurisdiction to hear the claims, the district court and the Ninth Circuit also lacked jurisdiction to decide if the *Orff* Plaintiffs were third-party beneficiaries.

**Procedural History**

Plaintiffs in this lawsuit filed a motion for partial summary judgment on March 24, 2004 asking that this Court hold that Plaintiffs Fred A. Robison, Albert J. Robison, Lonny E. Baley, Mark R. Trotman, Baley Trotman Farms, James L. Moore, Cheryl L. Moore, Daniel G. Chin, Deloris D. Chin, Wong Potatoes, Inc., Michael J. Byrne, Daniel W. Byrne, and Byrne Brothers are intended third-party beneficiaries of the contracts between the Plaintiff districts and the Bureau of Reclamation, with standing to sue for breach of contract. In their motion, Plaintiffs relied upon the Federal Circuit's decision in *H.F. Allen Orchards v. United States*, 749 F.2d 1571 (Fed Cir. 1984), holding that the farmers who use and pay for the water are third-party beneficiaries entitled to sue for breach of irrigation district contracts with the Bureau of Reclamation. On April 26, 2004, Defendant filed its Opposition and Cross-Motion for Summary Judgment, relying in part on the Ninth Circuit's decision in *Orff v. United States,* 358 F.3d 1137

(9th Cir. 2004), which explicitly disagreed with the Federal Circuit's decision in *H.F. Allen Orchards v. United States*, 749 F.2d 1571 (Fed Cir. 1984).

Noting the conflict between the Ninth Circuit and the Federal Circuit, on October 12, 2004 the United States Supreme Court granted the petition for certiorari on the threshold question of whether the United States had waived its sovereign immunity from petitioners' claims in section 390uu of the Reclamation Reform Act. *See Orff v. United States*, No. 03-1566, 2005 WL 1469360 (U.S. June 23, 2005) ("The Court of Appeals noted that its decision might be at odds with *H.F. Allen Orchards v. United States*, 749 F.2d 1571 (C.A. Fed. 1984), which had reached the opposite conclusion with respect to farmers who belonged to an irrigation district in Washington. We granted certiorari."). On June 23, 2005, the Supreme Court resolved the split between the Circuits by issuing a decision that nullified the Ninth Circuit's decision, holding that Section 390uu grants "consent to join the United States in an action between other parties--for example, two water districts, or a water district and its members--when the action requires construction of a reclamation contract and joinder of the United States is necessary," but "[i]t does not permit a plaintiff to sue the United States alone." *Orff v. United States*, No. 03-1566, 2005 WL 1469360 (U.S. June 23, 2005).

**The *Orff* Decision**

Petitioners in *Orff v. United States* were individual farmers and farming entities in California who purchase water from Westlands Water District (Westlands). *Id.* Westlands receives its water from the United States Bureau of Reclamation (Bureau) under a contract between Westlands and the Bureau. *Id.* Petitioners contended that they were intended third-party beneficiaries of the contract between Westlands and the Bureau. *Id.* Petitioners, therefore, claimed that the United States had waived sovereign immunity from their suit by consenting in

section 390uu of the Reclamation Reform Act of 1982, to “any suit to adjudicate . . . the contractual rights of a *contracting entity* and the United States regarding any contract executed pursuant to Federal reclamation law.” 43 U.S.C. §390uu (emphasis added).

After examining the contract between Westlands and the Bureau, the District Court found that the petitioners were neither contracting parties nor intended third-party beneficiaries and, therefore, could not benefit from section 390uu’s waiver of sovereign immunity because they were not a “contracting entity” within the meaning of section 390uu. *Westlands Water Dist. V. United States Dept. of Interior, Bureau of Reclamation*, 850 F.Supp. 1388 (E.D. Cal. 1994). [1] The Ninth Circuit upheld the district court’s ruling that the farmers were only incidental, not intended, third-party beneficiaries and as such, were not "a contracting entity" within the meaning of section 390uu’s limited waiver of sovereign immunity. *Orff v. United States*, 358 F.3d 1137, 1144 (9th Cir. 2004). The Ninth Circuit specifically noted that in upholding the district court’s finding that the plaintiffs were not third party beneficiaries its decision “may be at odds with *H.F. Allen Orchards v. United States*, 749 F.2d 1571 (Fed Cir. 1984).” *Orff v. United States,* 358 F.3d 1137, 1147 n.5 (9th Cir. 2004).

**The Supreme Court’s Decision**
**Nullifies Ninth Circuit Decision on Third-Party Beneficiary Status**

Because the Ninth Circuit lacked jurisdiction over the *Orff* plaintiffs’ claims, its decision on the merits of the plaintiffs’ status as third-party beneficiaries is void. “Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the

1 Until the water districts stipulated to the dismissal of all claims pursuant to negotiations, *Orff v. United States* was originally captioned *Westlands Water Dist. v United States Dept. of Interior, Bureau of Reclamation. See Westlands Water Dist. V. United States Dept. of Interior, Bureau of Reclamation*, 850 F.Supp. 1388 (E.D. Cal. 1994).

cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). "On every writ of error or appeal, the first and fundamental question is that of jurisdiction …The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception . . . When the lower federal court lacks jurisdiction, [the courts] have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *Id.* (citations and quotations omitted).

Had the District Court or the Ninth Circuit understood, as the Supreme Court has now unanimously ruled, that section 390uu "does not waive immunity from suits directly against the United States, as opposed to joinder of the United States as a necessary party defendant," the case of *Westlands Water Dist. v. United States Dept. of Interior, Bureau of Reclamation*, 850 F.Supp. 1388 (E.D. Cal. 1994), in which the *Orff* plaintiffs intervened, would have been dismissed at the outset because it was filed as a suit directly against the United States. Neither court would have reached the merits issue of whether the individual water users were third-party beneficiary. Having failed to recognize that § 390uu's waiver of sovereign immunity only extends to cases where the United States is *joined* as a necessary party, the district court and the Ninth Circuit improperly reached and answered the question of third-party beneficiary status. *Orff v. United States*, No. 03-1566, 2005 WL 1469360 (U.S. June 23, 2005) (holding that section 390uu "is best interpreted to grant consent to join the United States in an action between other parties--for example, two water districts, or a water district and its members--when the action requires construction of a reclamation contract and joinder of the United States is necessary. It does not permit a plaintiff to sue the United States alone.").

The Court of Claims has held that dismissals for lack of jurisdiction render any rulings on the merits rendered prior to the dismissal "nullities, *void ab initio*." *Hydaburg Co-Op Ass'n v. United States*, 667 F.2d 64, 66 (Ct. Cl. 1981)(citing *Alabama Hospital Association v. United States*, 228 Ct. Cl. 176 (1981). Such rulings are entitled to no weight either as precedent or as law of the case. *Id. See also Cupey Bajo Nursing Home, Inc. v. United States*, 23 Cl.Ct 406, 412 (1991) ("It is well settled that a question relating to subject matter jurisdiction goes to the very heart of our power to hear a controversy, and any decision on the merits rendered in the absence of such authority would, of course, be a nullity.")

Accordingly, the District and Ninth Circuit opinions in *Orff* are nullities, *void ab initio,* and, therefore, entitled to no weight as precedent. Consequently, the sole decision on third-party beneficiary status for Reclamation contracts is *H.F. Allen Orchards v. United States*, 749 F.2d 1571 (C.A. Fed. 1984).

**H.F. Allen Orchard Remains Good Law**

In *H.F. Allen Orchards v. United States*, 4 Cl. Ct. 601 (1984), approximately 160 farmers sought damages as third-party beneficiaries from the United States for breach of contract by the Bureau of Reclamation. The Claims Court dismissed their claims, holding in part, that the farmers were not third party beneficiaries. *Id.* at 613. On appeal, however, the Federal Circuit affirmed the Claims Court's decision on the merits, but disagreed with the Claims Court's conclusion that the plaintiffs were not third-party beneficiaries of the irrigation districts' contracts. *H.F. Allen Orchards v. United States*, 749 F.2d 1571, 1576 (Fed Cir. 1984). The Federal Circuit specifically found that the farmers were intended third-party beneficiaries. Since the Supreme Court's opinion in *Orff v. United States*, No. 03-1566, 2005 WL 1469360 (U.S. June 23, 2005), did not address the third-party beneficiary issue and rendered the lower court

opinions legal nullities, *H.F. Allen Orchards v. United States*, 749 F.2d 1571 (C.A. Fed. 1984), remains binding Federal Circuit authority on this issue.

**Conclusion**

*H.F. Allen Orchard* remains the sole and binding precedent in the Court of Federal Claims on the third-party beneficiary status of individual water users under Reclamation Contracts.

s/ Nancie G. Marzulla
Nancie G. Marzulla
Roger J. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Ave., N.W.
Suite 410
Washington, DC 20036
202-822-6760
202-822-6774 (facsimile)

Dated: July 22, 2005