# In The United States Court of Federal Claims

No. 01-591 L

(Filed: September 23, 2005)

---

| | | |
|---|---|---|
| KLAMATH IRRIGATION DISTRICT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,<br><br>Defendant-Intervenor. | * * * * * * * * * * * * * * | Motion for extension of time to file motion for reconsideration; RCFC 59(b); Timing of motion for reconsideration where no judgment filed; RCFC 59(a)(1). |

---

**ORDER**

---

*Nancie Gail Marzulla* and *Roger J. Marzulla*, Marzulla & Marzulla, Washington, D.C., for plaintiffs.

*Kristine Sears Tardiff*, United States Department of Justice, Washington, D.C., with whom was Assistant Attorney General *Thomas L Sansonetti*, for defendant.

*Todd Dale True*, Earthjustice Legal Defense Fund, Seattle, Washington, and *Robert B. Wiygul*, Waltzer & Associates, Biloxi, Mississippi, for defendant-intervenor.

**ALLEGRA, Judge**:

On September 14, 2005, plaintiffs filed an unopposed motion for an extension of time to move for reconsideration of this court's opinion of August 31, 2005. Plaintiffs described this motion as necessary because "[a] motion for reconsideration would otherwise be due on September 15, 2005. *See* Rule 59(b)."

Plaintiffs' motion proceeds from the incorrect assumption that any motion for reconsideration was due on September 15, 2005. To be sure, under RCFC 59(b), "a motion for . . . reconsideration of a judgment, shall be filed no later than 10 days after the entry of the judgment." In the case *sub judice*, however, no judgment was entered or even anticipated at this time and,

accordingly, the timing provisions of RCFC 59(b) do not apply.[1] Indeed, had RCFC 59(b) applied here, this court would have been powerless to extend the time for reconsideration, as RCFC 6(b) instructs that "the court for cause shown may at any time . . . order the period enlarged . . . but it may not extend the time for taking any action under RCFC . . . 59(b)." In short, like the parallel Federal rules, this court's rules do not countenance a motion to extend the time for filing a reconsideration motion subject to the timing provisions of RCFC 59(b). *See Rodick v. City of Schenactady*, 1 F.3d 1341, 1347 (2d Cir. 1993).

It is conceivable that plaintiffs' motion reflects experience with this court's prior practice. Prior to the May 1, 2002, revision to the rules, a motion for reconsideration of an order also had to be filed within 10 days, per old rule 83.2(f). When the RCFC were revised to track more closely the Federal Rules of Civil Procedure, old rule 83.2 became current RCFC 7.1. In the process, however, paragraph (f) was dropped from the rule, so that the new RCFC 7.1 does not address the time in which to file a motion for reconsideration of an order.

Nonetheless, a motion for reconsideration of the court's ruling on a partial summary judgment motion may be filed under RCFC 59(a)(1). That subparagraph states that "reconsideration may be granted to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." Indication that this subparagraph applies even where no judgment has been entered may be found in its language, which states that reconsideration may lead this court to open a judgment "if one has been issued."[2] The quoted language, of course, implies that the rule may be invoked even if a judgment has not been issued, as in the case of the granting of a partial motion for summary judgment. Because no time limits are specified in RCFC 59(a), the timing of such a motion may be established by the court in providing for the orderly administration of the case, as an adjunct to this court's control over the appropriateness and timing of summary adjudications under RCFC 56. *See* RCFC 16(c)(5).

In its opinion of August 31, 2005, the court ordered the parties to file a status report on or before October 4, 2005, indicating how this case should proceed. That order is hereby modified as follows: On or before October 14, 2005, any motion for reconsideration of the August 31, 2005, opinion shall be filed or, in the alternative, the parties shall file a joint status report indicating how this case should proceed. In addition, the court would be remiss if it did not remind plaintiffs that

---

[1] Although the comparable rule of the Federal Rules of Civil Procedure does not have a provision that tracks RCFC 59(a), various courts construing the timing provisions of Federal Rule of Civil Procedure 59(b), which are analogous to this court's rules, have held that the 10-day period is not triggered where there is no entry of a final judgment. *See, e.g., Riggs v. Scrivner*, 927 F.2d 1146, 1148 (10th Cir. 1991).

[2] Indeed, it is notable that while RCFC 59(a)(1) simply refers to a "reconsideration," RCFC 59(b), establishing the time deadlines, refers to a "reconsideration of a judgment," suggesting that the former provision is broader than the latter and applies where there is no judgment. *But cf. Florida Power & Light Co. v. United States*, 66 Fed. Cl. 93, 96-97 (2005).

the standard for granting a motion for reconsideration is quite narrow. *See Bannum, Inc. v. United States*, 59 Fed. Cl. 241, 243 (2003); *Henderson City Drainage Dist. No. 3 v. United States*, 55 Fed. Cl. 334, 337 (2003).

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge