IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KLAMATH IRRIGATION DISTRICT et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 01-591L |
| v. | ) | |
| | ) | Judge Francis Allegra |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| ___________________________________ | ) | |

**PLAINTIFFS' MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL OR, <u>IN THE ALTERNATIVE FOR ENTRY OF JUDGMENT UNDER RULE 54(B)</u>**

Plaintiffs respectfully move this Court to amend its August 31, 2005 Opinion, *Klamath Irrigation District v. United States*, 67 Fed. Cl. 504 (2005), to include the express findings required by 28 U.S.C. § 1292(d)(2), and to certify the Opinion for interlocutory appeal, or, in the alternative, to enter final judgment on the Plaintiffs' takings claims under Rule 54(b) of the Rules of the Court of Federal Claims ("RCFC").

In *Favell v. United States*, 22 Cl. Ct. 132 (1990), this Court identified the following three factors that must be present certify for an interlocutory appeal: 1) that the order involves a controlling question of law, 2) that a substantial ground for difference of opinion concerning the question exists, and 3) that an immediate appeal would materially advance the disposition of the litigation. *Id*. at 143. The Court may certify a question for appeal "while continuing to find that its own resolution of that question was correct." *Coast Fed. Bank v. United States*, 49 Fed. Cl. 11, 14 (2001).

For reasons set forth fully in the attached Memorandum, the Court's August 31, 2005 Opinion presents issues that meet the criteria set forth in 28 U.S.C. § 1292(d)(2). This Court has acknowledged that the question of whether Plaintiffs possess a

constitutionally protected property right in the beneficial use of water from the Klamath Project, and the effect of Oregon's 1905 statute, are controlling issues in this case. Moreover, there is a substantial ground for difference of opinion as there is also a conflict in the Court of Federal Claims on nature of water rights issue, and the proper interpretation of the 1905 statute would be one of first impression for the Federal Circuit. Indeed, the Federal Circuit may wish to certify the statutory issue to the Oregon Supreme Court for review. Finally, certification of this issue will result in the material advancement of the ultimate termination of this litigation because an order reversing this Court's order may make further proceedings on Plaintiffs' contract claims unnecessary. Accordingly, the Court should amend its Opinion and certify the Opinion for interlocutory appeal.

In the alternative, Plaintiffs request that the Court enter final judgment, pursuant to RCFC 54(b), with respect to their claims for just compensation for their water rights and just compensation for the impairment of their water rights. RCFC 54(b) provides for the "entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon direction for the entry of judgment." RCFC 54(b). In this case, there is no just reason why the Plaintiffs should have to delay seeking review of the Court's August 31, 2005 Order, denying them relief on their takings claims, while they await adjudication of the remaining contract claims.

Respectfully submitted,

_s/ Nancie G. Marzulla________
Nancie G. Marzulla
Roger J. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Ave., N.W.
Suite 410
Washington, D.C. 20036
202-822-6760
202-822-6774 (fax)

Dated: October 21, 2005