IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KLAMATH IRRIGATION DISTRICT, et al., | ) | No. 01-591L |
| Plaintiffs, | ) | The Honorable Francis M. Allegra |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**MOTION OF OREGON FARM BUREAU FEDERATION, CALIFORNIA STATE GRANGE, GREENHORN GRANGE AND PACIFIC LEGAL FOUNDATION TO FILE BRIEF AMICI CURIAE**

ROBIN L. RIVETT
SCOTT ANDREW SHEPARD
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, California 95834
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
sas@pacificlegal.org

Attorneys for Amici Curiae Oregon Farm Bureau Federation, California State Grange, Greenhorn Grange and Pacific Legal Foundation

Pursuant to Court of Federal Claims Rule 7, and for the reasons set forth in this motion, the Oregon Farm Bureau Federation (OFBF), California State Grange, Greenhorn Grange and Pacific Legal Foundation (PLF) respectfully request permission to file the accompanying brief amici curiae in this case in support of Plaintiffs' Motion to Certify the Interlocutory Appeal or, in the Alternative, for Entry of Judgment Under Rule 54(b).

In 2001, the Bureau of Reclamation, faced with an apparent agency obligation under Section 7 of the Endangered Species Act (ESA), 16 U.S.C. § 1536, diverted the entire historic water appropriation of the Plaintiffs—some 508,000 acre-feet—to preserve in-stream flows for the coho salmon and to maintain the critical habitat of the suckerfish in Upper Klamath Lake. Although there was a drought, there was enough water in the Klamath Project to provide to the Plaintiffs *all* of their historic water allotment; yet initially the Plaintiffs received none of their allocation. Only after the Klamath Project captured additional water from a late-season rain were the Plaintiffs given any of their water, and then just 70,000 acre-feet, less than 14% of their historic allotment, far too little to be of any commercial value. The agricultural production of those farmers who depended upon the Klamath Project was essentially wiped out. This litigation, involving takings and breach of contract claims against the United States, followed.

In its August 31, 2005, order (the "Order") this Court determined that "plaintiffs' various interests in the use of Klamath River Basin water" do not "constitute cognizable property interests for purposes of the Takings Clause." 67 Fed. Cl. 504, 506. Plaintiffs prayed the Court to issue an interlocutory order per 28 U.S.C. § 1292(d)(2) permitting that an appeal be taken from that order to the United States Court of Appeals for the Federal Circuit.

Plaintiffs have demonstrated that granting the prayed-for interlocutory appeal would best serve the parties to and the material facts that constitute this case. Amici write in support of Plaintiffs' motion to express our understanding that non-parties that will be affected by the ultimate

conclusion of the relevant questions of law, and therefore the public interest, will also benefit from this Court's grant of Plaintiffs' motion.

Oregon Farm Bureau Federation (OFBF) has represented the interests of farmers, ranchers and small timber owners for the past 77 years as the largest general agricultural organization in that state. With more than 20,000 members, OFBF represents one of the largest blocks of private landowners in Oregon. Because of the climate and geography that prevail there, many farms and ranches contain forestland. Thus, many of Oregon's agricultural producers are primarily forest managers. As such, they are directly affected by decisions determining the situs of ownership of water resources. The impact of restrictions on water distribution is especially dramatic on small landowners. A judicial decision concerning whether and in what circumstances the public must compensate private property owners who are restricted in their use and possession of resources will have a direct effect on the members of OFBF.

The California State Grange is affiliated with the National Grange and has more than 10,000 members located throughout the State of California. It was organized in 1873 to safeguard the family farm as a way to furnish the nation with affordable food and fiber. For more than 130 years, the California State Grange has worked locally, statewide and nationally to protect the environment while promoting agriculture and the family unit. Grange members regularly hunt, fish, camp, boat, photograph and otherwise enjoy California's wildlife.

Greenhorn Grange, in Siskiyou County, is affiliated with the State and National Granges. The Greenhorn Grange represents farmers and ranchers in the Klamath Basin. To protect agricultural interests, the Grange has been very involved in the relicensing of dams in the Klamath Basin, filed delisting petitions for coho salmon and other fish, and participated in ESA reform activities. The activities at issue in this case have directly affected members of the Greenhorn Grange.

PLF is a nonprofit, tax-exempt corporation organized under the laws of the State of California for the purposes of participating in litigation affecting the public interest. PLF has thousands of contributors and supporters located throughout the nation and maintains its principal office in Sacramento, California. Policy is set by a Board of Trustees composed of concerned citizens, many of whom are attorneys. PLF's Board evaluates the merits of any contemplated legal action and authorizes such legal action only where the Foundation's position has broad support within the general community. PLF's Board has authorized the filing of a brief amicus curiae in this case. PLF is recognized nationally for its expertise in the area of property rights, and has participated in many cases involving water rights including *Tulare Lake Basin v. United States*, 49 Fed. Cl. 313 (2001), recently decided by this Court.

Although the rules of the Court of Federal Claims do not address the participation of amicus curiae, "the practice of this court has been to permit amicus curiae participation." *American Satellite Company v. United States*, 22 Cl. Ct. 547, 548 (1991). "Perhaps the most important" consideration in allowing participation of an amicus is "whether the court is persuaded that participation by the amicus will be useful to it, as contrasted with simply strengthening the assertions of one party." *Id.* at 549.

The attorneys for PLF are familiar with the facts and issues involved in this case and the scope of their presentation. They have carefully reviewed the briefs filed before this Court. Nevertheless, PLF believes there is a need for additional argument on the interpretation of the contracts between Plaintiffs and the United States. PLF believes its public policy perspective and litigation experience will provide this Court with a distinct viewpoint on the legal issues presented that will aid this Court in the resolution of this case. Plaintiffs' counsel has consented to the filing of this amicus brief, counsel for the United States has withheld consent.

For the foregoing reasons, this motion of the Oregon Farm Bureau Federation, California State Grange, Greenhorn Grange and Pacific Legal Foundation for leave to file a brief amici curiae should be granted.

DATED: November 4, 2005.

Respectfully submitted,

ROBIN L. RIVETT
SCOTT ANDREW SHEPARD

By /s/ Scott Andrew Shepard

SCOTT ANDREW SHEPARD
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, California 95834
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
sas@pacificlegal.org

Attorneys for Amici Curiae Oregon Farm Bureau Federation, California State Grange, Greenhorn Grange and Pacific Legal Foundation

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing motion was filed with the Clerk this 4th day of November, 2005, via the Court's electronic filing system. I further certify that a copy of the foregoing motion was served this day via the Court's electronic filing system upon each of the following:

Todd D. True
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104

Robert B. Wiygul
Waltzer & Associates
1025 Division Street, Suite C
Biloxi, MS 39530

Roger J. Marzulla
Nancie G. Marzulla
Marzulla & Marzulla
1350 Connecticut Avenue, N.W., Suite 410
Washington, DC 20036

Kris Tardiff
U.S. Department of Justice
Environment & Natural Resources Division
c/o U.S. Attorney's Office
55 Pleasant Street, Suite 352
Concord, NH 03301

Curtis G. Berkey
Alexander, Berkey, Williams & Weathers, LLP
2000 Center Street, Suite 308
Berkeley, CA 94704

John D. Echeverria
Georgetown Environmental Law and Policy Institute
600 New Jersey Avenue, N.W.
Washington, DC 20001-2075

Richard Whitman
David E. Leith
Assistant Attorneys General
Oregon Attorney General's Office
Oregon Department of Justice
1162 Court Street, N.E.
Salem, OR 97301-4096

/s/ Scott Andrew Shepard
SCOTT ANDREW SHEPARD