**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| KLAMATH IRRIGATION DISTRICT et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | No. 01-591 L |
| | ) | Judge Francis M. Allegra |
| Defendant, | ) | |
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, | ) | |
| Defendant-Intervenor | ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL OR FOR ENTRY OF JUDGMENT UNDER RCFC 54(b)**

This is a lawsuit in which the Plaintiffs, water districts and water users, seek just compensation for United States' taking of Plaintiffs' water rights in 2001 in violation of the Fifth Amendment and impairment of vested water rights under the Klamath Basin Compact, and for damages caused by the United States' breach of its promise to deliver this water to Plaintiffs. This Court recently granted Defendant's Motion for Partial Summary Judgment, holding that Plaintiffs' right to receive water from the Klamath Project does not rise to the level of a property right, thus holding that Plaintiffs' water rights are neither protected by the Fifth Amendment nor the Klamath Basin Compact.

Plaintiffs have asked this Court to certify its decision to the Federal Circuit for review, or to enter judgment on Plaintiffs' taking and Compact claims under Rule 54(b) of the Rules of the Court of Federal Claims ("RCFC"). Plaintiffs submit that appellate review at this time, before the parties launch into extensive discovery on the contract claims, would be more efficient and

less costly for the parties in the long run. Plaintiffs reply point-by-point to Defendant's opposition to this motion:

## I. Plaintiffs Are Entitled To Entry Of Final Judgment As To Their Just Compensation Claims

As Defendant all but concedes in its Opposition, Plaintiffs are entitled to entry of judgment under RCFC 54(b) as to their claims for just compensation. Entry of judgment under RCFC 54(b) is proper in this case because Plaintiffs have presented more than one claim for relief, the Court's August 31, 2005 Opinion resolves Plaintiffs' just compensation claims, and there is no just reason for delaying appellate review.

Although Defendant agrees that "Rule 54(b) is the correct rule under which to pursue such an appeal," Def.'s Opp at 7, Defendant argues that entry of partial final judgment is not necessary or appropriate in this case. *Id*. at 8-9. Entry of judgment, however, is both necessary and appropriate. The Court's Opinion is a final decision for purposes of RCFC 54(b). The finality requirements of 28 U.S.C. § 1291 are not relaxed for purposes of RCFC 54(b); accordingly, a decision is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute judgment." *Catlin v United States*, 324 U.S. 229, 233 (1945), *quoted in Pause Tech. LLC v. Tivo Inc*., 401 F.3d 1290, 1292 (Fed. Cir. 2005). Thus, the Court "has the power to enter a Rule 54(b) final judgment only if the adjudication is a 'final decision' under § 1291, but is not immediately appealable solely because of pending, unadjudicated claims." 10 James Wm. Moore et al., Moore's Federal Practice ¶ 54.22 (3d ed. 2004). In other words, had Plaintiffs' just compensation claim been brought in a separate, independent action, it would be final in such a hypothetical independent action. *Horn v. Transcon Lines, Inc*., 898 F.2d 589, 593

(7th Cir. 1990) ("[T]he best way to determine whether the disposition of a claim is sufficiently 'final' to authorize immediate appeal is to ask whether it would count as a 'final decision' in a hypothetical independent case.") As Defendant states in its Opposition, "the Court's Opinion is 'an *ultimate* disposition of an individual claim [plaintiffs' taking claims] entered in the course of a multiple claims action.'" Def.'s Opp. at 2-3 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956).[1] This is because in a just compensation claim, determination of whether claimants have a constitutionally protected property interest is outcome determinative. *American Pelagic Fishing Co. v. United States*, 379 F.3d 1363, 1372 (Fed. Cir. 2004) ("If the claimant fails to demonstrate the existence of a legally cognizable property interest, the court's task is at an end").

In deciding whether there are no just reasons for delay, the "court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980). Judicial administrative interests are generally accounted for by considering "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*; *Spratex, Inc. v. DJS&T*, 96 F.3d 1377, 1382 (Fed. Cir. 1996) ("[I]n reviewing a Rule 54(b) certification, the separateness of the claims is considered in reviewing the

---

[1] *See also* Defendant's statement that "the Court's determination that plaintiffs do not possess a compensable property interest that is separable and distinguishable from their contractual rights is controlling and dispositive of their takings claims, but is not controlling as to plaintiffs' contract claims." Def.'s Opp. at 3. And that, "[t]o the extent that plaintiffs seek an immediate appeal of the Court's ruling as to their takings claims, defendant agrees that Rule 54(b) is the correct rule under which to pursue such as appeal." *Id*. at 7.

. . . court's determination that there is no just reason to delay the appeal.") Even though there is some factual overlap between Plaintiffs' just compensation claims and Plaintiffs' breach of contract claims, this factual overlap does not prevent entry of judgment under RCFC 54(b). If the Court enters final judgment on the just compensation claim, there would not be duplicative appellate review because the contract claim is separate and distinct from the just compensation claim—the just compensation claim does not raise the same legal questions or depend upon proof of the same facts as the contract claim. In short, the Court's August 31, 2005, Opinion fully disposed of Plaintiffs' claims for just compensation.

Moreover, in examining the equities involved, the Court should consider the significant delays Plaintiffs had in receiving a decision on their claims before the case was transferred to the current Judge. Plaintiffs filed this case over four years ago. In that time, the case has been subject to multiple motions to strike, a motion for summary judgment in addition to the one decided in the August 31, 2005, Opinion, and a motion to stay the entire case pending the outcome of an adjudication that has been ongoing for over twenty years. Moreover, prior to the Court's decision in the government's favor, Plaintiffs believed they had a valuable property interest in the water. Furthermore, issues relating to the delivery of water to those served by Klamath Irrigation District are ongoing; a decision that Plaintiffs do not have a property interest in the water effects not only the withheld water at issue in this case, but any future withholding of water. In short, given the delays Plaintiffs have already faced in this Court, the determination that Plaintiffs do not have a valuable property interest, and ongoing issues related to the withholding of Klamath Basin water, there is no just reason to delay entry of final judgment on Plaintiffs just compensation claims.

Moreover, decisions in similar cases in this Court have been held to satisfy the requirements of RCFC 54(b). *See, e.g.*, *Independence Park Apartments v. United States*, 61 Fed. Cl. 692, 718 (2004) ("Because these contract claims have an independent, albeit related, basis from the takings claims addressed in this remanded proceeding, the court directs the clerk to enter final judgment pursuant to RCFC 54(b) as to the takings claims based on this opinion and order.")

## II. If Plaintiffs Are Not Entitled To Entry Of Judgment Under 54(b), The Court Should Certify The Opinion Under 28 U.S.C. § 1292(d).

Plaintiffs believe that the Court's Opinion qualifies for entry of final judgment under RCFC 54(b); however, in the event that the Court disagrees with Plaintiffs, Plaintiffs request that the Court certify the Opinion under 28 U.S.C. § 1292(d). Plaintiffs agree with Defendant that if the criteria for RCFC 54(b) are met, then 28 U.S.C. § 1292(b) does not apply. *See* Def.'s Opp. at 2-3. On the other hand, Plaintiffs disagree with Defendant that if the criteria for RCFC 54(b) are not met, Plaintiffs do not meet the criteria for certification under 28 U.S.C. § 1292(b).

In the event that the criteria for entry of final judgment under RCFC 54(b) are not met, the Court's August 31 Opinion contains "a controlling question of law . . . with respect to which there is a substantial ground for difference of opinion and . . . an immediate appeal from that [Opinion] may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (2000).

## III. Discovery Will Be Required to Properly Prepare the Contract Claim for Trial.

This is a factually complicated case with numerous parties and a voluminous documentary record. Therefore, Plaintiffs must respectfully, but forcefully, insist upon their

right to adequate discovery prior to trial of their contract claims, a position which Defendant shared until quite recently. Although Defendant, buoyed by this Court's August 31, 2005, Opinion, now asserts that it can dispose of the contract claim by a precipitous motion for summary judgment, it can do so only by repudiating the explicit agreement of counsel that discovery would be postponed, to recommence after the Court's decision of the pending summary judgment motions.

This agreement of counsel to defer depositions is memorialized in Defendant's Status Report filed January 28, 2005, in which Defendant reported to this Court that "counsel for the parties have agreed to defer the scheduling of any depositions until after the status conference scheduled for February 14, 2005, and agree that discovery will need to be extended in this case." Def.'s Status Report at 15 (January 28, 2005). Defendant itself requested that the Court defer discovery until it ruled on the pending motions, saying:

> Accordingly, although further discovery will be needed in this case, Defendant respectfully suggests that such discovery be deferred until after the Court rules on the pending motions. Defendant further suggests that, following such rulings, it would be appropriate to coordinate further proceedings, including discovery, on all remaining claims to avoid any unnecessary duplication of efforts or costs.

*Id*.

Defendant's suggestion that this case can be properly prepared without a single deposition and extensive document production ignores the complexity which is apparent on the face of the Complaint. As this Court noted in its August 31, 2005, Opinion, the claim involves multiple Reclamation contracts, each containing different terms, performance of which has occurred over many decades. *See Klamath Irrigation Dist. v. United States*, 67 Fed. Cl. 504, 540 (2005) (Appendix). Scores of living witnesses have had a hand in the operation of the Klamath Project

(the subject of these contracts) over the years, and the depositions of many of them are likely essential to the proper preparation of this case. The documentary record, including not only operational records but correspondence, e-mails, memoranda and the like, is also likely to be extensive. Moreover, Expert testimony on hydrology and fish biology may be necessary to determine whether Defendant was excused from making contractually required water deliveries in 2001. In short, at this time, it appears that only upon completion of at least some discovery will the parties be able to determine whether material issues of fact exist, precluding summary judgment, or whether they can agree sufficiently on the facts to proceed with such a motion.

Finally, the Court may be wondering why discovery has not proceeded during the four years this case has been pending. The simple answer is that the witnesses and documents for both the just compensation and contract claims are essentially the same, and discovery on the just compensation claims has been stayed since the beginning of this case. Since it would have been duplicative and wasteful to depose the same witnesses and request the same documents twice—once for the contract claim and again later for the just compensation claims—the minimal discovery done to date has consisted of only those documents that clearly related only to the contract claim and not the just compensation claim. Accordingly, prior to disposition of the contract claim, Plaintiffs request a reasonable period for discovery free of any stay or limitation other that that provided by RCFC 26.

## CONCLUSION

Before the parties launch into extensive discovery on Plaintiffs' claims for breach of contract, Plaintiffs submit that appellate review at this time would be more efficient and less costly for the parties in the long run. Accordingly, as the Court's August 31, 2005 Opinion is a

final judgment for purposes of Plaintiffs' just compensation claims, Plaintiffs request that the Court enter final judgment under RCFC 54(b) on those claims. In the alternative, if the Court decides that final judgment is not appropriate, Plaintiffs request that the Court certify the Opinion for interlocutory appeal under 28 U.S.C. § 1292.

Respectfully submitted,

s/ Nancie G. Marzulla
Nancie G. Marzulla
Roger J. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Ave., N.W.
Suite 410
Washington, D.C. 20036
202-822-6760
202-822-6774 (fax)

Dated: November 18, 2005