# In The United States Court of Federal Claims

No. 01-591 L

(Filed: December 20, 2005)

KLAMATH IRRIGATION DISTRICT, *et al.*,

Plaintiffs,

v.

THE UNITED STATES,

Defendant,

PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,

Defendant-Intervenor.

Motion for interlocutory appeal or entry of judgment under RCFC 54(b); Final judgment rule; 28 U.S.C. § 1292(d)(2); Controlling question of law; Substantial grounds for difference of opinion; Whether certification would materially advance termination of litigation; Grounds for interlocutory appeal found lacking; RCFC 54(b) – directing entry of judgment on one or more claims; Entry of judgment would not promote efficient resolution of litigation; Motion denied.

**ORDER**

*Nancie Gail Marzulla and Roger J. Marzulla*, Marzulla & Marzulla, Washington, D.C., for plaintiffs.

*Kristine Sears Tardiff*, United States Department of Justice, Washington, D.C., with whom was Assistant Attorney General *Thomas L. Sansonetti*, for defendant.

*Todd Dale True*, Earthjustice Legal Defense Fund, Seattle, Washington, and *Robert B. Wiygul*, Waltzer & Associates, Biloxi, MS, for defendant-intervenor.

*Scott Andrew Shepard*, Sacramento, CA, for *Amicus Curiae* Oregon Farm Bureau Federation, California State Grange, Greenhorn Grange and Pacific Legal Foundation.

**ALLEGRA, Judge**:

On August 31, 2005, this court granted, in part, and denied, in part, the parties' cross motions for partial summary judgment in this case, rejecting plaintiffs' property-based claims and holding that their rights, as they exist, are properly cognizable as contract claims. *See Klamath Irrigation Dist. v. United States*, 67 Fed. Cl. 504 (2005). On October 21, 2005, plaintiffs filed a "Motion to Certify for Interlocutory Appeal or, in the Alternative for Entry of Judgment under Rule 54(b)." Briefing on that motion has been completed.

Generally speaking, in order for a party to appeal from a judgment, that judgment must be final. *Nystrom v. TREX Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003). The Supreme Court has defined a final judgment as a decision that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945); *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978). An order granting partial summary judgment does not meet this standard. *CAE Screenplates, Inc. v. Heinrich Fiedler GmbH & Co. KG*, 224 F.3d 1308, 1314 (Fed. Cir. 2000). Accordingly, absent the availability of an exception, this court's August ruling is not immediately appealable. *See Silicon Image, Inc. v. Genesis Micronchip, Inc.*, 395 F.3d 1358, 1362 (Fed. Cir. 2005); *Nystrom*, 339 F.3d at 1350. In an effort to seek immediate review, plaintiffs invoke two of the recognized exceptions to the finality rule – they seek a certification for interlocutory appeal under 28 U.S.C. § 1292(d) or the express entry of a judgment as to fewer than all of their claims under RCFC 54(b). Defendant and defendant-intervenor object on both counts. The court will consider these potential avenues for an immediate appeal *seriatim*.

Initially, plaintiffs ask this court to amend its August 31, 2005, opinion to include the certification required by 28 U.S.C. § 1292(d)(2). The latter section provides, in relevant part:

> when any judge of the United States Court of Federal Claims, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

28 U.S.C. § 1292(d)(2). It is well-accepted that interlocutory appeals under this section are reserved for "exceptional" or "rare" cases and should be authorized only with great care. *See AD Global Fund, LLC ex rel. North Hills Holding, Inc. v. United States*, 2005 WL 2995361 at * 1 (Fed. Cl. 2005); *Marriott Int'l Resorts, L.P. v. United States*, 63 Fed.Cl. 144, 145 (2004); *Testwuide v. United States*, 56 Fed. Cl. 755, 766 (2003).[1]

In substance, section 1292(d)(2) provides a three-pronged test for certification: (i) there must be a "controlling question of law . . . involved;" (ii) there must be a "substantial ground for difference of opinion" regarding that controlling question of law; and (iii) "immediate appeal . . . may materially advance the ultimate termination of the litigation[.]" *See Aleut Tribe v. United*

---

[1] *See also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (holding in context of companion 28 U.S.C. § 1292(b) that "[r]outine resort [to interlocutory appeals] would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule" (internal quotations omitted)); *Westwood Pharmaceuticals, Inc. v. National Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992) (courts must use "great care" in making a § 1292(b) certification).

*States,* 702 F.2d 1015, 1019 (Fed. Cir. 1983); *Jade Trading, LLC v. United States*, 65 Fed. Cl. 443, 446 (2005). This standard "is 'virtually identical' to the statutory standard of certification utilized by the United States district courts [under 28 U.S.C. § 1292(b)]." *Am. Mgmt. Sys., Inc. v. United States*, 57 Fed. Cl. 275, 276 (2003); *see also United States v. Connolly*, 716 F.2d 882, 885 (Fed . Cir. 1983), *cert. denied*, 465 U.S. 1065 (1984). The legislative history of section 1292(b) emphasizes that while interlocutory appeals may "avoid unnecessary delay and expense," they should not give rise to "groundless appeals and piecemeal litigation." Report of the Committee on Appeals from Interlocutory Orders of the District Courts, Sept. 23, 1953, *reprinted in* 1958 U.S.C.C.A.N., 85th Cong., 2d Sess., at 5260-61; *see also Northrop Corp. v. United States*, 27 Fed. Cl. 795, 799 (1993).[2] This decision whether to certify an appeal is committed to the sound discretion of the trial judge. *See Arthur Young & Co. v. U.S. Dist. Court*, 549 F.2d 686, 698 (9th Cir. 1977); *D'Ippolito v. Cities Serv. Co.*, 374 F.2d 643, 649 (2d Cir. 1967). Here, the court finds that none of the requirements for interlocutory appeal are satisfied.

The first criterion requires that the decision must involve "a controlling question of law." 28 U.S.C. § 1292(d)(2). Questions are "controlling" when they "materially affect issues remaining to be decided in the trial court." *Marriott Int'l Resorts*, 63 Fed. Cl. at 145; *see also Jade Trading,* 65 Fed. Cl. at 447; *Pikes Peak Family Housing, LLC v. United States*, 40 Fed. Cl. 673, 686 (1998). Such is not the case here. If the Federal Circuit were to affirm this court's ruling, litigation on the remaining contract claims would still need to proceed. As discussed in greater detail below, the court believes that, at least in the first instance, those proceedings would take the form of a motion for summary judgment concerning the application, to plaintiffs' contract claims, of the sovereign acts and/or unmistakability doctrines. If, instead, the Federal Circuit were to reverse the ruling, litigation on plaintiffs' takings claims, and perhaps certain of their contract claims, would need to proceed, as well, and likely would involve a trial. The situation presented thus does not involve a question of jurisdiction, limitations or the like, upon which an appellate court ruling could lead either to the resolution of the entire case or even the streamlining of further proceedings. Indeed, it is conceivable that a significant recovery on the

---

[2] A set of prominent commentators has described the balancing approach required by these factors in the following terms –

> The advantages of immediate appeal increase with the probabilities of prompt reversal, the length of the district court proceedings saved by reversal of an erroneous ruling, and the substantiality of the burdens imposed on the parties by a wrong ruling. The disadvantages of immediate appeal increase with the probabilities that lengthy appellate considerations will be required, that the order will be affirmed, that continued district court proceedings without appeal might moot the issue, that reversal would not substantially alter the course of district court proceedings, or that the parties will not be relieved of any significant burden by reversal.

Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, 16 Federal Practice & Procedure 2d § 3930 (2005).

pending contract claims would cause at least some of the plaintiffs not to pursue an appeal of their other claims. In these circumstances, the court does not believe that its prior rulings involved "controlling" questions of law, at least in the sense meant by section 1292(d)(2).[3]

The second criterion concerns whether "there is a substantial ground for difference of opinion" on the controlling question of law. 28 U.S.C. § 1292(d)(2); *Marriott Intern. Resorts,* 63 Fed. Cl. at 146. The Federal Circuit has held that one basis for this "substantial ground" may be two different, but plausible, interpretations of a line of cases. *See Verda, LTDA. v. United States*, 271 F.3d 1367, 1374 (Fed. Cir. 2001) (agreeing with trial court that "substantial ground for difference of opinion" was present regarding interaction between two Federal Circuit cases). More often, however, this criterion manifests itself as splits among the circuit courts, *see Marriott Int'l Resorts*, 63 Fed. Cl. at 146, an intracircuit conflict or a conflict between an earlier circuit precedent and a later Supreme Court case, *see Ins. Co. of the West v. United States*, 1999 WL 33604131 at *4 (Fed. Cl. 1999), or, at very least, a substantial difference of opinion among the judges of this court, *see Hermes Consol., Inc. v. United States*, 58 Fed. Cl. 409, 419-20 (2003), *rev'd on other grounds*, 405 F.3d 1339 (Fed. Cir. 2005). None of these circumstances exist here. Nor does the fact that the issues presented here are, in some regards, ones of first impression mean necessarily that there is a "substantial ground for difference of opinion." *See In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) ("the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion"); *see also United States v. Atlas Lederer Co.*, 174 F. Supp. 2d 666, 669 (S.D. Ohio 2001); *FDIC v. First Nat'l Bank of Waukesha, Wis.*, 604 F. Supp. 616, 622 (E.D. Wis. 1985); *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983); *cf. Am. Mgmt. Sys.*, 57 Fed. Cl. at 277.[4] While this court cannot state that its prior ruling is free of cognizable debate, it has seen no argument yet presenting a "substantial ground for difference of opinion" as to any of the critical points resolved therein. Consequently, the second prong of the section 1292(d)(2) analysis is also not met here.

The third criterion under that analysis is whether certification of the controlling legal issue "may materially advance the ultimate termination of the litigation." 28 U.S.C. §

---

[3] That plaintiffs believe that the property questions resolved by this court's opinion are important does not alter this conclusion. Indeed, were importance to a given party alone dispositive of this factor, interlocutory appeals would neither be exceptional nor rare. *See Singh v. George Washington University*, 383 F. Supp. 2d 99, 105 (D.D.C. 2005). Of course, the importance of an issue may tip the balance in deciding whether to certify a close case that arguably meets the requirements for interlocutory appeal. *See, e.g., Klingman v. Levinson*, 114 F.3d 620, 628 (7th Cir. 1997). But, that is not this case.

[4] Contrary to plaintiff's claims, this court does not view *Tulare Lake Basin Water Storage Dist. v. United States*, 49 Fed. Cl. 313 (2001), as supplying a substantial ground for a difference of opinion here. As previously noted, that case not only involved an entirely different fact pattern unrelated to Oregon law, but also failed to consider, let alone resolve, several critical issues that are presented here. *See Klamath Irrigation Dist.*, 67 Fed. Cl. at 538.

1292(d)(2). "Whether interlocutory review of this question would materially advance the resolution of this case," this court has stated, "depends in large part on considerations of 'judicial economy' and the need to avoid 'unnecessary delay and expense' and 'piecemeal litigation.'" *Coast Fed. Bank, FSB v. United States*, 49 Fed. Cl. 11, 14 (Fed. Cl. 2001) (*quoting Northrop*, 27 Fed. Cl. at 800-01). Assuming, *arguendo*, plaintiffs meet the first two criteria of section 1292(d)(2), they plainly do not meet this third one. As mentioned above, this court believes that an interlocutory appeal would not appreciably hasten the termination of this case and, more likely, would unduly delay that resolution. In this regard, it disagrees with plaintiffs' assertion that this case now should proceed to discovery and one or more trials. Rather, it appears that the proper course herein would be to resolve, via a summary judgment motion, whether plaintiffs' contract claims are legally cognizable in the face of the sovereign acts or unmistakability doctrines, that is, whether, under those doctrines, the actions taken pursuant to the Endangered Species Act here did not give rise to breaches. In the court's view, the timely resolution of those issues is the most efficient way to approach this case at this juncture, with the possibility always existing that, if the court ultimately were to determine that a trial on the contract claims is necessary, the need for an interlocutory appeal could be reexamined. On the other hand, were the court to grant defendant's motion for summary judgment on the contract claims, plaintiff could then pursue a single appeal that would consider all the relevant issues in this case.[5]

Similar considerations lead this court to reject plaintiffs' motion for the entry of judgment under RCFC 54(b). That rule provides – "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." As its language dictates, in a multiple claims action, Rule 54(b) requires that there be separate claims, a final judgment as to those claims, and a determination of "no just reason for delay." *See CAE Screenplates*, 224 F.3d at 1314; *Aluet Tribe,* 702 F.2d at 1020; *Cherokee Nation of Okla. v. United States*, 23 Cl. Ct. 735, 737 (1991); *see also Brunswick Corp. v. Sheridan*, 582 F.2d 175, 182-83 (2d Cir. 1978). By virtue of such a certification, "an [o]rder dismissing one of several counts or parties may be converted to a final, appealable order;" "[f]ailing that, an [o]rder dismissing one of several counts remains interlocutory." *Florida Power & Light Co. v. United States*, 66 Fed. Cl. 93, 97 (2005); *see also Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956).

There is no bright-line test for determining whether claims are "separate" for purposes of Rule 54(b). *See* 10 James Wm. Moore et al., Moore's Federal Practice ¶ 54.22[2][b][ii] (3d ed. 2000). The following factors are to be taken into consideration: (i) the extent of factual overlap; (ii) whether separate causes of action depend upon proof of different facts or have different burdens of proof; (iii) whether the application of *res judicata* considerations suggest that the claims are linked; and (iv) whether the multiple relief is for the same injury. *Adams v. United States*, 51 Fed. Cl. 57, 59 (2001). More importantly, the court must also make "an express

---

[5] The court also believes that the efficient resolution of such a motion will also ultimately benefit the Klamath Basin Water Adjudication, which has been pending since 1976.

determination that there is no just reason for delay." The court may not invoke Rule 54(b) casually, but must find "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Brunswick Corp.*, 582 F.2d at 183 (citations omitted). In this regard, the court "must take into account judicial administrative interests as well as the equities involved." *Curtiss- Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 8 (1956); *see also Sears, Roebuck*, 351 U.S. at 436-37 (application of the rule requires consideration of "the interest of sound judicial administration"). Because of the policy against piecemeal appeals, and the desire to promote judicial economy, the Supreme Court has stated that a district court should consider "whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8.

For its part, the Federal Circuit has emphasized that, under Rule 54(b), "piecemeal appeals are inappropriate in cases that should be given unitary review." *Integraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001). Such is plainly the case here. Certainly, unitary review is desirable as to plaintiffs' contractual claims, since this court's prior opinion resolved some, but not all the issues that impact upon those claims. It is also desirable even as to plaintiffs' property/takings claims, since the resolution of those claims helped to define theoretically the proper parameters of plaintiffs' contract claims. Given the latter relationship, this court would be hard-pressed to continue with any aspect of this case while the appeal under RCFC 54(b) was pending. In the interests of sound judicial administration, it again seems wisest to proceed with the described summary judgment motion on the sovereign acts and unmistakability doctrines, the resolution of which will either yield final judgments or perhaps better precipitate the need for an interlocutory appeal.

In sum, this court finds that this case is not a proper candidate for interlocutory review under either section 1292(d)(2) or RCFC 54(b). Rather, the proper course here is to establish a briefing schedule for the aforementioned motion for summary judgment. Toward that end –

1. Plaintiffs' "Motion to Certify for Interlocutory Appeal or, in the Alternative for Entry of Judgment under Rule 54(b)" is hereby **DENIED**.

2. A schedule for the filing of the referenced motion for summary judgment will be established by separate order entered this day.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Judge