IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KLAMATH IRRIGATION DISTRICT, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 01-591 L |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Judge Francis M. Allegra |
| Defendant, | ) | |
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, | ) | |
| Defendant-Intervenor. | ) | |

**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' CONTRACT CLAIMS**

Pursuant to RCFC 56(h)(1), Defendant United States of America submits the following proposed findings of fact in support of its opposition to plaintiffs' motion for partial summary judgment and in support of its cross-motion for partial summary judgment. Pursuant to the Court's Order of December 20, 2005 (Doc. 257), Defendant's motion is limited to the application "of the sovereign acts and/or unmistakability doctrines[.]" Although the application of these doctrines to Plaintiffs' contract claims is primarily a question of law, Defendant believes that each of the facts set forth below is uncontroverted and material to resolution of Defendant's present motion.[1]

[1]In accordance with the Court's order, Defendant's motion for summary judgment is limited to the questions that the parties have been asked to brief. If the Court finds that the sovereign acts and unmistakability doctrines do not apply, Defendant reserves the right to present its other defenses to Plaintiffs' contract claims, supported by a supplemental statement of proposed findings of fact under RCFC 56(h)(1).

1. Plaintiffs in this case include fourteen "district plaintiffs" consisting of irrigation, drainage or improvement districts organized under either Oregon or California law. Second Amended Compl., ¶¶ 1–14.

2. The following district plaintiffs have contracts with the United States related to the delivery of water from the Klamath Project: Van Brimmer Ditch Company, Klamath Irrigation District, Tulelake Irrigation District, Klamath Drainage District, Sunnyside Irrigation District, Klamath Basin Improvement District, Malin Irrigation District, Westside Improvement District No. 4 (Colonial Realty Co.), Shasta View Irrigation District, Poe Valley Improvement District, Midland District Improvement Co., Enterprise Irrigation District, and Pine Grove Irrigation District. Second Amended Compl. ¶¶ 44-45. The contracts were filed as Exhibits 1 through 14 to Plaintiffs' First Amended Complaint (March 24, 2003) (Doc 67) (hereinafter cited to as "Compl. Ex.").

3. Plaintiff Klamath Hills District Improvement Company does not have a contract with the United States related to the delivery of water from the Klamath Project. Second Amended Compl.; Compl. Ex. 1-14.

4. The United States, acting through the Bureau of Reclamation ("BOR") entered into contracts with plaintiff Klamath Irrigation District pursuant to Section 9(d) of the Reclamation Act of 1939, 43 U.S.C. § 485h(d). Reclamation entered into contracts with

plaintiff Tulelake Irrigation District under Section 7 of that same 1939 Act. See Def. Ex. 5 (KP Historic Op., Appendix C, p. C-1); Amended Compl., Exs. 1-2.

5. BOR entered into contracts with plaintiffs Klamath Drainage District, Sunnyside Irrigation District, Klamath Basin Improvement District, Malin Irrigation District, Westside Improvement District No. 4 (Colonial Realty Co.), Shasta View Irrigation District, Poe Valley Improvement District, Midland District Improvement Co., Enterprise Irrigation District, and Pine Grove Irrigation District pursuant to Section 2 of the Warren Act of 1911, 43 U.S.C. § 524. See Plaintiffs' First Amended Complaint, Exhibits 3–14; see also Def. Ex. 4 (KP Historic Op., Appendix B, at B-2 to B-3); Def. Ex. 5 (KP Historic Op., Appendix C, at C-2).

6. The Endangered Species Act ("ESA") was enacted by Congress on December 28, 1973, and is codified at 16 U.S.C. §§ 1533-1544.

7. There are currently 527 species of animals listed as threatened or endangered under the ESA. Def. Ex. 59. Fifty-two listed U.S. species are found in Oregon; 299 are found in California. Def. Ex. 60.

8. Listed species that currently live in and around the Klamath Project and are potentially affected by Project operations include: the Lost River sucker, the shortnose sucker, and the Southern Oregon/Northern California Coast (SONCC) coho salmon. See 53 Fed.

Reg. 27130 (July 18, 1988) (listing of the suckers); 62 Fed. Reg. 24588 (May 6, 1997) (listing of the SONCC coho salmon); see also Kandra v. United States, 145 F. Supp. 1192, 1196-97 (D. Or. 2001). See also Def. Ex. 61, 66-71.

9. The Klamath Project lacks facilities to store large quantities of water in wet years to meet all water needs in dry years. Upper Klamath Lake, a naturally occurring lake which is also the principal water supply source for the Project, is relatively shallow, and its 1917 dam is too low to capture and store large quantities of spring run-off. Def. Ex. 3 (KP Historic Op. at 30); Pacific Coast Fed'n of Fishermen's Ass'ns v. U.S. Bureau of Reclamation ("PCFFA v. BOR I"), 138 F. Supp. 2d 1228, 1231 (N.D. Cal. 2001); Kandra, 145 F. Supp. 2d at 1197; Klamath Irrigation Dist. v. United States, 67 Fed. Cl. 504, 509 (2005).

10. Because the Klamath Project is unable to store large quantities of water in wet years to meet all demands for water in dry years, operation of the Klamath Project requires Reclamation to balance numerous competing legal obligations and demands for limited Project water supply. These obligations have been addressed by district courts and the Court of Appeals for the Ninth Circuit in several cases including: PCFFA v. BOR I, 138 F. Supp. 2d at 1231; Kandra, 145 F. Supp. 2d at 1196-97; Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1209 (9th Cir. 2000); and, PCFFA v. Bureau of Reclamation ("PCFFA v. BOR II"), 426 F.3d 1082, 1085-86 (9th Cir. 2005).

11. Water supply forecasts used by BOR in developing its annual operations plans indicated

that the 2001 water year would be a "critically dry" year on account of drought conditions. Def. Ex. 63; Def. Ex. 64; Def. Ex. 28. See also Kandra, 145 F. Supp.2d at 1198 ("Based on NRCS forecasts, Reclamation has defined the 2001 water year as 'critically dry.'").

12. BOR initiated formal consultation with FWS and NMFS under ESA § 7(a)(2) regarding the potential effects of the ongoing operations of the Klamath Project for the 2001 water year on listed species. Def. Ex. 65–67.

13. In connection with the consultation proceedings under Section 7 of the ESA, BOR prepared and issued a biological assessment for submission to FWS addressing effects of proposed ongoing Project operations on the listed suckers and the bald eagle, and a separate biological assessment for submission to NMFS addressing the effects of ongoing Project operations on the listed SONCC coho salmon. Def. Ex. 65-69.

14. The biological assessments prepared by BOR concluded that the ongoing operation of the Klamath Project for 2001 was likely to affect the listed species. Def. Ex. 68-69 (relevant excerpt of each BA); Kandra, 145 F. Supp.2d at 1198.

15. On April 5, 2001, the FWS issued a biological opinion concluding that the ongoing operation of the Klamath Project in 2001 was likely to jeopardize the two species of endangered sucker fish that inhabit Upper Klamath Lake and its tributaries, and that such

operations would cause harm, but not jeopardy, to the continued existence of the bald eagle. Def. Ex. 70; Kandra, 145 F. Supp. 2d at 1198.

16. On April 6, 2001, NMFS issued a biological opinion concluding that the ongoing operation of the Klamath Project in 2001 were likely to jeopardize the threatened SONCC coho salmon that inhabit the Klamath River in California. Def. Ex. 71; Kandra, 145 F. Supp. 2d at 1198.

17. Both biological opinions included reasonable and prudent alternatives ("RPAs") that could be implemented by BOR to avoid jeopardizing the continued existence of those species. Def. Ex. 70-71.

18. BOR notified both FWS and NMFS that it would operate the Project consistent with the RPAs, and incorporated the RPAs into its Klamath Project Annual Operations Plan for 2001. Def. Ex. 61; Def. Ex. 73.

19. The implementation of the 2001 Annual Operations Plan for the Klamath Project resulted in a substantial reduction in the amount of water available for irrigation as compared to years of average precipitation in the Klamath Basin. Def. Ex. 72; Def. Ex. 64; Def. Ex. 74.

Dated: February 17, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
Attorney of Record for the Defendant
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
Tel: (603) 230-2583
Fax: (603) 225-1577
E-Mail: kristine.tardiff@usdoj.gov

STEPHEN M. MACFARLANE
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
501 I Street, Suite 9-700
Sacramento, CA 95814-232
Tel: (916) 930-2204
Fax: (916) 930-2210

REGINALD T. BLADES, JR.
United States Department of Justice
Civil Division
Commercial Litigation Branch
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 514-7300
Fax: (202) 307-0972