**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| KLAMATH IRRIGATION DISTRICT, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | No. 01-591 L |
| | ) | |
| v. | ) | Judge Francis M. Allegra |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**BRIEF OF *AMICUS CURIAE* YUROK TRIBE AND KLAMATH TRIBES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' CONTRACT CLAIMS**

Pending before this Court is Defendant's Motion for Summary Judgment as to Plaintiffs' contract claims. *Amici* Yurok Tribe and Klamath Tribes submit this brief in support of Defendant's motion. *Amici* also submit this brief to call the Court's attention to the Tribes' senior water rights in the Klamath Basin, including how those water rights constitute alternate and valid legal defenses to Plaintiffs' alleged contract claims. Per this Court's Order, the present briefing is limited to the application of the sovereign acts and unmistakability doctrines. Order, Dec. 20, 2005. *Amici* submit that should the case proceed beyond the present motions, the United States has preserved other meritorious defenses that would require this Court's consideration, including defenses involving the Tribes' senior water rights in the Klamath Basin. *See*, Def.'s Mem. In Supp. of Mot. For Summ. J., Feb., 17, 2006 at 3. *Amici* Tribes briefly summarize the importance and validity of the Tribes' senior water rights in the Klamath Basin, as

well as the reasons that these water rights remain an alternate and viable legal defense to Plaintiffs' alleged contract claims.[1]

Courts have consistently held that the Klamath Basin Tribes' water rights have a priority date of time immemorial, constituting the most senior water rights in the Basin. *United States v. Adair,* 723 F.2d 1394, 1414 (9th Cir. 1983) ("Such water rights necessarily carry a priority date of time immemorial"); *Klamath Water Users Protective Association v. Patterson*, 204 F.3d 1206, 1214 (9th Cir. 1999). These Tribal water rights "take precedence over any alleged rights of the irrigators." *Klamath Water Users Protective Association*, 204 F.3d at 1214. Therefore, Plaintiffs' alleged contractual rights to irrigation water are "subservient to ESA *and* Tribal trust requirements." *Kandra v. United States*, 145 F. Supp. 2d 1192, 1201 (D. Or. 2001)(emphasis added). Moreover, the Bureau of Reclamation "has a responsibility to divert the water and resources needed to fulfill the tribe's rights...." *Klamath Water Users Protective Association*, 204 F.3d at 1214. The Klamath Basin Tribes' water rights thus entitle them to prevent the Bureau of Reclamation, and others, from reducing Upper Klamath Lake levels and Klamath River stream flows.

Plaintiffs' alleged contract claims are subservient to established Tribal water rights under the law. Although Defendant's current motion solely addresses whether the sovereign acts and umistakability doctrines preclude a determination that the United States' compliance with the Endangered Species Act breached the subject contracts, *Amici* Tribes reiterate that the United States retains other meritorious defenses to Plaintiffs' alleged contract claims. The Tribes

---

[1] The role of the Tribes' water rights in the Klamath Basin is more fully described in the Brief of *Amicus Curiae* Yurok Tribe and Klamath Tribes Regarding Cross-Motions for Partial Summary Judgment, filed on May 28, 2004 with this Court.

therefore respectfully suggest that should the Court rule against Defendant on the pending motion, the Court consider the remaining defenses to Plaintiffs' alleged contract claims.

Date: February 24, 2006

Respectfully submitted,

ALEXANDER, BERKEY, WILLIAMS
& WEATHERS LLP

By: /s/Scott W. Williams
Scott W. Williams
Curtis G. Berkey
2030 Addison Street, Suite 410
Berkeley, California 94704
Tel: 510/548-7070
Fax: 510/548-7080

*Attorneys for Amicus Yurok Tribe*

By: /s/Carl Ullman
Carl Ullman
P.O. Box 436
Chiloquin, Oregon 97624
Tel: 541/783-3081
Fax: 541/783-2609

*Attorney for Amicus Klamath Tribes*

**DECLARATION OF SERVICE**

I, the undersigned, declare as follows:

I am a citizen of the United States of America, over the age of 18 years, and not a party to the above-entitled action. My business address is 2030 Addison Street, Suite 410, Berkeley, California, 94704.

I hereby certify that on February 24, 2006, I electronically filed the foregoing document in Klamath Irrigation District, et al. v United States of America, No. 01-591L:

1) **BRIEF OF *AMICUS CURIAE* YUROK TRIBE AND KLAMATH TRIBES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' CONTRACT CLAIMS**

with the Clerk of the Court through the CM/ECF System, which sent notification of such filing to the following:

Kristine S. Tardiff
Environment & Natural Resources Division
U.S. Attorney's Office
53 Pleasant Street, 4th Floor
Concord, NH 03301
kristine.tardiff@usdoj.gov

Roger J. Marzulla
Nancie G. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Ave., N.W.
Suite 410
Washington, D.C. 20036
nancie@marzulla.com

John D. Echeverria
Georgetown Environmental Law & Policy Institute
Georgetown University Law Center
600 New Jersey Avenue, N.W., Suite 312
Washington, D.C. 20001
echeverj@law.georgetown.edu

Todd D. True
Earthjustice Legal Defense Fund
705 Second Avenue, Suite 203
Seattle, WA 98104
ttrue@earthjustice.org

Scott Andrew Shepherd
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
sas@pacificlegal.org

Carl Ullman
Klamath Tribe Legal Office
P.O. Box 957
Chiloquin, OR 97624
Via U.S. Mail

Loren William Collins
Oregon Department of Justice
1162 Court Street, NE
Salem, OR 97301-4096
loren.collins@state.or.us

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on February 24, 2006, at Berkeley, California.

/s/Martha Morales
Martha Morales