IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KLAMATH IRRIGATION DISTRICT et al., | |
| Plaintiffs, | |
| v. | No. 01-591L |
| | Judge Francis M. Allegra |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**PLAINTIFFS' OPPOSITION TO MOTION OF *AMICUS CURIAE* FOR LEAVE TO FILE REPLY MEMORANDUM**

Plaintiffs oppose the motion of *amicus curiae*, the Natural Resources Defense Council (NRDC), to file yet another brief in the pending motion for summary judgment.[1] *See Amicus* NRDC's Motion for Leave to File Reply Memorandum (June 26, 2006) (Docket No. 288). Plaintiffs specifically oppose this motion because: (1) reply briefs of *amici* are disfavored; (2) *amicus* has had ample opportunity to present its views on the pending motion in its five previous filings; and (3) *amicus* has already stated that Defendant well represents its legitimate interests.

There is no right in this Court to file a brief *amicus curiae*. *See*, *e.g.*, *Wolfchild v. United States*, 62 Fed. Cl. 521, 536 (2004). Neither the rules of this Court nor the Federal Rules of Civil Procedure contemplate participation by *amici curiae*, although the Federal Rules of Appellate Procedure, Rule 29, allow for the filing of an *amicus curiae* brief upon motion for leave or consent of the parties. Those rules explicitly prohibit the filing

[1] Alternatively, Plaintiffs request that if the Court grants NRDC's motion for leave to file its reply memorandum, the Court grant Plaintiffs an opportunity to reply to NRDC's memorandum.

of a reply *amicus* brief except with permission of the court. Fed. R. App. P. 29(f). The advisory committee notes to Federal Rule of Appellate Procedure 29 state:

> **Subdivision (f).** This subdivision generally prohibits the filing of a reply brief by an amicus curiae. Sup. Ct. R. 37 and local rules of the D.C., Ninth, and Federal Circuits state that an amicus may not file a reply brief. The role of an amicus should not require the use of a reply brief.

Fed. R. App. P. 29(f) Advisory Committee Notes (1998 Amendments); *see also* Charles Alan Wright & Arthur Miller, 16A *Federal Practice and Procedure* § 3975.1 (1999 & Supp. 2004) ("Rule 29(f) provides that an *amicus curiae* may not file a reply brief, except by the court's permission. The *amicus curiae*, in short, does not become a party to the appeal.") (footnotes omitted).

Here, NRDC has not explained how this additional brief will assist this Court in resolving the issues raised by the pending motion; it has merely asserted that the brief "will assist the court." *Amicus* NRDC's Motion for Leave to File Reply Memorandum at 1 (June 26, 2006) (Docket No. 288). This Court has in the past frowned upon motions for leave to file *amicus curiae* briefs for failing to explain their benefits or contribution to the court. *See, e.g., Wolfchild v. United States*, 68 Fed. Cl. 779, 799 (2005) (admonishing *amici curiae* for failing to explain in their briefs "the specific benefits to the court of their proposed additional contribution to the proceedings in this case.") (citation and internal quotations omitted).

In addition, *amicus curiae* NRDC has already made five filings regarding this pending motion for summary judgment alone. Notice of Supplemental Authority (April 27, 2006) (Docket No. 278-1); Notice of Supplemental Authority (April 19, 2006) (Docket No. 277); Notice of Supplemental Authority (April 3, 2006) (Docket No. 273); Notice of Supplemental Authority (March 15, 2006) (Docket No. 272); and

Memorandum *Amicus Curiae* in Support of Defendant's Motion for Summary Judgment (February 27, 2006) (Docket No. 267). NRDC is not a party to this case. Allowing NRDC to file yet another brief in this litigation without any reasonable limit risks granting it the status of a litigating party in the case, a status disfavored by the courts. *See American Satellite Co. v. United States*, 22 Cl. Ct. 547, 549 (1991) ("[C]ourts have frowned on participation which simply allows the amicus to litigate its own views, *New England Patriots Football Club, Inc. v. University of Colorado*, 592 F.2d 1196, 1198 n.3 (1st Cir. 1979) (an amicus should not be partisan), or to simply present its version of the facts, *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970)."). In addition, opposition by a party is a factor disfavoring participation. *See id.*

Finally, granting NRDC's motion for leave to file a reply *amicus* brief is unnecessary, and unfairly and excessively burdens Plaintiffs with the costs associated with responding to apparently limitless briefing. This is especially true since NRDC's interests are well represented by Defendant in this case. *E.g.*, *Amicus* NRDC's Reply Mem. as to Plaintiffs' Contract Claims at 6 (June 26, 2006) (Docket No. 289) ("To repeat, the position advanced by the United States represents an entirely reasonable reading of the applicable law upon which the Court can properly rely in disposing of these claims.").

**Conclusion**

Accordingly, Plaintiffs urge this Court to deny NRDC's motion to file a reply *amicus* brief. Alternatively, should the Court grant NRDC's motion to file its brief, Plaintiffs respectfully request an opportunity to respond to NRDC's argument.

Respectfully submitted,

___s/ Nancie G. Marzulla________

Roger J. Marzulla
Nancie G. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Ave., N.W.
Suite 410
Washington, DC 20036
202-822-6760
202-822-6774 (facsimile)

Counsel for Plaintiffs

June 30, 2006