IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KLAMATH IRRIGATION DISTRICT et al., | |
| Plaintiffs, | |
| v. | No. 01-591 L |
| UNITED STATES OF AMERICA, | Judge Francis M. Allegra |
| Defendant. | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT'S REPLY, DEFENDANT-INTERVENOR'S REPLY, AND *AMICUS CURIAE*'S REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CONTRACT CLAIMS**

Plaintiffs ask this Court to grant them leave to file a consolidated surreply to three recent filings in this case:

1. Defendant's Reply in Support of Its Motion for Summary Judgment on Plaintiffs' Contract Claims (June 26, 2006) (Docket No. 287);

2. Defendant-Intervenor's Reply in Support of Defendant's Motion for Summary Judgment on Plaintiffs' Contract Claims (June 26, 2006) (Docket No. 290) [hereinafter both Defendants referred to as the Defendants, unless otherwise stated]; and

3. The National Resources Defense Counsel's (*Amicus curiae*'s) Reply in Support of Defendant's Motion for Summary Judgment on Plaintiffs' Contract Claims (June 26, 2006) (Docket No. 289).[1]

[1] On June 30, 2006, Plaintiffs filed a motion in opposition to *Amicus curiae*'s motion for leave to file a reply memorandum, or, in the alternative, to file a response to that memorandum (Docket No. 291). In its Order granting *Amicus curiae*'s motion for leave to file a reply memorandum (June 30, 2006), the Court did not rule on Plaintiffs' alternative request. Plaintiffs therefore renew this request within the context of this motion.

Although there is no rule in the Court of Federal Claims regarding the filing of a surreply brief, courts generally permit a party to do so when necessary to address arguments raised for the first time in a reply brief. *See, e.g.*, *Standard Fed. Bank v. United States*, 51 Fed. Cl. 695, 701 (2002) (order granting plaintiff's motion for leave to file a surreply brief because "[p]laintiff's sur-reply does appear to address factual contentions and legal issues newly raised in defendant's reply brief, and the court will permit plaintiff an opportunity to address them."); *Maco Bancorp, Inc. v. United States*, 44 Fed. Cl. 367, 368 n.1 (1999) (discussing usefulness of surreply brief filed in that case). In *Griffin v. City of Chicago*, 406 F. Supp. 2d 938 (N.D. Ill. 2005), the court explained that issues raised for the first time in a reply brief deprive the other party of the opportunity to respond:

> Defendant raises this argument for the first time in his reply brief in support of his motion for summary judgment, and thus does not allow plaintiff an opportunity for rebuttal. It is well settled that "[r]aising an issue for the first time in reply is improper, as it deprives the opposing party of a meaningful chance to respond." *Peterson v. Knight Architects, Engineers, Planners, Inc.*, 1999 WL 1313696, *13 (N.D. Ill. 1999). *See also Commonwealth Edison Co. v. U.S. Nuclear Regulatory Com'n*, 830 F.2d 610, 621 n.7 (7th Cir. 1987).

*Id.* at 942.

Plaintiffs seek to file this surreply brief because Defendants and *Amicus curiae* have raised new arguments for the first time in their reply briefs. Indeed, Plaintiffs note that Defendant-Intervenor did not file an opening brief at all, choosing instead to rely on the government's brief. Now, however, it chooses to file a reply brief raising issues that could and should have been set forth in an opening brief. *Amicus curiae* addresses at length a red-herring issue of project subsidies that was not raised by any party, *e.g.*, *Amicus curiae*'s Reply Br. at 2-3; and attacks Plaintiffs' choice not to respond.

Defendants and *amicus curiae* also now incorrectly assert that Plaintiffs' breach of contract claim is really an Administrative Procedure Act claim, 5 U.S.C. § 706 *et seq.*, arguing that Plaintiffs' true goal is to collaterally attack prior agency decision making. *See*, *e.g.*, Def.'s Reply Br. at 9-14; Def.-Intervenor's Reply Br. at 5-10; *Amicus curiae*'s Reply Br. at 16 n.7.

Defendants and *Amicus curiae* also so mischaracterize Plaintiffs' arguments in their reply briefs that the arguments before this Court for resolution are now inaccurately and confusingly set forth. The issues before this Court for review are complex. Therefore, Plaintiffs believe that it is critical that the Court has before it a clear statement of exactly what Plaintiffs' arguments are, and not the parody and trivialization of Plaintiffs' case contained in Defendants' and *Amicus curiae*'s reply briefs. For example,

- Defendants and *Amicus curiae* wrongly characterize Plaintiffs' central sovereign acts doctrine argument, beyond the point of recognition. *See*, *e.g.*, *Amicus curiae*'s Reply Mem. at 6-9.
- Defendants and *Amicus curiae* inexplicably now claim that Plaintiffs have "revised" their breach of contract claim. *See*, *e.g.*, Def.'s Reply Br. at 1-2 ("Plaintiffs now present a revised contract claim that is premised on the contention that BOR was not required to comply with the ESA . . . .").
- Defendants and *Amicus curiae* simplify to the point of silly Plaintiffs' argument regarding the applicability of the ESA to Reclamation's actions. *E.g.*, Def.'s Reply Br. at 2; Def.-Intervenor's Reply Br. at 1.

The three briefs that Plaintiffs seek leave to respond to were all filed on June 26, 2006; therefore, Plaintiffs' motion for leave to file this brief is within the time period

during which a party is permitted to file a reply brief. *See* RCFC 6(e), 7.2(c).

Accordingly, and for the reasons set forth herein, Plaintiffs ask that this Court grant them leave to file a consolidated surreply to Defendants' and *Amicus curiae*'s reply briefs on or before August 4, 2006.

Respectfully submitted,

_s/ Nancie G. Marzulla_________________

Nancie G. Marzulla
Roger J. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Ave., N.W.
Suite 410
Washington, DC 20036
202-822-6760
202-822-6774 (facsimile)

Dated: July 13, 2006