# In the United States Court of Federal Claims

Nos. 01-591L and 01-5910L through 01-59125L

(Filed: May 14, 2014)

_____

| | |
|---|---|
| KLAMATH IRRIGATION DISTRICT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant, <br><br> PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, <br><br> Defendant-Intervenor. | RCFC 41(a)(2) – voluntary dismissal; Determining whether dismissal should be with or without prejudice; Multi-factored test; Dismissal with prejudice to be accompanied by a condition, as authorized by RCFC 41(a)(2). |

_____

**OPINION and ORDER**

_____

    *Nancie G. Marzulla* and *Roger J. Marzulla,* Marzulla Law, LLC, Washington, DC, for plaintiffs.

    *Kristine Sears Tardiff*, Environmental and Natural Resources Division, United States Department of Justice, Concord, New Hampshire, with whom was Assistant Attorney General *Ignacia S. Moreno*, for defendant.

    *Todd D. True,* Earthjustice Legal Defense Fund, Seattle, WA, for Defendant-Intervenor.

**ALLEGRA, Judge:**

    Plaintiffs seek to dismiss their Third Claim for Relief, without prejudice, in accordance with RCFC 41(a)(2).

Plaintiffs initially brought this case in 2001, seeking just compensation under the Fifth Amendment and damages for a breach of the Klamath Basin Compact. On March 24, 2003, plaintiffs filed their first amended complaint, adding a breach of contract claim. In 2005, the court entered summary judgment in favor of defendant on the takings and Klamath Compact claims. *Klamath Irr. Dist. v. United States*, 67 Fed. Cl. 504 (2005). In 2007, the court entered summary judgment in favor of defendant on the contract claims. *Klamath Irr. Dist. v. United States*, 75 Fed. Cl. 677 (2007). On appeal, the Federal Circuit certified a set of state law questions to the Supreme Court. *Klamath Irr. Dist. v. United States*, 532 F.3d 1376 (Fed. Cir. 2008). The Oregon Supreme Court issued its opinion on the certified questions in 2010. *Klamath Irr. Dist. v. United States*, 227 P. 3d 1145 (Or. 2010) (en banc). On February 17, 2011, the Federal Circuit vacated the judgments of this court and remanded the case back to this court for further proceedings. *Klamath Irr. Dist. v. United States*, 635 F.3d 505 (Fed. Cir. 2011). On remand, defendant moved to dismiss the complaint under 28 U.S.C. § 1500, relying upon the Supreme Court's ruling in *United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723 (2011). On November 22, 2013, this court dismissed the breach of contract claims for three plaintiffs – Klamath Irrigation District, Tulelake Irrigation District, and Lonny E. Baley – but otherwise denied defendant's motion. *Klamath Irr. Dist. v. United States*, 113 Fed. Cl. 688 (2013).

Subsequently, at plaintiffs' request, the court ordered additional discovery in this matter. On January 31, 2014, plaintiffs, as they previously had advised they would do, moved to dismiss their contract claims, with a request that the dismissal be without prejudice under RCFC 41(a)(2). On February 12, 2014, defendant filed a response to plaintiffs' motion indicating that it did not oppose the dismissal of the contract claims, but believed that the dismissal should be with prejudice. On February 24, 2014, plaintiffs filed their reply to defendant's response. Argument is deemed unnecessary.

Under RCFC 41, if an answer or a motion for summary judgment has been served, a plaintiff relinquishes the right to dismiss its case unilaterally. Unless all the parties stipulate to the dismissal, RCFC 41(a)(2) instead obliges the plaintiff to move for an order of dismissal. *Mission Essential Personnel, LLC v. United States*, 104 Fed. Cl. 170, 174 (2012). In the latter instance, the dismissal is within the discretion of the court, which possesses considerable latitude in determining not only whether to dismiss the case, but whether the dismissal should be with prejudice *vel non* and be accompanied by conditions. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002); *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996); *Williams v. Peralta Community College Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005). "[J]udicial approval is required to 'protect the nonmovant from unfair treatment.'" *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000) (quoting *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).); *see also Freeman v. United States*, 98 Fed. Cl. 360, 368 (2011). Consistent with this view, it is well-accepted that, under RCFC 41(a)(2), the court may impose curative terms and conditions on the dismissal. *See also Mission Essential Personnel*, 104 Fed. Cl. at 174; *Whyde v. United States*, 51 Fed. Cl. 635, 637 (2002).

Courts have employed a variety of formulations in determining whether a dismissal without prejudice is appropriate in a given case.[1]  In this court, three factors tend to predominate: (i) the burden on the defendant if the case were to be dismissed without prejudice; (ii) the progress of the litigation; and (iii) the diligence and good faith of the plaintiff.  *Freeman*, 98 Fed. Cl. at 368; *Standard Space Platforms Corp. v. United States*, 38 Fed. Cl. 461, 466 (1997); *Deuterium Corp. v. United States*, 21 Cl. Ct. 132, 134 (1984); *see also Whyde*, 51 Fed. Cl. at 637.  Under the first factor, the court may consider the impact on defendant if the dismissal is not sought until after the defendant has exerted significant time and effort.  *See Freeman*, 98 Fed. Cl. at 368; *Whyde*, 51 Fed. Cl. at 637; *see also* Wright & Miller, *supra*, at § 2364 ("[I]n exercising its discretion under Rule 41(a)(2), the trial court will consider the expense that has been incurred prior to the motion and any inconvenience that might be imposed on the defendant.").  The second factor focuses on the stage of the litigation, recognizing that while "there is no hard and fast rule as to timing," *id.*, a later dismissal is more likely to occasion prejudice.  *See Fala Corp. v. United States*, 53 Fed. Cl. 90, 92 (2002); *Deuterium*, 21 Cl. Ct. at 136.  Finally, the last of the three factors looks to whether there is any evidence of neglect, purposeful delay or other pursuit of tactical advantage by a plaintiff, thereby requiring the court to probe the reasons why the dismissal is being sought.  *Whyde*, 51 Fed. Cl. at 637; *see also Walter Kiddle Portable Equip. Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1337 (Fed. Cir. 2007); Wright & Miller, *supra*, at § 2364.

On some levels, the extended procedural history of this case might seem to make the determination here complicated.  At bottom, however, both sides agree that the contract claims should be dismissed.  The differences appear to be based on the slight possibility that some form of the contract claims will be refiled.  Plaintiffs seek to reserve that possibility, while recognizing that it is unlikely to occur, particularly given the potential statute of limitations bar that may apply; defendant, for its part, prefers to eliminate the possibility of refiling altogether, to avoid the risk of its having to incur any further costs in defending against the contract claims.  Importantly, there is no indication that plaintiffs have, in any way, delayed their pursuit of these contract claims.  Nor is there any real indication that plaintiffs seek an untoward tactical advantage.

In the court's view, the dispute here is best resolved by considering whether terms should be imposed on a dismissal without prejudice, as is envisioned by RCFC 41(a)(2).  In this regard, the court is prepared to dismiss the contract claims without prejudice, provided plaintiffs are willing to agree that if those claims are refiled as part of a new lawsuit in this court, unrelated to the instant case, plaintiffs will reimburse defendant for the costs it previously incurred in defending against those claims.  The imposition of such conditions is not unusual in a case as

---

[1]  *See Wells Fargo Bank, N.A. v. Younan Properties, Inc.*, 737 F.3d 465, 468-69 (7th Cir. 2013); *Urohealth Sys., Inc.*, 216 F.3d at 160; *D'Alto*, 100 F.3d at 283; *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829 (3d Cir. 1990), *cert. denied*, 499 U.S. 961 (1990); *Johnson v. Wynne*, 239 F.R.D. 283, 285-86 (D.D.C. 2006); *see also* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2364 (3d. ed. 2008) (hereinafter "Wright & Miller").

advanced as this.  *See Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1260 (11th Cir. 2001); *Duffy v. Ford Motor Co.*, 218 F.3d 623, 628 (6th Cir. 2000); *Belle-Midwest, Inc. v. Missouri Prop. & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995); *Hart v. Globe Life & Acc. Ins. Co.*, 2009 WL 1872529, at *2 (E.D. Mo. June 29, 2009); *Gonzales v. City of Topeka Kansas*, 206 F.R.D. 280, 284 (D. Kan. 2001).

Accordingly, on or before June 10, 2014, plaintiffs shall file a notice with the court indicating whether they are amenable to the condition prescribed above.  If they are amenable, the court will then dismiss the contract claims without prejudice.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge